**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1-16, | : | NO. 12-2078 |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this   18th   day of May, 2012, upon consideration of Plaintiff Malibu Media,

LLC's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [ECF

No. 4], and following a hearing on this Motion held on May 15, 2012, it is **ORDERED** that the

Motion is hereby **GRANTED** in part and conditioned as follows:

1.      Plaintiff may serve each of the Internet Service Providers ("ISPs") listed on

Exhibit A to the Motion with a Rule 45 subpoena commanding each ISP to provide Plaintiff with

the true name, address, and Media Access Control ("MAC") address of the Doe Defendant to

whom the ISP assigned an Internet Protocol ("IP") address as set forth on Exhibit A to the

Motion. Plaintiff shall attach to any such subpoena a copy of this Order.

2.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

related intermediary ISP that is identified in response to a subpoena as a provider of internet

services to one of the Doe Defendants.

3.      Plaintiff shall attach the **Court-Directed Notice Regarding Issuance of**

**Subpoena**, a copy of which is attached to this Order, to the aforementioned Rule 45 subpoena.

The Rule 45 subpoena shall instruct the ISP to distribute a copy of this Notice to each Doe

Defendant within seven (7) days of service of the subpoena.  As set forth more fully in the Notice, each Doe Defendant shall have (21) days from receipt of the Notice to file a motion to quash or vacate the subpoena.

4.     With respect to any ISP that qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), this ruling further authorizes disclosure of information pursuant to 47 U.S.C. § 551(c)(2)(B).

5.     Any additional notices to any Defendant in this case must be approved by the Court.

6.     Plaintiff may use the information disclosed in response to a Rule 45 subpoena solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

7.     Until the Doe Defendants' ISPs disclose the Defendants' identities to Plaintiff, any motion that is filed by a putative Defendant that fails to identify the putative Defendant's IP address or Doe number (as set forth on Exhibit A to the Motion) is hereby denied without prejudice.

8.     At this stage of the proceedings, the Court finds that joinder is proper. This finding is made without prejudice to the Defendants' ability to dispute this finding after the disclosure of their identities.

9.      The Court notes that Plaintiff has commenced numerous similar actions in this district and, in each of these cases, filed a motion for leave to serve third party subpoenas prior to a Rule 26(f) conference in substantially the same form as the instant Motion.  Other courts in this district that have had the opportunity to rule on these motions have granted them, either in whole

or in part.[1]   In accordance with these decisions, this Court will grant the instant Motion insofar as Plaintiff may serve third party subpoenas before the Rule 26(f) conference.  The Court will not decide the appropriateness of the subpoenas at this time because such a decision would be premature.  Nor will the Court rule in advance on any objections to the subpoenas by third parties who are not presently before the Court.

It is so ORDERED.

BY THE COURT:

s/Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\12-2078 Malibu Media v. John Does 1-16\Order re Leave to Serve Subpoenas.wpd

---

[1]See Malibu Media, LLC v. John Does 1-15, No. 12-CV-664 (E.D. Pa. Mar. 5, 2012), ECF No. 5 (Rufe, J.); Malibu Media, LLC v. John Does 1-17, No. 12-CV-665 (E.D. Pa. Apr. 26, 2012), ECF No. 5 (Jones, J.); Malibu Media, LLC v. John Does 1-10, No. 12-CV-666 (E.D. Pa. Apr. 19, 2012), ECF No. 5 (Savage, J.);  Malibu Media, LLC v. John Does 1-11, No. 12-CV-667 (E.D. Pa. Feb. 14, 2012), ECF No. 5 (McLaughlin, J.);  Malibu Media, LLC v. John Does 1-22, No. 12-CV-668 (E.D. Pa. Mar. 6, 2012), ECF No. 5 (Joyner, C.J.);  Malibu Media, LLC v. John Does 1-15, No. 12-CV-2077 (E.D. Pa. Apr. 24, 2012), ECF No. 5 (Kelly, J.);  Malibu Media, LLC v. John Does 1-22, No. 12-CV-2083 (E.D. Pa. Apr. 24, 2012), ECF No. 5 (Jones, J.); Malibu Media, LLC v. John Does 1-15, No. 12-CV-2090 (E.D. Pa. Apr. 25, 2012). ECF No. 5 (Schiller, J.); Malibu Media, LLC v. John Does 1-25, No. 12-CV-2094 (E.D. Pa. Apr. 19, 2012), ECF No. 5 (Robreno, J.);  Malibu Media, LLC v. John Does 1-18, No. 12-CV-2096 (E.D. Pa. Apr. 25, 2012), ECF No. 5 (Schiller, J.).

# COURT-DIRECTED NOTICE
# REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing _____, your Internet Service Provider ("ISP"), to disclose your name.  The subpoena has been issued because you have been sued in the United States District Court for the Eastern District of Pennsylvania in Philadelphia, PA as a "John Doe" by **Malibu Media, LLC** ("Plaintiff").  You have been sued for allegedly using the Internet and the BitTorrent protocol to infringe copyrights.  The Plaintiff has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity.  This notice is intended to inform you of some of your rights and options.  By authorizing the issuance of this subpoena, the Court is not making a decision on the merits of the Plaintiff's allegations.

## YOUR NAME HAS NOT YET BEEN DISCLOSED.
## YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your name has not yet been disclosed.  The Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not decided whether you are liable for infringement.  You can challenge the subpoena in Court.  You have twenty-one (21) days from receipt of this notice to file a motion to quash or vacate the subpoena.  If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the Plaintiff cannot proceed against you until you are identified).  The Resource List below can assist you in locating an attorney to help you determine how to respond to the subpoena.  If you do not file a motion to quash at the end of the 21-day period, your ISP will send the Plaintiff your identification information.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

Once you are named as a defendant, the Plaintiff must establish jurisdiction over you to maintain a lawsuit against you in the District Court in Philadelphia.  If you do not live or work in Pennsylvania, or visit the state regularly, you may be able to challenge the Pennsylvania court's jurisdiction over you.  If your challenge is successful, the case in Philadelphia will be dismissed, but the Plaintiff may be able to file against you in another state where there is jurisdiction.

## RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney.  If you live in or near Pennsylvania or Philadelphia, the second and third listings below provide referrals for local attorneys. If you need a lawyer in a state other than Pennsylvania, you may contact that state's bar association.

American Bar Association - http://www.abanet.org.

Pennsylvania Bar Association - www.pabar.org; Lawyer referral service - (800) 692-7375 or (717) 238-6807.

Philadelphia Bar Association - www.philabar.org; Lawyer referral service - (215) 238-6333.