**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOES 1-16 | : | |
| Defendant | : | |

**RULE TO SHOW CAUSE**

AND NOW, to wit, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that a Rule to Show Cause is hereby granted against the Plaintiff, MALIBU MEDIA, LLC, to show cause why the above-captioned matter should not be dismissed and/or severed against Defendant, JOHN DOE 16, only, or in the alternative, a Rule to Show Cause why a Motion to Quash the subpoena against JOHN DOE 16, only, should not be granted.

                       BY THE COURT:


                       _____

                                     J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
|         Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOES 1 -16 | : | |
|         Defendant | : | |

**PROPOSED ORDER #1**

      AND NOW, to wit, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that the above-captioned action against Defendant, JOHN DOE 16 is severed from the above-captioned action.

BY THE COURT:

_____

J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOES 1 -16 | : | |
| Defendant | : | |

**PROPOSED ORDER #2**

AND NOW, to wit, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that the above-captioned action against Defendant, JOHN DOE 16 only is dismissed.

BY THE COURT:

_____ J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC  
              Plaintiff  
vs.                          NO.: 2:12-CV-02078-MMB

JOHN DOES 1 -16  
              Defendant

## PROPOSED ORDER #3

AND NOW, to wit, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that the Motion to Quash is granted against Defendant, JOHN DOE 16 only.

BY THE COURT:

_____  
                                             J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOES 1 -16 | : | |
| Defendant | : | |

## MOTION TO DISMISS AND/OR SEVER COMPLAINT AGAINST DEFENDANT JOHN DOE 16 ONLY AND IN THE ALTERNATIVE MOTION TO QUASH SUBPOENA AGAINST JOHN DOE 16 ONLY

Counsel for Defendant, JOHN DOE 16, respectfully moves this Court for dismissal and/or severance of her case from the above-captioned matter, as well as a Motion to Quash Subpoena served on an internet service provider, hereinafter referred to as "ISP", seeking information about John Doe 16 and for a protective order regarding John Doe 16, only.

**I.    PETITION FOR DISMISSAL OR SEVERANCE**

1. Plaintiff has subpoenaed records from Verizon Internet Services, indicating that the assigned internet protocol address has been used through Verizon and that John Doe 16, among others, have all allegedly infringed copyright on the internet by uploading or downloading film product without permission.

2. Regarding John Doe 16, the improper action was allegedly done one time only, using a device assigned an IP address on February 19, 2012 at 5:54 A.M.

3. The Court has ordered Verizon to supply the name, address and other information to Plaintiff, MALIBU MEDIA, LLC, as evidenced by the attached Subpoena. **See attached Exhibit "A"**.

4. The attempted means of discovery and joinder by Plaintiff has been held consistently throughout the federal courts as being inappropriate for numerous reasons and the

Courts have uniformly granted dismissal or severance when requested, because there has been no specific showing that Plaintiff has satisfied the test for permissive joinder in a single lawsuit pursuant to Federal Rules of Civil Procedure 20.

5. The Courts have held that the fact that a large number of people may use the same method to allegedly violate the law does not authorize them to be joined as Defendants in a single lawsuit. <u>Nassau Cnty. Assoc. of Ins. Agents, Inc. vs. Aetna Life & Casualty</u>, 497 F.2d 1151, 1154 (2d Cir. 1974) <u>Digital Sins, Inc. vs. John Does 1 – 245</u>, United States District Court for the Southern District of New York, 11 Civ. 8170 (CM).

6. The plaintiff has not shown that this Court has In Personam Jurisdiction over John Doe 16 or any other of the Defendants named in the above-captioned action.

7. Each and every Defendant named are accused of separate, unique and disparate actions.

8. Although an IP locator may identify that the specific Defendant is possibly within the Philadelphia Area, it has been held that such IP locators are clearly not 100% accurate and that there must be a showing that the specific Defendant is a citizen and resident of some State other then Pennsylvania.

9. In this case, Defendant, John Doe 16 is a citizen and resident of the Commonwealth of Pennsylvania.

10. In this case, Defendant, John Doe 16 was fast asleep when the alleged illegal copyright or other illegal actions took place.

WHEREFORE, Defendant, John Doe 16 respectfully requests that this Honorable Court dismiss the action and/or sever same from Co-Defendants 1 through 15.

## II.    MOTION TO QUASH

11. As indicated earlier, this action has sought by means of immediate discovery, through Federal Rule of Civil Procedure 45, subpoenas directed to non-party Internet Service Providers (ISPs) to obtain identifying information about subscribers to the named IP Addresses as a result of the alleged uploading and downloading of movie film and commercial product by each and every Defendant. Malibu Media, LLC vs. John Does 1-16, CA 2:12cv02078-MMB.

12. The Defendant, John Doe 16 has herself been victimized by the illegal piracy of her IP address by unknown parties.

13. The individual using a device connected to the internet at any given time is not necessarily the individual to whom an Internet Protocol address is registered.

14. A valid Media Access Control (MAC) address will often indicate only the wireless router connected to the internet and is an unreliable means to determine who accessed the internet at any particular time.

15. An unreliable means and inability to identify who actually accessed the internet through accessed IP and MAC addresses imposes upon this Court a clearly unacceptable degree of certainly with regard to the identification of the actual wrongdoers.

16. In this case as well as others instituted by Plaintiff, they have engaged in a process of lawsuit; subpoena, and coercive threats to force settlements unless the accused Defendants submit to such unconscionable actions by Plaintiff.

WHEREFORE, the Defendant, John Doe 16 respectfully requests that this Honorable Court quash Plaintiff's subpoena against Defendant, John Doe 16, only.

BY: _____
RONALD A. SMITH, ESQUIRE
Suite 355
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOES 1 -16 | : | |
| Defendant | : | |

## MEMORANDUM OF LAW

As stated aforehand in the Motion, this case is, once again, an example of a mass copyright type of case filed in District Courts throughout the United States against the alleged wrongdoing by the uploading and downloading of copyrighted material from the internet.

In this matter, Plaintiff, Malibu Media, LLC, has sued 16 John Doe Defendants without identifying names, addresses or even a scintilla of identifying information and has subpoenaed such identifying information from an internet provider which in this case is Verizon Internet Services.

As indicated earlier, the Plaintiff is under a strict burden in this matter and cannot assert that the Defendants, John Doe 1 through 16 committed the same type of violation in the same way. By failing to satisfy this hurdle, permissive joinder of 16 distinct and disparate actions under Federal Rule of Civil Procedure 20 is not authorized. Nassau County Assoc. of Ins. Agents, Inc. vs. Aetna Life & Casualty, 497 F. 2d 1151, 1154 (2d. Cir. 1974); Digital Sins Inc. v. John Does 1 - 245, United States District Court of the Southern District of New York, 11 Civ. 8170 (CM) (2012).

As stated aforesaid, the Courts throughout the United States, have consistently severed and/or dismissed the above mass copyright actions filed in an inconvenient forum solely for the purpose of forcing innocent and aggrieved Defendants to face the choice of incurring counsel

fees and costs to defend or paying an ursurious settlement demand by the Plaintiff, whether or not they violated any law.

If the Court upholds this subpoenas, the Defendant, John Doe 16 requests that this Honorable Court follow past precedent and order the Plaintiff to file individual actions against individual Defendants, instead of the deceptive mass litigation technique that Plaintiff has utilized.  See In re BitTorrent Adult Film Copyright Infringement Cases, CV 11-3995; 12-1147; 12-1150; 12-1154.  Malibu Media, LLC vs. John Does 1 – 26, CV 12-1147; Malibu Media LLC v. John Does 1 – 11, CV 12-1150 and Patrick Collins, Inc. vs. John Does 1 – 9, CV 12-1154.

In this case, it is once again Defendants' argument that Plaintiff, Malibu Media, LLC, has improperly joined 16 individual Defendants based on entirely disparate and alleged acts.

It has long been held that the joinder of separate disparate Defendants in a single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued.  Mass joinder of individuals has been routinely disapproved by Federal Courts, where there is no allegation of identify of actions.  BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 95388.

As known, Federal Rule 20 requires that for parties to the joined in the same lawsuit, claims against them must arise from a single transaction or a series of closely related transactions.  Several persons may be joined in one action as Defendants if, (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transactions, occurrence or series of transactions or occurrences; and (B) any question of law of fact to all defendants will arise to the action.

Therefore, multiple Defendants may be joined in a single lawsuit only when three conditions are meet:  (1) the right to relief must be asserted against them jointly, severally or in

the alternative; (2) the claim must arise out of the same transaction, occurrence, or series of transactions or occurrences; and (3) there must be a common question of fact or law common to all the defendants. The three (3) conditions in this action have not been met.

In this case, as well as many other cases, joinder by separate but similar behavior by individuals allegedly using the internet to commit copyright infringement has been rejected by courts across the country. LaFace Records, LLC vs. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008).

In the instant matter, it is unequivocal that the separate Defendants apparently have no knowledge of each other, nor do they control how the internet protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the various Doe Defendants. Joining unrelated Defendants in a single lawsuit make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases, circumvent jurisdictional barriers, and enabling its counsel to avoid other expense by filing suit in a forum inconvenient to any Defendant listed. This does not mean that these well established joinder principals may be avoided here.

In summary, as a result of the foregoing, due to Plaintiff's willful intentional violations of Federal Rules of Civil Procedure, including joinder and discovery, Defendant, John Doe 16 respectfully request that this Honorable Court quash, modify or vacate the Subpeona and in the alternative, sever John Doe 16 from this action and/or be dismissed without prejudice from this case.

BY: _____
RONALD A. SMITH, ESQUIRE
Suite 355
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 567-1200

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
|     Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOES 1 -16 | : | |
|     Defendant | : | |

**CERTIFICATE OF SERVICE**

I, RONALD A. SMITH, ESQUIRE, do hereby certify that on July 19, 2012, I forwarded a true and correct copy of Motion to Dismiss and/or Sever Complaint Against Defendant, John Doe 16, only, and in the Alternative, Motion to Quash Subpoena Against John Doe 16, only to Christopher P. Fiore, Esquire and Verizon Legal Compliance/Custodian of Records, at their last known address of FIORE & BARBER, 425 Main Street, Suite 200, Harleysville, PA 19438 and P.O. Box 1001, San Angelo, TX 76902, respectively, by United States First Class Mail.

BY: _____
RONALD A. SMITH, ESQUIRE
Attorney for Respondent

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Northern District of Texas

| Malibu Media, LLC | | Civil Action No. #: 2:12-cv-02078-MMB |
|---|---|---|
| | Plaintiff | |
| v. | | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSLYVANIA |
| John Does 1 -16, | | |
| | Defendants. | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Verizon Internet Services
Legal Compliance
P.O. Box 1001
San Angelo, TX 76902
Via Facsimile: (325) 949-6916

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name and address of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 8 | 108.52.139.252 | 1/29/2012 4:45 |
| 9 | 173.49.20.12 | 1/14/2012 23:31 |
| 10 | 71.123.32.74 | 3/4/2012 2:25 |
| 11 | 96.227.218.158 | 2/13/2012 16:48 |
| 12 | 96.227.230.251 | 1/20/2012 18:15 |
| 13 | 96.227.69.215 | 3/5/2012 13:47 |
| 14 | 96.227.75.41 | 2/5/2012 6:47 |
| 15 | 96.245.105.231 | 2/14/2012 21:50 |
| 16 | 96.245.250.242 | 2/19/2012 5:54 |



EXHIBIT A

| Place: Christopher P. Fiore, Esq.<br>Fiore & Barber<br>425 Main Street, Suite 200<br>Harleysville, PA 19438 | Date and Time:<br>JULY 6, 2012 @ 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 5/22/12

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Christopher P. Fiore, Esq., Fiore & Barber, 425 Main Street, Suite 200, Harleysville, PA 19438, Telephone: (215) 256-0205 - Email: cfiore@fiorebarber.com