# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
|     Plaintiff | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOE 16 | : | |
|     Defendant | : | |

### ANSWER AND COUNTERCLAIM OF DEFENDANT, JOHN DOE 16, TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, John Doe 16, by and through his/her undersigned counsel, hereby answers Plaintiff's Complaint. In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies or otherwise responds as follows:

### RESPONSE TO ALLEGATIONS

1. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 1 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant denies all allegations.

2. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 2 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant, is not liable for any type of copyright infringement nor contributory copyright infringement.

3. Admitted.

4. Admitted in part; denied in part. It is admitted that the Defendant, JOHN DOE 16, resides in the Eastern District of the Commonwealth of Pennsylvania, but it denied that the Defendant, JOHN DOE 16, has engaged in continuous and systematic business activity, or has contracted to supply good or services in the Eastern District of the Commonwealth of Pennsylvania.

5. Admitted in part; denied in part. Defendant, JOHN DOE 16, admits that venue is proper in this District, but all other averments contained within said Paragraph 5 are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

6. Denied. Defendant, JOHN DOE 16, is without sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

7. Admitted.

8. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 18 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. Defendant, JOHN DOE 16, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. To the extent that a response is required, the statements of that paragraph are denied.

9. Admitted in part; denied in part. It is admitted that a Registration is attached as Exhibit B, but all other averments are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, to the extent a response is required, the statements of that paragraph are denied.

10. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 10 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. To the extent that a response is required, the statements of that paragraph are denied.

11. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 11 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant never installed any type of Bit Torrent Client onto his/her computer.

12. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 12 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant, JOHN DOE 16, never, nor anyone in his/her control or dominion, either directly or indirectly downloaded the indicated software programs from the internet.

13.     Denied.  Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 13 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.  By way of further answer, such allegation is irrelevant, since the Defendant, JOHN DOE 16, never participated in any type of process of uploading and downloading data using the Bit Torrent Protocol.

14–16. Denied.  Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraphs 14, 15 and 16 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.  By way of further answer, Defendant, JOHN DOE 16, has no knowledge of any type of seeding, hashing, torrenting or tracking.

17-22.  Denied.  Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraphs 17, 18, 19, 20, 21 and 22 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.  By way of further answer, Defendant, JOHN DOE 16, has no knowledge sufficient to form a belief as to the truth or falsity of the within averment and therefore, same is denied.  To the extent that a response is necessary same is denied.

23.  Denied.  Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 23 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.  By way of further answer, Defendant, JON

DOE 16, never went to any type of torrent site to upload and download any type of Plaintiff's alleged copyrighted work. Furthermore, to the extent that a response is required, that statements of that paragraph are specifically denied.

      24. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 24 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

      25-29. Denied. Defendant, JOHN DOE 16, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

      30-36. Denied. Defendant, JOHN DOE 16, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

      37. Denied. Defendant, JOHN DOE 16, hereby denies all allegations contained within Paragraph 37 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant, JOHN DOE 16, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. To the extent that a response is required, the statements of that paragraph are denied. Furthermore, all conditions precedent to bring this action have not occurred nor been waived.

38. Admitted in part; denied in part.  It is admitted that Plaintiff retained counsel; all other averments contained within Paragraph 38 are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

39. Admitted as to incorporation only.  All other allegations are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

40-44.  Denied.  Defendant, JOHN DOE 16, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.  By way of further answer, Defendant, JOHN DOE 16, never engaged in any activities indicated in Plaintiff's Complaint in the aforesaid averments.

45. Denied.  Defendant, JOHN DOE 16, denies all allegations contained within Paragraph 45 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.  By way of further answer, Defendant, JOHN DOE 16, has no knowledge, whatsoever, as to the identity or relevance of Patrick Collins, Inc. or it's unregistered copyrights.

WHEREFORE, Defendant, JOHN DOE 16, respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice.

**AFFIRMATIVE DEFENSES**

1. Failure to State a Claim – Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Fair Use – Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work.

3. Invalid Copyright – Plaintiff's copyrights are invalid and/or unenforceable.

4. Implied License – Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and his claims are therefore barred by the doctrine of implied license.

5. Misuse of Copyright – Plaintiff's claims are barred by the doctrine of misuse of copyright.

6. Abandonment – Plaintiff's claims are barred as a result of Plaintiff's abandonment of its intellectual property.

7. Good Faith Intent – Plaintiff's claims are barred because Defendant acted in good faith and without any intent to infringe Plaintiff's work.

8. First Sale Doctrine – Plaintiff's claims are barred subject to 17 U.S.C. 109, commonly known as the first sale doctrine, and also regularly referred to as "exhaustion."

9. Online Copyright Infringement Liability Limitation Act – Defendant is not liable to Plaintiff pursuant to the "Online Copyright Infringement Liability Limitation Act," as set forth at 17 U.S.C. 512.

10. Unclean Hands – Plaintiff should not recover any damages under the doctrine of unclean hands.

## COUNTERCLAIMS

### Parties

1. Defendant/Counterclaim Plaintiff, JOHN DOE # 16, is an individual residing in Pennsylvania.

2. On information and belief, Plaintiff/Counterclaim Defendant, MALIBU MEDIA, LLC, is a limited liability corporation located at 31356 Broad Beach Road, Malibu, CA 90265.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, 1367, 2201, 2202.l The counterclaims are related to the claims in the original action such that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences as provided under Fed.R.Civ.P. 13 and 20.

4. Personal jurisdiction is proper over Plaintiff/Counterclaim Defendant, because Plaintiff/Counterclaim Defendant has purposefully availed itself of this Court's jurisdiction as a result of filing the original action.

5. Venue is proper pursuant to 28 U.S.C. 1391

### Background

6. Plaintiff/Counterclaim Defendant, Malibu Media is a producer of pornographic content.

7. According to State of California records, Malibu Media was formed as a limited liability corporation on February 8, 2011.

8. Plaintiff/Counterclaim Defendant is represented by a law firm that routinely sues numerous defendants in trademark infringement actions.

9. Plaintiff/Counterclaim Defendant has a sophisticated business model that consists of producing low-cost, low-quality works that barely qualify for copyright infringement. On information and belief, Plaintiff/Counterclaim Defendant makes its "works" freely via a torrent protocol, where they are sure to be accessed and "shared" by other users.

10. Once this seed is planted, Plaintiff/Counterclaim Defendant and it's counsel retain the services of IPP Limited, it's "investigator" to log IP addressed accessing its works. See Complaint at ¶36. Upon a critical mass of IP addresses being acquired, Plaintiff files suit against numerous "John Doe" defendants, immediately seeking subpoena power to identify the account holders.

11. Upon receiving the name and address of the account holders, Plaintiff makes substantial monetary demands of account holders, almost always for many thousands of dollars to preclude the specter of litigation.

12. On information and belief, Plaintiff/Counterclaim Defendant is the named Plaintiff in numerous copyright infringement actions as of September 20, 2012, despite being a legal LLC for a limited period of time.

13. On information and belief, Plaintiff/Counterclaim Defendant is a corporation formed solely for the purposes of creating copyright registrations and suing thousands of defendants for financial gain.

14. On information and belief, Plaintiff/Counterclaim Defendant makes no attempt to sell or otherwise use it copyrights for any purposes outside of suing alleged downloaders.

15. On information and belief, Plaintiff/Counterclaim Defendant itself uploads or otherwise makes its content available on torrent protocols for purposes of creating opportunity to sue and demand payments from numerous alleged infringers.

16. On information and belief, Plaintiff/Counterclaim Defendant takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its work.

17. On information and belief, Plaintiff/Counterclaim Defendant takes no steps to label or otherwise identify its works as subject to copyright protection.

18. On information and belief, Plaintiff/Counterclaim Defendant generates no revenue from the exploitation of the intellectual property allegedly at issue, other than the litigation scheme described above.

19. Plaintiff/Defendant on the Counterclaim's failure to take reasonable steps to protect its property creates an implied license for Defendant and others to access it's works.

20. Plaintiff/Defendant on the Counterclaim placed no restrictions on who could access its work, or how often its work could be accessed.

21. By Plaintiff/Counterclaim Defendant's own admission, numerous other individuals have exploited Plaintiff's work at issue in this matter. See Complaint.

## Counterclaims

### Misuse of Copyright

22. Plaintiff/Counterclaim Defendant made its unprotected works available via a torrent protocol it knew would lead to mass distribution of its works.

23. Plaintiff/Counterclaim Defendant did nothing to restrict access to its allegedly copyrighted works.

24. On information and belief, Plaintiff/Counterclaim Defendant affirmatively "shared" its works via a torrent protocol to ensure that its works would be readily searched,

indexed and accessed such that it would artificially create the basis of a copyright infringement claim.

25. As a result of Plaintiff/Counterclaim Defendant's misuse of its copyrights, such copyrights should be invalidated and Defendant/Counterclaim Plaintiff is entitled damages and/or appropriate attorneys' fees and costs, to be determined at trial.

### Declaratory Judgment of Fair Use

26. There is actual controversy between the parties regarding the issue of copyright infringement.

27. Defendant/Counterclaim Plaintiff did not profit or attempt to profit from its alleged use of Plaintiff/Counterclaim Defendant's purported work. In fact, Defendant/Counterclaim Plaintiff never did what Plaintiff/Counterclaim Defendant claims.

28. Defendant/Counterclaim Plaintiff seeks a declaratory judgment that any access by Defendant/Counterclaim Plaintiff, if any, constitutes fair use of any alleged copyright.

29. Any alleged use of the works at issue caused no damage to Plaintiff, nor has it adversely affected the value of Plaintiff/Counterclaim Defendants works allegedly at issue in this action.

30. Plaintiff/Counterclaim Defendant lost no revenue as a result of Defendant/Counterclaim Plaintiff's alleged use of the works.

31. Any alleged use had no effect on the market for, or any value of Plaintiff/Counterclaim Defendant's works allegedly at issue in this action.

32. Defendant/Counterclaim Defendant is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that any alleged access is of Plaintiff/Counterclaim Defendant's works is a fair use under copyright law.

**Declaratory Judgment of Implied License**

33. There is actual controversy between the parties regarding the issue of copyright infringement

34. Plaintiff/Counterclaim Defendant intentionally posted its allegedly copyrighted works on the Internet such that they would be searched and accessed by numerous torrent protocol users.

35. Plaintiff/Counterclaim Defendant takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its work.

36. Plaintiff/Counterclaim Defendant takes no steps to label or otherwise identify its works as subject to copyright protection.

37. Defendant/Counterclaim Plaintiff is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that any alleged access of Plaintiff's works is subject to an implied license under copyright law.

**Declaratory Judgment of Non-Infringement**

38. There is actual controversy between the parties regarding the issue of copyright infringement.

39. Even if Defendant/Counterclaim Plaintiff did allegedly access Plaintiff/Counterclaim Defendant's works, such behavior has not continued, and Defendant/Counterclaim Plaintiff does not have any copy of Plaintiff's works.

40. Any access that may have occurred was subject to the doctrine of fair use and an implied license granted by Plaintiff/Counterclaim Defendant.

41.     Defendant/Counterclaim Plaintiff is entitled to a declaratory judgment, pursuant to 28 U.S. C. 2201, that Defendant/Counterclaim Plaintiff did not infringe any of Plaintiff/Counterclaim Defendant's purportedly protected works.

WHERFORE, Defendant/Counterclaim Plaintiff prays that the Honorable Court declare that Plaintiff/Counterclaim Defendant misused its copyrights; declare that Defendant/Counterclaim Plaintiff has not infringed, in any way, Plaintiff/Counterclaim Defendant's purported copyrights; declare that any copyrights at issue held by the Plaintiff/Counterclaim Defendant are invalid; declare that Plaintiff/Counterclaim Defendant alleged copyrights constitutes fair use; award Defendant/Counterclaim Plaintiff her costs and attorney's fees in respect to this action; award Defendant/Counterclaim Plaintiff all damages sustained as a result of the Plaintiff's actions; and award further relief as the Court deems appropriate.

                                              Respectfully submitted,

                                              /s/

                                              RONALD A. SMITH, ESQUIRE
                                              21273
                                              1617 John F. Kennedy Boulevard
                                              Suite 355
                                              Philadelphia, PA  19103
                                              (215) 567-1200

## VERIFICATION

I, _____, hereby state that I am the Defendant in the within action, and verify that the facts set forth in the foregoing ANSWER TO COMPLAINT are true and correct to the best of my knowledge, information and belief with the understanding that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

BY: _____

DATED: 11/6/12