UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------X
                                                                 :
 MALIBU MEDIA, LLC,                                              :
                                                                 :   Civil Action No. 2:12-cv-02078-MMB
                         Plaintiff,                              :
                                                                 :
                 vs.                                             :
                                                                 :
 JOHN DOE 16,                                                    :
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------X
```

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an Order compelling Defendant, John Doe 16 ("Defendant"), to respond to Plaintiff's outstanding discovery requests, and in support states:

1. On November 8, 2012, Plaintiff propounded its First Set of Interrogatories and Request for Production, copies of which are attached hereto with Defendant's name removed as Exhibits "A" and "B," respectively.

2. Pursuant to Fed. R. Civ. P. 33 and 34, Defendant had thirty (30) days to respond to the discovery.

3. On November 8, 2012, counsel for defendant in 5:12-cv-02088-MMB advised undersigned that he objected to the interrogatories on the basis that the number of interrogatories exceeded the permissible limit. In that email, adverse counsel requested Plaintiff withdraw several interrogatories. On November 13, 2012, via email, Plaintiff withdrew interrogatories numbered 10, 12, 20 and notified Defendant. No other correspondence regarding the discovery occurred prior to the good faith conference related to this motion to compel.

1

4.	To date, Defendant has not provided written responses to the discovery, nor has Defendant filed a motion or made any other attempt to seek an extension of time within which to do so.

5.	Defendant's failure to timely respond to the discovery has prejudiced Plaintiff and unduely delayed Plaintiff's ability to prepare for trial.

## MEMORANDUM OF LAW

A party "…may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. Fed. R. Civ. P. 37(a)(3)(B). The Court upon motion of a party may also order sanctions where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi):

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party…

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).

"The Federal Rules of Civil Procedure, as well as case law, have [further] established that when a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999); *see also* Fed. R. Civ. P. 33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request [for production] must specify the part and permit inspection of the rest."); *Conrad v. Northumberland County*, 2010 WL 4854074, at *1-2 (M.D. Pa. 2010) (overruling and deeming objections waived where party failed to respond to discovery requests in a timely fashion).

Instead of or in addition to the above sanctions, the Court "must [also] require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A) Granting Plaintiff's Motion to Compel Discovery Responses;

(B) With ten (10) days of the entry of its Order, compelling Defendant to serve upon counsel for Plaintiff responses to their First Set of Interrogatories and Request for Production, dated November 8, 2012;

(C) Finding that Defendant has waived any objection to Plaintiff's discovery requests;

(D) Imposing sanctions as the Court deems just and proper pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii);

(E) Awarding Plaintiff its attorney's fees and costs incurred as a result of Defendant's failure to respond to discovery pursuant to Fed. R. Civ. P. 37(d)(3); and

(F) Ordering such other and further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATION

Plaintiff certifies that its counsel contacted counsel for Defendant at 12:30pm on December 20, 2012 and, because he is going to be out of town for a week on vacation, requested that Defendant produce the discovery responses by midday today and has not yet received a response.

Dated:  December 21, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:    /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Christopher P. Fiore*