UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------X
                                                           :
 MALIBU MEDIA, LLC,                                        :
                                                           :   Civil Action No. 2:12-cv-02078-MMB
                        Plaintiff,                         :
                                                           :
            vs.                                            :
                                                           :
 JOHN DOE 16,                                              :
                                                           :
                        Defendants.                        :
                                                           :
-----------------------------------------------------------X
```

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed.R.Civ.P. 34, Plaintiff, MALIBU MEDIA, LLC ("Plaintiff"), hereby requests Defendant, JOHN DOE 16 ("Defendant") produce for inspection and copying the documents and things set forth on Schedule B, in accordance with the Definitions and Instructions included herein, and to respond within the time prescribed by the applicable Federal Rules of Civil Procedure.

Dated: November 6th, 2012

                                             Respectfully submitted,

                                             FIORE & BARBER, LLC

By:    /s/ *Christopher P. Fiore*
        Christopher P. Fiore, Esquire
        Aman M. Barber, III, Esquire
        Attorneys for Plaintiff
        425 Main Street, Suite 200
        Harleysville, PA 19438
        Tel: (215) 256-0205
        Fax: (215) 256-9205
        Email: cfiore@fiorebarber.com
        *Counsel for Malibu Media, LLC*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail and electronic correspondence to: Ronald A. Smith, Esq., [ronaldasmithesq@aol.com], Ronald A. Smith and Associates, 1617 JFK Boulevard, Suite 1240, Philadelphia, PA 19103, on this 6th day of November, 2012.

By:    /s/ *Christopher P. Fiore*
       Christopher P. Fiore, Esquire

## SCHEDULE "A"

### Definitions

1. "<u>Malibu Media, LLC,</u> refers to Plaintiff, Malibu Media, LLC, including its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity acting or purporting to act on its behalf or under its control.

2. "<u>You</u>" or "<u>Your</u>" refers to the person upon whom this request was propounded and any other person(s) or entity(ies) acting or purporting to act on your behalf or under your control.

3. "<u>Person</u>" means any person or entity, and includes individuals, corporations, partnerships, associations, joint ventures, and other business enterprises, or legal entities and includes both the singular and plural.

4. "<u>Documents</u>" shall mean the original or exact copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including interoffice and interoffice memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, hard drives, discs, printouts, data cards, studies, analysis, e-mails, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained.  Copies of documents which are not identical duplications of the

originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents.

5.  "Communication" means any oral or written statement, dialog, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronical or similar means.

6.  "Computer Devices" means any computer device, including any computer laptop or desktop, mobile phone, iPad or other tablet computer, mp3 player or electronic device capable of connecting to the internet used by, or within the possession and control of you during the time of infringement.

7.  If not expressly stated, "control" means in your possession, custody, or control and includes documents and things in the possession, custody or control of any other person in your house, apartment or dwelling.

8.  "File" and "Files" means the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of the deposition, and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

9.  "ISP" means the Internet Service Provider who assigned the IP address to your name and physical address.

10. "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

11. "Time Period" means any time within the last twenty-four (24) months.

12. "Work" or "Works" means the copyrighted movies.

13. The words "<u>and</u>" and "<u>or</u>" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

### Instructions

Compliance with this Request is requested to be made in accordance with the following:

1. If you at any time had possession, custody or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

2. If you assert that any document called for by this request is protected against disclosure as a "work product" or by privilege of any kind whatsoever, you shall provide the following information with respect to such document:

    a. The name and capacity of the person or persons who prepared the document.

    b. The name and capacity of all addressees or recipients of the original or copies thereof.

    c. The date, if any, borne by the document.

    d. A brief description of its subject matter and physical size.

    e. The source of the factual information from which such document was prepared, and

    f. The nature of the privilege claimed.

3. All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

4. When appropriate, the singular form of a word should be interpreted in the plural

5

as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

5.      All documents to be produced are documents obtained in your possession within the Time Period.

## SCHEDULE "B"

### Documents Requested

1. A complete copy of the hard drive for each of the Computer Devices in your house, apartment or dwelling.

**RESPONSE NO. 1:**

2. All documents referring, relating to or comprising records of your internet browser's activity.

**RESPONSE NO. 2:**

3. All documents referring, relating to or comprising records associated with the purchase of a Computer Device.

**RESPONSE NO. 3:**

4. All documents referring, relating to or comprising records associated with the purchase of a modem or wireless router.

**RESPONSE NO. 4:**

5. All documents referring, relating to or comprising records associated with your use of a modem or wireless router, including any accompanying user guides, hand books, access codes, passwords, account information, guest account information, warning statements, or other information pertaining to the set up, use, and control of the wireless router or modem.

**RESPONSE NO. 5:**


6. All documents referring, relating to or comprising records of any computer programs downloaded, uploaded, or placed on any Computer Device in your house, apartment or dwelling.

**RESPONSE NO. 6:**


7. All documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, and Digital Millennium Copyright Act notices.

**RESPONSE NO. 7:**


8. All documents, including credit card statements, receipts, or other statements referring to or relating to the purchase and installation of anti-virus software for use on a Computer Device in your house, apartment or dwelling.

**RESPONSE NO. 8:**

9. A complete copy of any external hard drives in your possession, custody or control.

**RESPONSE NO. 9:**

10. A complete copy of all of the files contained within any electronic storage locker which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such electronic storage locker, including the contract, and all statements of account and usage.

**RESPONSE NO. 10:**

11. A complete copy of all of the files contained within any cloud based storage system to which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such cloud based storage system, including the contract, and all statements of account and usage.

**RESPONSE NO. 11:**

12. A complete copy of any files stored on any video game consoles in your possession.

**RESPONSE NO. 12:**

13. All documents that refer, relate to or comprise records of accounts, account activity and network connections between any video game consoles in your possession and third party Computer Device.

**RESPONSE NO. 13:**




14. Any documents pertaining to records for any wireless and mobile devices including but not limited to all data plans, bills, and payments made for cellular telephones, iPads, or other portable electronic mobile devices that have the ability to connect to the internet or a wireless modem.

**RESPONSE NO. 14:**




15. Any documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents dating two months before and until and including two months after the time of the alleged infringement that would indicate that you were not at your residence or within the control of your IP address at or around the time of infringement.

**RESPONSE NO. 15:**




16. Any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents

relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement.

**RESPONSE NO. 16:**




17.     All documents pertaining to any electronic correspondence issued from the computer devices to any other device able to connect to the internet including all emails, instant messages, social network postings, chat room comments, and any and all other forms of electronic communication in the last six months that mentions or relates to the "Work".

**RESPONSE NO. 17:**




18.     All documents pertaining to any forensic software that was used to preserve or delete files, programs, software, or any other type of electronic data in the last six months.

**RESPONSE NO. 18:**




19.     Any documents that contain credit card or bank statements relating to purchases of electronic equipment and computer devices at any and all electronics retail stores in the past 48 months.

**RESPONSE NO. 19:**