# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC,
          Plaintiff
vs.                                 NO.: 2:12-CV-02078-MMB

JOHN DOE 16
          Defendant

### DEFENDANT, JOHN DOE 16'S REPLY TO PLAINITFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant, John Doe #16, by and through his/her undersigned counsel, hereby replies to Plaintiff's Motion to Compel. In response to the numbered paragraphs and sentences of the Motion, Defendant admits, denies or otherwise responds as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted in part; denied in part. It is admitted that Plaintiff withdrew Interrogatories 10, 12 and 20, but Plaintiff never scheduled or held any type of good faith conference related to this Motion with Defendant, John Doe 16. In fact, Defendant's only notice of the filing of a Motion is by email dated December 20, 2012 where he gave the undersigned and other counsel much less than a full day or he would file a Motion. Defendant, John Doe 16, as well as other counsel for Defendant's requested a several day extension, which Plaintiff's counsel would not grant, since he was leaving on vacation in less than 24 hours and wanted the responses immediately. See attached Exhibits "A", "B", "C" and "D".

4.     Denied. Defendant, John Doe 16 promptly provided Answers to Interrogatories that same day, and informed Plaintiff's counsel that the Reply to Plaintiff's Request to Produce

would be forwarded in several days. In fact, such Reply to the Request to Produce was forwarded at expense by Fed Ex on Thursday, December 27, 2012. See attached Exhibit "**D**" and "**E**".

5. Denied. In fact, Plaintiff's counsel has not been prejudiced since he indicated that he would be away the week of December 24, 2012 on vacation.

## DEFENDANT'S AVERMENTS REGARDING PLAINTIFF'S MOTION

6. Plaintiff's counsel indicated to this Court, that a "Good Faith" Conference was held prior to filing its Motion. It was not.

7. Plaintiff's counsel prepared its Motion prior to the date of December 20, 2012 with the full intention of filing same whether or not it had received any discovery response prior to filing.

8. Plaintiff's counsel's only motivation for filing such a frivolous Motion is a disingenuous attempt to compel the Court to extend the date for trial. See Exhibit "**C**".

9. As of December 27, 2012, Defendant, John Doe 16, has filed in fact a full and complete Reply to Plaintiff's discovery response while Plaintiff's counsel enjoys his vacation. See attached Exhibits "**D**" and "**E**".

## MEMORANDUM OF LAW

Plaintiff's counsel's recital of Fed. R. Civ. P. is correct. Unfortunately, he omits, whether intentionally or negligently, Rule 37(a)(1), where a moving party must have a "good faith" conference with opposing counsel to attempt to resolve the problem prior to filing what we believe to be a duplicitous Motion. If Plaintiff's counsel believe that his email message to Defendant's counsel satisfied the Rule 37(a)(1) requirement, then he has made a mockery of the Rule.

The fact remains that Defendant, John Doe 16's counsel filed and forwarded Defendant's Answers to Interrogatories that day, prior to the bad faith deadline set arbitrarily by Plaintiff's counsel and received the full and complete Response to Plaintiff's Request to Produce several business days later.

Plaintiff's counsel indicates to the Court that he has been prejudiced, when in fact, he is away, out-of-town, on vacation. Plaintiff's counsel also indicates in Exhibit "C" that his true motivation by filing said Motion is merely to reinforce his goal of delaying the Bellwether trial. See attached Exhibit       .

Fed. R. Civ. P. 37(5)(B) allow this Honorable Court to award reasonable counsel fees when circumstances permit. Defendant, John Doe 16 had fulfilled Plaintiff's draconian requirement regarding Interrogatories prior to the filing of the Motion and forwarded the balance four business days later. Where "Good Faith" Conference was scheduled or held other than an "I want it now or by noon tomorrow", before Plaintiff's counsel left on vacation and an indicated duplicitous reasons other than discovery; Defendant's counsel would request reasonable counsel fees and costs.

               Respectfully submitted,

               /s/ *Ronald A. Smith*
               RONALD A. SMITH, ESQUIRE
               1617 John F., Kennedy Boulevard, Suite 355
               Philadelphia, PA  19103
               (215) 567-1200

## **CERTIFICATE OF SERVICE**

I, hereby certify that on December 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

BY: /s/*Ronald A. Smith*
RONALD A. SMITH, ESQUIRE

## Ronald A Smith Esquire

**From:** "Keith Lipscomb" <KLipscomb@LEBFIRM.COM>
**To:** "Leonard J. French" <ljfrench@leonardjfrench.com>; "Keith Lipscomb" <KLipscomb@LEBFIRM.COM>
**Cc:** <ronaldasmithesq@aol.com>; <ct@thomastrials.com>; <tgelsinger@LeisawitzHeller.com>; "Chris Fiore" <cfiore@fiorebarber.com>; "copyright" <copyright@LEBFIRM.COM>; "Jose Talavera" <JTalavera@LEBFIRM.COM>
**Sent:** Thursday, December 20, 2012 12:26 PM
**Subject:** RE: Bellwether Cases -- Discovery Responses

Leonard, Ronald, Charles and Thad:

Your clients' discovery were due on 12/13/12. To date, we have not received any responses. As you know, "[t]he Federal Rules of Civil Procedure, as well as case law, have [further] established that when a party fails to serve objections to [discovery] within the time required, in absence of good cause or of an extension of time to do so, they have [] waived the right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999).

Please know that unless your clients serve their responses to Plaintiff's discovery by mid-day tomorrow, my Client will file a motion to compel. This email is intended to comply with Fed.R.Civ.P. 37(d)(1)(B). If there is any reason you can think of why Plaintiff should not or is not legally required to file a motion to compel, please advise. Also, kindly note that we cannot wait longer than mid-day tomorrow because I am going out of town. Finally, be advised if your clients make objections, Plaintiff will move compel and argue that your clients waived any objections they may have had under well-settled black letter law. As you know, there is a prevailing party's attorneys' fee clause governing motions to compel.

Best regards,
Keith

**From:** Leonard J. French [mailto:ljfrench@leonardjfrench.com]
**Sent:** Tuesday, November 27, 2012 3:44 PM
**To:** Crystal Sebastian
**Cc:** ronaldasmithesq@aol.com; ct@thomastrials.com; Jordan@FishtownLaw.com; mjr@randazza.com; tgelsinger@LeisawitzHeller.com; Keith Lipscomb; Chris Fiore
**Subject:** Re: Bellwether Cases - 26(f) Report Teleconference

I'll be on.

LJF

On Nov 27, 2012, at 3:41 PM, Crystal Sebastian wrote:

Good afternoon,

We have not heard back from anyone other than Mr. Gelsinger, Mr. Rushie and Mr. Thomas regarding their availability for a phone call this afternoon. Will anyone else be available at 4:00 pm for the teleconference? Keith will be on the call at that time.

Here is the information for the conference:



EXHIBIT A

Conference dial-in number: (866) 576-7975
Participant access code: 104524#

Per Keith, if we do not hear from anyone regarding the 26(f) reports by close of business today, they will be filed as unilateral reports.

Regards,

LIPSCOMB,
EISENBERG &
BAKER, PL

**Crystal Sebastian**
Paralegal
Lipscomb, Eisenberg & Baker, PL
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
Email: CSebastian@LEBFIRM.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information which is confidential, proprietary, attorney work-product or attorney-client privileged. If this transmission is received by anyone other than the intended recipient(s), the recipient(s) should immediately notify the sender by reply and then delete the transmission. In no event shall this transmission be read, used, copied, reproduced, stored or retained by anyone other than the intended recipient(s) except with the express written consent of the sender. Disclaimer regarding Uniform Electronic Transactions Act ("UETA") § 668.50, Fla. Stat.: If this transmission concerns negotiation of a contract or agreement, whether UETA applies or not, contract formation in this matter shall occur only with manually-affixed original signatures on original documents. Thank you.

Este mensaje incluido los documentos adjuntos, está destinado a la(s) persona(s) o compañía(s) indicadas y puede contener información confidencial y/o legalmente privilegiada. Se prohibe la publicación, reproducción o divulgación de esta información. Si usted no es el destinatario de este correo, por favor notifique respondiendo a este mensaje y proceda a borrarlo. Gracias.

Please consider the environment before printing this e-mail. / Por favor considere el medio ambiente antes de imprimir este email.

## Ronald A Smith Esquire

**From:** "Leonard J. French" <ljfrench@leonardjfrench.com>
**To:** "Keith Lipscomb" <KLipscomb@LEBFIRM.COM>
**Cc:** <ronaldasmithesq@aol.com>; <ct@thomastrials.com>; <tgelsinger@LeisawitzHeller.com>; "Chris Fiore" <cfiore@fiorebarber.com>; "copyright" <copyright@LEBFIRM.COM>; "Jose Talavera" <JTalavera@LEBFIRM.COM>
**Sent:** Thursday, December 20, 2012 12:55 PM
**Subject:** Re: Bellwether Cases -- Discovery Responses

Keith,

We absolutely intend to cooperate with your discovery request. Can you put off the threat of the motion for a few days? We can have our response to you by the end of next week.

Thank you,
LJF

On Dec 20, 2012, at 12:26 PM, Keith Lipscomb <KLipscomb@LEBFIRM.COM> wrote:

> Leonard, Ronald, Charles and Thad:
>
> Your clients' discovery were due on 12/13/12. To date, we have not received any responses. As you know, "[t]he Federal Rules of Civil Procedure, as well as case law, have [further] established that when a party fails to serve objections to [discovery] within the time required, in absence of good cause or of an extension of time to do so, they have [] waived the right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999).
>
> Please know that unless your clients serve their responses to Plaintiff's discovery by mid-day tomorrow, my Client will file a motion to compel. This email is intended to comply with Fed.R.Civ.P. 37(d)(1)(B). If there is any reason you can think of why Plaintiff should not or is not legally required to file a motion to compel, please advise. Also, kindly note that we cannot wait longer than mid-day tomorrow because I am going out of town. Finally, be advised if your clients make objections, Plaintiff will move compel and argue that your clients waived any objections they may have had under well-settled black letter law. As you know, there is a prevailing party's attorneys' fee clause governing motions to compel.
>
> Best regards,
> Keith
>
> **From:** Leonard J. French [mailto:ljfrench@leonardjfrench.com]
> **Sent:** Tuesday, November 27, 2012 3:44 PM
> **To:** Crystal Sebastian
> **Cc:** ronaldasmithesq@aol.com; ct@thomastrials.com; Jordan@FishtownLaw.com; mjr@randazza.com; tgelsinger@LeisawitzHeller.com; Keith Lipscomb; Chris Fiore
> **Subject:** Re: Bellwether Cases - 26(f) Report Teleconference
>
> I'll be on.
>
> LJF
>
> On Nov 27, 2012, at 3:41 PM, Crystal Sebastian wrote:



EXHIBIT B

Good afternoon,

We have not heard back from anyone other than Mr. Gelsinger, Mr. Rushie and Mr. Thomas regarding their availability for a phone call this afternoon. Will anyone else be available at 4:00 pm for the teleconference? Keith will be on the call at that time.

Here is the information for the conference:
Conference dial-in number: (866) 576-7975
Participant access code: 104524#

Per Keith, if we do not hear from anyone regarding the 26(f) reports by close of business today, they will be filed as unilateral reports.

Regards,

# LIPSCOMB, EISENBERG & BAKER, PL

**Crystal Sebastian**
Paralegal
Lipscomb, Eisenberg & Baker, PL
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
Email: CSebastian@LEBFIRM.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information which is confidential, proprietary, attorney work-product or attorney-client privileged. If this transmission is received by anyone other than the intended recipient(s), the recipient(s) should immediately notify the sender by reply and then delete the transmission. In no event shall this transmission be read, used, copied, reproduced, stored or retained by anyone other than the intended recipient(s) except with the express written consent of the sender. Disclaimer regarding Uniform Electronic Transactions Act ("UETA") § 668.50, Fla. Stat.: If this transmission concerns negotiation of a contract or agreement, whether UETA applies or not, contract formation in this matter shall occur only with manually-affixed original signatures on original documents. Thank you. Este mensaje incluido los documentos adjuntos, está destinado a la(s) persona(s) o compañía(s) indicadas y puede contener información confidencial y/o legalmente privilegiada. Se prohibe la publicación, reproducción o divulgación de esta información. Si usted no es el destinatario de este correo, por favor notifique respondiendo a este mensaje y proceda a borrarlo. Gracias.

Please consider the environment before printing this e-mail. / Por favor considere el medio ambiente antes de imprimir este email.

## Ronald A Smith Esquire

**From:** "Keith Lipscomb" <KLipscomb@LEBFIRM.COM>
**To:** "Leonard J. French" <ljfrench@leonardjfrench.com>
**Cc:** <ronaldasmithesq@aol.com>; <ct@thomastrials.com>; <tgelsinger@LeisawitzHeller.com>; "Chris Fiore" <cfiore@fiorebarber.com>; "copyright" <copyright@LEBFIRM.COM>; "Jose Talavera" <JTalavera@LEBFIRM.COM>; "Alejandra Albuerne" <AAlbuerne@LEBFIRM.COM>
**Sent:** Thursday, December 20, 2012 1:11 PM
**Subject:** RE: Bellwether Cases -- Discovery Responses

Leonard,

I appreciate that. What I will do is withdraw the motion and not seek fees if your responses are ok. But, I need to file a motion to compel so the judge knows I am proactively pushing the case as fast as I can and so he understands why the schedule may need to pushed when it comes time for that. Also, all be advised, that Plaintiff's 3rd party discovery is going out tomorrow. You will all get copies of what we propound. Unfortunately, it took longer than I thought to finish it because I got distracted by the memos in opp and motions in this case. Then when that project was done, the paralegal who is charged with the 3rd party discovery had a family member die, her mom had a stroke, she was in a car accident, and she is getting teeth pulled this afternoon – no fibs, really, all that happened. Needless to say, she missed some work, but she is great so this is just life. Anyway, she promised it is going out really early tomorrow and you will all be cc-ed.

Best regards,
Keith

**From:** Leonard J. French [mailto:ljfrench@leonardjfrench.com]
**Sent:** Thursday, December 20, 2012 12:56 PM
**To:** Keith Lipscomb
**Cc:** ronaldasmithesq@aol.com; ct@thomastrials.com; tgelsinger@LeisawitzHeller.com; Chris Fiore; copyright; Jose Talavera
**Subject:** Re: Bellwether Cases -- Discovery Responses

Keith,
We absolutely intend to cooperate with your discovery request. Can you put off the threat of the motion for a few days? We can have our response to you by the end of next week.

Thank you,
LJF

On Dec 20, 2012, at 12:26 PM, Keith Lipscomb <KLipscomb@LEBFIRM.COM> wrote:

> Leonard, Ronald, Charles and Thad:
>
> Your clients' discovery were due on 12/13/12. To date, we have not received any responses. As you know, "[t]he Federal Rules of Civil Procedure, as well as case law, have [further] established that when a party fails to serve objections to [discovery] within the time required, in absence of good cause or of an extension of time to do so, they have [] waived the right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999).
>
> Please know that unless your clients serve their responses to Plaintiff's discovery b[y] mid-day tomorrow, my Client will file a motion to compel. This email is intende[d]



EXHIBIT C

to comply with Fed.R.Civ.P. 37(d)(1)(B). If there is any reason you can think of why Plaintiff should not or is not legally required to file a motion to compel, please advise. Also, kindly note that we cannot wait longer than mid-day tomorrow because I am going out of town. Finally, be advised if your clients make objections, Plaintiff will move compel and argue that your clients waived any objections they may have had under well-settled black letter law. As you know, there is a prevailing party's attorneys' fee clause governing motions to compel.

Best regards,
Keith

**From:** Leonard J. French [mailto:ljfrench@leonardjfrench.com]
**Sent:** Tuesday, November 27, 2012 3:44 PM
**To:** Crystal Sebastian
**Cc:** ronaldasmithesq@aol.com; ct@thomastrials.com; Jordan@FishtownLaw.com; mjr@randazza.com; tgelsinger@LeisawitzHeller.com; Keith Lipscomb; Chris Fiore
**Subject:** Re: Bellwether Cases - 26(f) Report Teleconference

I'll be on.

LJF

On Nov 27, 2012, at 3:41 PM, Crystal Sebastian wrote:


Good afternoon,

We have not heard back from anyone other than Mr. Gelsinger, Mr. Rushie and Mr. Thomas regarding their availability for a phone call this afternoon. Will anyone else be available at 4:00 pm for the teleconference? Keith will be on the call at that time.

Here is the information for the conference:
Conference dial-in number: (866) 576-7975
Participant access code: 104524#

Per Keith, if we do not hear from anyone regarding the 26(f) reports by close of business today, they will be filed as unilateral reports.

Regards,

**LIPSCOMB,
EISENBERG &
BAKER, PL**

**Crystal Sebastian**
Paralegal
Lipscomb, Eisenberg & Baker, PL
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3800

Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
Email: CSebastian@LEBFIRM.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information which is confidential, proprietary, attorney work-product or attorney-client privileged. If this transmission is received by anyone other than the intended recipient(s), the recipient(s) should immediately notify the sender by reply and then delete the transmission. In no event shall this transmission be read, used, copied, reproduced, stored or retained by anyone other than the intended recipient(s) except with the express written consent of the sender. Disclaimer regarding Uniform Electronic Transactions Act ("UETA") § 668.50, Fla. Stat.: If this transmission concerns negotiation of a contract or agreement, whether UETA applies or not, contract formation in this matter shall occur only with manually-affixed original signatures on original documents. Thank you. Este mensaje incluido los documentos adjuntos, está destinado a la(s) persona(s) o compañía(s) indicadas y puede contener información confidencial y/o legalmente privilegiada. Se prohibe la publicación, reproducción o divulgación de esta información. Si usted no es el destinatario de este correo, por favor notifique respondiendo a este mensaje y proceda a borrarlo. Gracias.

**Please consider the environment before printing this e-mail. / Por favor considere el medio ambiente antes de imprimir este email.**

## Ronald A Smith Esquire

**From:** "Ronald A Smith Esquire" <RonaldASmithEsq@aol.com>
**To:** "Keith Lipscomb" <KLipscomb@LEBFIRM.COM>
**Cc:** "Leonard J. French, Esq." <ljfrench@leonardjfrench.com>; <CT@thomastrials.com>; "Thad Gelsinger" <TGelsinger@leisawitzheller.com>; "Chris Fiore" <cfiore@fiorebarber.com>
**Sent:** Thursday, December 20, 2012 3:22 PM
**Attach:** Answers to Plaintiff's Interrogatories.pdf
**Subject:** Re: Bellwether Cases -- Discovery Responses

Keith,

Attached please find Defendant's Answers to Interrogatories. Due to the holiday and some family issues in my client's household, we will forward all responses to documents that are in my client's possession by mid-week. I trust that will not cause complications to your travel plans or holiday vacation which you indicate is scheduled to commence tomorrow.

I would also direct your attention to the several occasions where you have asked for an extension and my office has graciously agreed to same.

Ron

> ----- Original Message -----
> **From:** Keith Lipscomb
> **To:** Leonard J. French ; Keith Lipscomb
> **Cc:** ronaldasmithesq@aol.com ; ct@thomastrials.com ; tgelsinger@LeisawitzHeller.com ; Chris Fiore ; copyright ; Jose Talavera
> **Sent:** Thursday, December 20, 2012 12:26 PM
> **Subject:** RE: Bellwether Cases -- Discovery Responses
>
> Leonard, Ronald, Charles and Thad:
>
> Your clients' discovery were due on 12/13/12. To date, we have not received any responses. As you know, "[t]he Federal Rules of Civil Procedure, as well as case law, have [further] established that when a party fails to serve objections to [discovery] within the time required, in absence of good cause or of an extension of time to do so, they have [] waived the right to raise objections later." *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999).
>
> Please know that unless your clients serve their responses to Plaintiff's discovery by mid-day tomorrow, my Client will file a motion to compel. This email is intended to comply with Fed.R.Civ.P. 37(d)(1)(B). If there is any reason you can think of why Plaintiff should not or is not legally required to file a motion to compel, please advise. Also, kindly note that we cannot wait longer than mid-day tomorrow because I am going out of town. Finally, be advised if your clients make objections, Plaintiff will move compel and argue that your clients waived any objections they may have had under well-settled black letter law. As you know, there is a prevailing party's attorneys' fee clause governing motions to compel.
>
> Best regards,
> Keith
>
> ---
>
> **From:** Leonard J. French [mailto:ljfrench@leonardjfrench.com]
> **Sent:** Tuesday, November 27, 2012 3:44 PM
> **To:** Crystal Sebastian
> **Cc:** ronaldasmithesq@aol.com; ct@thomastrials.com; Jordan@FishtownLaw.com; mjr@randazz



EXHIBIT D

tgelsinger@LeisawitzHeller.com; Keith Lipscomb; Chris Fiore
**Subject:** Re: Bellwether Cases - 26(f) Report Teleconference

I'll be on.

LJF

On Nov 27, 2012, at 3:41 PM, Crystal Sebastian wrote:

Good afternoon,

We have not heard back from anyone other than Mr. Gelsinger, Mr. Rushie and Mr. Thomas regarding their availability for a phone call this afternoon. Will anyone else be available at 4:00 pm for the teleconference? Keith will be on the call at that time.

Here is the information for the conference:
Conference dial-in number: (866) 576-7975
Participant access code: 104524#

Per Keith, if we do not hear from anyone regarding the 26(f) reports by close of business today, they will be filed as unilateral reports.

Regards,

**LIPSCOMB,
EISENBERG &
BAKER, PL**

**Crystal Sebastian**
Paralegal
Lipscomb, Eisenberg & Baker, PL
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
Email: CSebastian@LEBFIRM.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information which is confidential, proprietary, attorney work-product or attorney-client privileged. If this transmission is received by anyone other than the intended recipient(s), the recipient(s) should immediately notify the sender by reply and then delete the transmission. In no event shall this transmission be read, used, copied, reproduced, stored or retained by anyone other than the intended recipient(s) except with the express written consent of the sender. Disclaimer regarding Uniform Electronic Transactions Act ("UETA") § 668.50, Fla. Stat.: If this transmission concerns negotiation of a contract or agreement, whether UETA applies or not, contract formation in this matter shall occur only with manually-affixed original signatures on original documents. Thank you.
Este mensaje incluido los documentos adjuntos, está destinado a la(s) persona(s) o compañía(s) indicadas y

puede contener información confidencial y/o legalmente privilegiada. Se prohibe la publicación, reproducción o divulgación de esta información. Si usted no es el destinatario de este correo, por favor notifique respondiendo a este mensaje y proceda a borrarlo. Gracias.

🌲 **Please consider the environment before printing this e-mail. / Por favor considere el medio ambiente antes de imprimir este email.**

**FedEx Express — NEW Package US Airbill**

FedEx Tracking Number: 8007 1268 6316
Form ID No. 0200 — Sender's Copy

**From** (Please print and press hard.)
Date: 12/27/12
Sender's FedEx Account Number: 2159-7220-8
Sender's Name: Ronald A. Smith, Esq.
Phone: (215) 567-1200
Company:
Address: 1617 JFK Blvd, Ste 355
City: Phila.  State: Pa  ZIP: 19103

Your Internal Billing Reference:

**To**
Recipient's Name: Christopher P. Fiore, Esq.
Phone:
Company:
Address: 425 Main St., Ste 200
City: Harleysville  State: PA  ZIP: 19438

**4  Express Package Service**
[X] FedEx Standard Overnight

**5  Packaging**
[X] Other

**6  Special Handling and Delivery Signature Options**
Dangerous goods: [X] No

**7  Payment — Bill to:**
[X] Sender

Total Packages: 1
Total Weight: 5 lbs.
Total Declared Value: $200.00

644


EXHIBIT E



**RONALD A. SMITH**
ATTORNEY AT LAW

ONE PENN CENTER AT SUBURBAN STATION   1617 JOHN F. KENNEDY BOULEVARD, SUITE 355   PHILADELPHIA, PA 19103
(215) 567-1200
FACSIMILE (215) 557-2439
BUCKS COUNTY OFFICE (215) 493-1268

December 27, 2012

Christopher P. Fiore, Esquire
425 Main Street
Suite 200
Harleysville, PA 19438

      *Re:*  *Malibu Media, LLC. Vs. John Doe 16*
           *Civil Action Number: 2:12-cv-02078-MMB*

Dear Mr. Fiore:

    Enclosed please find Defendant's Response to Plaintiff's First Request for Production of Documents. Furthermore, included in this package is a true and correct copy of the hard drive(s) concerning my client's computers/laptops.

    Additionally, this will acknowledge that Answers to Interrogatories have been forwarded previously by email on December 20, 2012

    I trust that you will be withdrawing your Motion to Compel.

                                Very truly yours,

                                RONALD A. SMITH

RAS/bjp
Enc.(s)