IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC § § Plaintiff, § § § § JOHN DOES 1, 6, 13, 14 & 16, § § Defendants § § | | CIVIL ACTION NO. 12-2078 (consolidated from matters 12-2078, 12-2084, 12-2088) Hon. Michael M. Baylson |

**DEFENDANT JOHN DOE 1'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, John Doe No. 1, by through undersigned counsel, Leonard J. French, Esq., hereby Answers and makes Counterclaims to Plaintiff, Malibu Media, LLC's, Amended Complaint, by averring as follows:

1.  Denied. Defendant, John Doe 1, hereby denies all allegations contained within Paragraph 1 of Plaintiff's Amended Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant denies all allegations.

2.  Denied. Defendant, John Doe 1, hereby denies all allegations contained within Paragraph 2 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant is not liable to Plaintiff for any type of copyright infringement nor contributory copyright infringement.

3. Admitted.

4. Admitted in part; denied in part. It is admitted that the Defendant, John Doe 1, resides in the Eastern District of Pennsylvania, but it denied that the Defendant has engaged in continuous and systematic business activity, or has contracted to supply goods or services in the Eastern District of Pennsylvania. By way of further answer, Defendant is employed within the jurisdiction of the Eastern District of Pennsylvania.

5. Admitted in part; denied in part. Defendant, John Doe 1, admits that venue is proper in this District, but all other averments contained within said Paragraph 5 are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should the same be relevant and material.

6. Denied. Defendant, John Doe 1, is without sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

7. Admitted.

8–9. Denied. Defendant, John Doe 1, is without sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, the same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

10. Admitted in part; denied in part. It is admitted that Registrations are attached as Exhibit A, but all other averments are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. Defendant, John Doe 1, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. By way of further answer, it is denied that Defendant infringed one or more of the works in Plaintiff's Exhibit A.

11–12. Denied. Defendant, John Doe 1, hereby denies all allegations contained within Paragraphs 11 through 12 of Plaintiff's Amended Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. To the extent that a response is required, the statements of that paragraph are denied.

13. Admitted. By way of further answer, Defendant John Doe 1 also removed all bittorrent clients from its computer in 2010.

14–24. Denied. Defendant, John Doe 1, hereby denies all allegations contained within Paragraphs 14 through 24 of Plaintiff's Amended Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. To the extent that a response is required, the statements of that paragraph are denied.

25.     Denied. Defendant, John Doe 1, never went to any type of torrent site to upload and download any type of Plaintiff's alleged copyrighted work. Furthermore, to the extent that a response is required, that statements of that paragraph are specifically denied.

26–31.  Denied. Defendant, John Doe 1, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

32–38.  Denied. Defendant, John Doe 1, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

39.     Denied. Defendant, John Doe 1, hereby denies all allegations contained within Paragraph 39 of Plaintiff's Complaint as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant, John Doe 1, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment. To the extent that a response is required, the statements of that paragraph are denied. Furthermore, all conditions precedent to bring this action have not occurred nor been waived.

40. Admitted in part; denied in part. It is admitted that Plaintiff retained counsel; all other averments contained within Paragraph 40 are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

41. Admitted as to incorporation only. All other allegations are denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

42. Denied. Defendant, John Doe 1, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material.

43–46. Denied. Defendant, John Doe 1, lacks sufficient knowledge to form a belief as to the truth or falsity of the within averment and, therefore, same is denied as being conclusions of law to which no responsive pleading is required pursuant to the Rules of Civil Procedure and strict proof is demanded at the time of trial, should same be relevant and material. By way of further answer, Defendant, John Doe 1, never downloaded or uploaded any of the works indicated in Plaintiff's Amended Complaint in the aforesaid averments.

47–53. The allegations set forth in paragraphs 47 to 53 of Plaintiff's Amended Complaint apply to Defendant John Doe 13 and no answer is required from John Doe 1.

54–59. The allegations set forth in paragraphs 54 to 59 of Plaintiff's Amended Complaint apply to Defendant John Doe 14 and no answer is required from John Doe 1.

## AFFIRMATIVE DEFENSES

1. Failure to State a Claim – Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Fair Use – Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work.

3. Invalid Copyright – Plaintiff's copyrights are invalid and/or unenforceable.

4. Implied License – Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and his claims are therefore barred by the doctrine of implied license.

5. Misuse of Copyright – Plaintiff's claims are barred by the doctrine of misuse of copyright.

6. Abandonment – Plaintiff's claims are barred as a result of Plaintiff's abandonment of its intellectual property.

7. Good Faith Intent – Plaintiff's claims are barred because Defendant acted in good faith and without any intent to infringe Plaintiff's work.

8. Online Copyright Infringement Liability Limitation Act – Defendant is not liable to Plaintiff pursuant to the "Online Copyright Infringement Liability Limitation Act," as set forth at 17 U.S.C. 512.

9. Unclean Hands – Plaintiff should not recover any damages under the doctrine of unclean hands.

## COUNTERCLAIMS

1. Defendant/Counterclaim Plaintiff, John Doe No. 1 (hereinafter Counterclaim Plaintiff), incorporates Paragraphs 1 through 59 of Counterclaim Plaintiff's Answer to Plaintiff's Amended Complaint, as well as all Affirmative Defenses, by reference as though more fully set forth herein.

### Parties

2. Counterclaim Plaintiff is an individual residing in Pennsylvania.

3. On information and belief, Plaintiff/Counterclaim Defendant (hereinafter Counterclaim Defendant), MALIBU MEDIA, LLC, is a limited liability corporation located at 31356 Broad Beach Road, Malibu, CA 90265.

### Jurisdiction

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, and 1367. The counterclaims are related to the claims in the original action such that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

5. Personal jurisdiction is proper over Counterclaim Defendant, because Counterclaim Defendant has purposefully availed itself of this Court's jurisdiction as a result of filing the original action.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

### Background

7. Counterclaim Defendant is a producer of pornographic content.

8. According to State of California records, Counterclaim Defendant was formed as a limited liability corporation on February 8, 2011.

9. Counterclaim Defendant is represented by a law firm that routinely sues numerous defendants in copyright infringement actions.

10. Counterclaim Defendant has a sophisticated business model that consists of producing works that barely qualify for copyright infringement, then making its works freely available via the internet (bittorrent, streaming, or otherwise), where they are sure to be accessed and shared by other users.

11. Meanwhile, Counterclaim Defendant's "investigator", IPP, Ltd. (IPP), continuously monitors and logs internet activity via the bittorrent protocol, which it makes available for sale to Counterclaim Defendant and others.

12. Counterclaim Defendant purchases or otherwise acquires logs of IP addresses from IPP that contain records of downloads or uploads of Counterclaim Defendant's works. See Counterclaim Defendant's Amended Complaint ¶ 32.

13. Counterclaim Defendant then files suit against numerous "John Doe" defendants, immediately seeking subpoena power to identify the account holders.

14. Upon receiving the name and address of the account holders, Counterclaim Defendant makes substantial monetary demands of account holders, almost always for many thousands of dollars to preclude the specter of litigation.

15. Counterclaim Defendant is the named Plaintiff in at least 48 copyright infringement actions in the Eastern District of Pennsylvania as of January 9, 2013, despite being a legal LLC for a limited period of time. On information and belief, Counterclaim Defendant is the named Plaintiff in hundreds of other nearly identical lawsuits around the United States.

16. Notwithstanding the immense breadth of filings by Counterclaim Defendant, not a single case has reached trial, or even reached beyond discovery.

17. On information and belief, Counterclaim Defendant is a corporation formed primarily for the purposes of creating copyright registrations and suing thousands of defendants for financial gain, rather than for protecting its alleged copyrights.

18. On information and belief, Counterclaim Defendant itself, its agents, or its investigators, uploads or otherwise makes its content available via the internet (bittorrent, streaming, or otherwise) for purposes of creating opportunity to sue and demand payments from numerous alleged infringers.

19. On information and belief, Counterclaim Defendant takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its work.

20. On information and belief, Counterclaim Defendant takes no steps to label or otherwise identify its works as subject to copyright protection.

21. On information and belief, Counterclaim Defendant takes no affirmative protective steps to notify infringers of their infringement and request (cease and desist letters or DMCA takedown notices) the termination of infringing activities before filing suit.

22. Counterclaim Defendant initiated this action on or about April 19, 2012 against 22 unsuspecting John Doe Defendants.

23. Counterclaim Defendant filed this suit, along with numerous others in this District, as a part of its nationwide campaign of allegedly protecting its intellectual property rights.

24. The original Complaint filed by Counterclaim Defendant alleged contributory infringement of 22 Doe Defendants on Counterclaim Defendant's allegedly protected work "Tiffany Sex With a Supermodel".

25. In its Complaint, Counterclaim Defendant alleged, among other things, that each Defendant utilized a BitTorrent client to upload, download, and/or transfer "Tiffany Sex With a Supermodel" with each other Defendant.

26. Counterclaim Defendant alleged that the wrongful transfer of its pornographic work by the Doe Defendants constituted infringement that was accomplished by participation of each Doe Defendant with each other, resulting in liability for contributory infringement.

27. Counterclaim Defendant's position that the Doe Defendants, in this matter, were contributorily liable formed the basis for its ability to file this action against the Doe Defendants in single action, as opposed to filing multiple, individual lawsuits.

28. Counterclaim Defendant alleged that it had identified the infringers of "Tiffany Sex With a Supermodel" by engaging a foreign entity, IPP, Limited ("IPP").

29. IPP allegedly utilized forensic software entitled INTERNATIONAL IPTRACKER v1.2.1 to scan peer-to-peer networks, monitor the transfer of various electronically stored information, and identify the IP addresses associated with those transfers.

30. Allegedly, based on IPP's investigation, Counterclaim Defendant secured the IP addresses utilized to upload, download, and/or otherwise transfer "Tiffany Sex With a Supermodel" as alleged in its original Complaint.

31. However, at the time of filing the original Complaint, Counterclaim Defendant was allegedly unable to identify any Doe Defendant by anything other than their IP addresses, allegedly identified by IPP.

32. As a result, Counterclaim Defendant sought, and obtained, this Court's permission to subpoena Counterclaim Plaintiff's identifying information.

33. The factual background laid out herein is the same conduct Counterclaim Defendant utilizes in the countless lawsuits it has filed in numerous districts around the county.

34. This Court did, however, grant Counterclaim Plaintiff's application for a Protective Order which requires all parties to identify the Doe Defendants by their John Doe number in all matters filed of record.

35. On or about Thursday, October 25, 2012, service of Counterclaim Defendant's original Complaint was made on Counterclaim Plaintiff.

36. That same day, at approximately 7:43 p.m., Counterclaim Defendant filed, with this Court, Notice of Service on Counterclaim Plaintiff without redacting Counterclaim Plaintiff's name, as required by this Court's Protective Order.

37. As a result, Counterclaim Plaintiff's name was available for viewing to any person with access to the Court's PACER system.

38. Fortunately, counsel for John Doe 6 in this case's companion case, docket No. 12-2084, was able to reach the Court's Emergency Clerk.

39. The Court's Emergency Clerk reviewed this Court's Protective Order and restricted public access to Counterclaim Defendant's unredacted Notices of Service at approximately 10 pm.

40. Counterclaim Defendant's failure to redact its Notices of Service was a blatant disregard for this Court's Protective Order.

41. Counterclaim Defendant's failure to redact its Notices of Service resulted in publication of Defendant's identifying information to anyone with access to the Court's electronic filing system.

42. Counterclaim Defendant's violation of the Court's Protective Order and disclosure of Defendant's name constitutes outrageous conduct.

43. Thereafter, on November 2, 2012, Counterclaim Defendant filed its Amended Complaint.

44. Counterclaim Defendant curiously dropped its causes of action against the Doe Defendants for contributory infringement and solely seeks damages for individual infringement.

45. Counterclaim Defendant, further, added additional allegations of infringement against Counterclaim Plaintiff for several of its other alleged "Works."

46. The additional alleged occurrences of infringement include the allegations from the original complaint and add alleged infringement for "Works" other than "Tiffany Sex With a Supermodel" occurring on various different dates and times.

47. IP addresses are subject to change and the subscriber with whom an IP address is associated at one time may not be the same subscriber with whom the IP address is associated at a different time.

48. Counterclaim Defendant fails to assert, in its Amended Complaint, that it took any steps to confirm that the IP address allegedly assigned to the Counterclaim Defendant at

the time it allegedly infringed upon "Tiffany Sex With a Supermodel" was the same IP address to which he subscribed at the time of the alleged additional infringements.

49. Rather, Counterclaim Defendant espouses that it is plausible that the IP addresses remained the same.

50. Notwithstanding its failure to identify the subscriber(s) associated with the relevant IP addresses at the time of the alleged infringement, Counterclaim Defendant brought this action against Defendant.

### Count I

### Abuse of Process

51. Paragraphs 1 through 50 of Counterclaim Plaintiff's Counterclaim are hereby incorporated as though fully set herein.

52. Counterclaim Defendant initiated the instant action against Counterclaim Plaintiff.

53. This action was not initiated by Counterclaim Defendant to protect a valid copyright interest.

54. To the contrary, this action was brought with the expectation that Counterclaim Plaintiff would, as most other Doe Defendants in actions filed by Counterclaim Defendant, become intimidated and agree to settle.

55. In addition, Counterclaim Defendant knowingly phrased its lawsuit as against Defendant as the infringer even though Counterclaim Defendant only possessed an IP address which, at best, links to a subscriber to an internet access account.

56. Counterclaim Defendant knew of the high likelihood of misidentification in alleging the subscriber is the infringer.

57. Counterclaim Defendant used the phrasing of its complaint to gain access to Counterclaim Plaintiff's identity even though it had not proven, nor even could have known, whether Counterclaim Plaintiff was an infringer.

58. As a result of Counterclaim Defendant's conduct, Counterclaim Plaintiff has been harmed as more fully set forth herein.

59. In addition, Counterclaim Plaintiff has been substantially harmed by being required to pay attorneys' fees and costs in an effort to defend against Counterclaim Defendant's wrongful conduct, as more herein set forth.

WHEREORE, Counterclaim Plaintiff respectfully requests that this Court enter an Order finding that:

a. Counterclaim Defendant, Malibu Media, LLC's, conduct amounted to abuse of process;

b. Grant Counterclaim Plaintiff damages in excess of $150,000;

c. Grant Counterclaim Plaintiff all fees and costs of suit; and

d. Any further relief deemed just and appropriate by this Court.

## Count II

### Intentional Infliction of Emotional Distress

60. Paragraphs 1 through 50 of Counterclaim Plaintiff's Counterclaim are hereby incorporated as though fully set herein.

61. Counterclaim Defendant has acted, in this case and all like others, with the intent to obtain a monetary settlement from Doe Defendants at the lowest possible cost.

62. The allegations made in the Complaint and Amended Complaint were made by Counterclaim Defendant, knowing the allegations were false and misleading and not rooted in actual fact.

63. Instantly, upon allegedly receiving knowledge of infringement, Counterclaim Defendant did not move to protect its copyrights through valid legal means, but rather initiated this action in an attempt to realize a financial gain.

64. The accusations made by Counterclaim Defendant, that Counterclaim Plaintiff unlawfully downloaded pornographic films, are outrageous and have caused Counterclaim Plaintiff extreme emotional distress.

65. The allegations against Counterclaim Plaintiff in the Complaint and Amended complaint are offensive and damaging to Counterclaim Plaintiff's reputation.

66. Counterclaim Defendant's outrageous conduct continued in its intentional filing of the unredacted Certificates of Service in violation of this Court's Protective Order.

67. Due to Counterclaim Defendant's intentional violation of this Court's Protective Order, Counterclaim Plaintiff has suffered severe emotional distress.

68. Due to Counterclaim Defendant's false public assertions in the Complaint and Amended Complaint, Counterclaim Plaintiff has suffered severe emotional distress.

WHEREFORE, Counterclaim Plaintiff respectfully requests that this Court enter an Order finding that:

a.  Counterclaim Defendant, Malibu Media, LLC's, conduct amounted to intentional infliction of emotional distress;

b.  Grant Counterclaim Plaintiff damages in excess of $150,000;

c.  Grant Counterclaim Plaintiff all fees and costs of suit; and

d. Any further relief deemed just and appropriate by this Court.

## Count III

### Invasion of Privacy

69. Paragraphs 1 through 50 of Counterclaim Plaintiff's Counterclaim are hereby incorporated as though fully set herein.

70. Counterclaim Defendant intentionally intruded on Counterclaim Plaintiff's privacy by collecting data concerning an IP address to which Counterclaim Plaintiff allegedly subscribed without Counterclaim Plaintiff's authorization or knowledge.

71. Counterclaim Defendant intentionally violated Counterclaim Plaintiff's privacy by compelling Counterclaim Plaintiff's internet service provider ("ISP") to disclose Counterclaim Plaintiff's identifying information through the subpoena issued in this matter.

72. The information released by the subpoena obtained by Counterclaim Defendant was subject to Counterclaim Plaintiff's reasonable expectation of privacy.

73. Counterclaim Defendant publicized the false allegations against Counterclaim Plaintiff by placing its Notice of Service in the public record, in direct violation of this Court's Protective Order.

74. The allegations of Counterclaim Defendant's original Complaint and Amended Complaint are highly offensive to Counterclaim Plaintiff.

75. The allegations of Counterclaim Defendant's original Complaint and Amended Complaint would be offensive to any reasonable person.

76. There is no legitimate public concern which may provide a valid purpose for which Counterclaim Defendant made its false allegations about Counterclaim Plaintiff public.

77. Counterclaim Plaintiff has been damaged in his personal and professional life by Counterclaim Defendant's conduct.

78. In addition, due to the nature of the public disclosure of Counterclaim Plaintiff's identity, coupled with the nature of the internet, Counterclaim Plaintiff will continue to be damaged due to Counterclaim Defendant's wrongful conduct.

WHEREFORE, Counterclaim Plaintiff respectfully requests that this Court enter an Order finding that:

a. Counterclaim Defendant, Malibu Media, LLC's, conduct amounted to invasion of Counterclaim Plaintiff's privacy;

b. Grant Counterclaim Plaintiff damages in excess of $150,000;

c. Grant Counterclaim Plaintiff all fees and costs of suit; and

d. Any further relief deemed just and appropriate by this Court.

## DEMAND FOR A JURY TRIAL

Counterclaim Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Leonard J. French
Leonard J. French
Attorney for DOE #1
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 9th, 2012, I electronically filed the foregoing document with the Clerk of Courts using the CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                Respectfully submitted,

                By: /s/ Leonard J. French