IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>            Plaintiffs<br><br>         v.<br><br>JOHN DOES 1, 6, 13, 14, & 16<br>            Defendants | Civil No.: 2:12-cv-2078-MMB<br><br>Consolidated from cases<br>2:12-cv-2078-MMB<br>2:12-cv-2084-MMB<br>5:12-cv-2088-MMB<br><br><br><br>Hon. Michael M. Baylson |

ANSWER

Defendant John Doe 6, by and through undersigned counsel, Charles Thomas, Jr., hereby ANSWERS the Amended Complaint filed by Plaintiff Malibu Media, LLC (hereinafter, "Malibu") and Patrick Collins, Inc. (hereinafter "Collins"), and avers as follows:

1. Admitted as to nature of the case.

2. Admitted only insofar as Malibu's allegations; Defendant denies liability and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

3. Admitted as to subject matter jurisdiction only; Defendant denies liability and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

4. Denied. (a) Defendant admits that he resides in the Eastern District of Pennsylvania. (b) Denied. Defendant denies liability and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

5. Defendant admits that venue is proper in this Court based on the allegations in Plaintiffs' Complaint. Defendant denies any wrongdoing, denies he is liable in any way to Plaintiffs, and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

6. Admitted.

7. Admitted; however, Collins has voluntarily dismissed its claims in an earlier filing.

8. Admitted.

9. Denied in part, insofar as this paragraph alleges that Defendant infringed the Plaintiffs' works; as to the remaining averments, Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

10. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

11. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

12. Denied.

13. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

14. Defendant is without sufficient information to form a conclusion as to the truth

or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

15. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

16. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

17. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

18. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

19. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

20. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

21. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

22. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

23. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

24. Denied.

25. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

26. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

27. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

28. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

29. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

30. Denied insofar as this paragraph alleges that the Defendant is a peer; as to the

remaining averments, Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial. Defendant denies liability and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

31. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

32. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

33. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

34. Denied insofar as this paragraph alleges that the Defendant copied a piece of the Plaintiffs' works; as to the remaining allegations, Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial. Defendant denies liability and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.

35. Denied.

36. Denied insofar as this paragraph alleges that the Defendant distributed Plaintiffs' works; as to the remaining averments, Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment;

therefore, Defendant demands proof of same at time of trial.

37. Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

38. This is a legal conclusion to which no responsive pleading is required.

39. Admitted insofar as this averment claims that Plaintiff is represented by counsel; as to the remaining averments regarding Plaintiff's fee agreement with counsel, Defendant is without sufficient information to form a conclusion as to the truth or falsity of this averment; therefore, Defendant demands proof of same at time of trial.

40. Defendant adopts and incorporates his responses to Paragraphs 1-39 above as if set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied. (Each of the sub-parts of Paragraph 44 is denied. Defendant denies wrongdoing, denies liability and denies that Plaintiffs are entitled to any of the relief sought in their Amended Complaint.)

45. Denied.

46. All averments not specifically admitted are hereby DENIED.

47. In response to the paragraph on Page 8 of Plaintiffs' Amended Complaint beginning with "WHEREFORE", Defendant responds as follows: Denied. Defendant denies wrongdoing, denies liability and denies that Plaintiffs are

entitled to any of the relief sought in their Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

2. Fair use.

3. Plaintiffs' copyrights are invalid or unenforceable.

4. Implied license.

5. Misuse of copyright.

6. Abandonment.

7. Good faith intent.

8. Defendant is not liable to Plaintiff pursuant to the "Online Copyright Infringement Liability Limitation Act," as set forth at 17 U.S.C. 512.

9. Unclean hands.

10. Defendant is not liable to Plaintiffs under the *in pari delicto* doctrine.

Dated this eleventh day of January, 2013.

/S/ CHARLES THOMAS, JR.
Charles Thomas, Jr., Esq.
Attorney for John Doe 6

117 West Gay Street
Suite 316
West Chester, PA 19380
877-397-3003
ct@thomastrials.com
Attorney ID: 89781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>    Plaintiffs<br><br>   v.<br><br>JOHN DOES 1, 6, 13, 14, & 16<br>    Defendants | Civil No.: 2:12-cv-2078-MMB<br><br>Consolidated from cases<br>2:12-cv-2078-MMB<br>2:12-cv-2084-MMB<br>5:12-cv-2088-MMB<br><br><br><br>Hon. Michael M. Baylson |

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that he filed the foregoing Entry of Appearance on January 11, 2013 via the Court's CM/ECF filing system, thereby serving all parties of record.

              Respectfully submitted,

              /S/ CHARLES THOMAS, JR.
              Charles Thomas, Jr., Esq.