# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 5:12-cv-02088-MMB

MALIBU MEDIA, L.L.C.

      Plaintiff,

v.

JOHN DOES 1, 13 and 14,

      Defendants.

## PLAINTIFF'S NOTICE OF F.R.C.P. 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR COMCAST CABLE COMMUNICATIONS HOLDINGS, INC

**PLEASE TAKE NOTICE** that on February 6th, 2013 beginning at 9:00 a.m., Plaintiff, MALIBU MEDIA, L.L.C., (hereinafter "Plaintiff"), by its attorneys, will take the deposition upon oral examination of  the Records Custodian for COMCAST COMMUNICATIONS HOLDINGS, INC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure pursuant to attached subpoena.

Dated: December 21, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:     /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I served a copy of the foregoing upon the persons on the attached service list.

By:        /s/ *Christopher P. Fiore*

## SERVICE LIST

Leonard J. French, Esquire                    *U.S. Mail and E-Mail*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*

Jordan Rushie, Esquire                         *U.S. Mail and E-Mail*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

Marc J. Randazza, Esquire                      *U.S. Mail and E-Mail*
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
Tel: (702) 757-1001
rlgall@randazza.com
*Attorney for John Doe 13 (pro hac vice pending)*

Thad M. Gelsinger, Esquire                     *U.S. Mail and E-Mail*
The Law Firm of Leisawitz Heller
2755 Century Boulevard
Reading, PA 19610
Telephone: (610) 372-3500
Facsimile: (610) 372-8671
tgelsinger@LeisawitzHeller.com
*Attorneys for John Doe 14*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Pennsylvania

| | |
|---|---|
| Malibu Media, LLC.<br><br>*Plaintiff,*<br><br><div align="center">v.</div><br>John Does 1, 13 and 14,<br><br>*Defendant.* | **Civil Action No. #:  5:12-cv-02088-MMB**<br><br>UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSLYVANIA |

## SUBPOENA DUCES TECUM WITH 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR COMCAST CABLE COMMUNICATIONS HOLDINGS, INC

To:     Comcast Corporation
        c/o CT Corporation
        116 Pine Street, Ste 320
        Harrisburg, PA  17101

[X] *Production*: YOU ARE COMMANDED to appear at the time, date, and place set forth below and bring with you the documents responsive to the request set for on Schedule "A", and be prepared to discuss the topics set forth on Schedule "B".

In accordance with Rule 30(b)(6), Fed.R.Civ.P., COMCAST COMMUNICATIONS HOLDINGS, INC., shall designate one or more officers, directors or managing agents, or other persons who are most knowledgeable about the subject matter categories set forth in Exhibit "A". COMCAST COMMUNICATIONS HOLDINGS, INC., is requested to identify the designated witness for each of the subject matter categories set forth in Schedules "A" and "B" to counsel for Plaintiff no later than 5 p.m. EST on January 17, 2013. In addition, COMCAST COMMUNICATIONS HOLDINGS, INC., shall provide the documents responsive to Schedule "A" ten (10) days prior to the date of the deposition or January 25, 2013.

| Place: Veritext Court Reporting<br>25B Vreeland Road<br>Suite 301<br>Florham Park, NJ 07932 | Date and Time:<br>February 6th, 2013 @ 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _12/21/12_

CLERK OF COURT

_____          OR     _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Christopher P. Fiore, Esq., Fiore & Barber,  425 Main Street, Suite 200,  Harleysville, PA 19438, Telephone: (215) 256-0205 - Email: cfiore@fiorebarber.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it

requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is

privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

(a) Any and all document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers each of the smallest following geographic region PA, West Reading, Reading Venue, 19611.

(d) Any and all documents that refer, relate to, or comprise records indicating the amount of internet bandwidth used by                    during the past three years. Please provide these records in the smallest time increments that you maintain such records.

(e) Any and all documents that refer, relate to, or comprise records of any television shows, movies, or any other form of audiovisual performance(s) which your accounts indicate likely may have displayed on                    television (or other device capable of viewing audiovisual performances) during the last three years. For the avoidance of doubt, we are not seeking a schedule of programs generally but instead records which you may possess that indicate which programs or audiovisual performances                    ` watched.

(f) A complete copy of each of the terms and use of agreements which were in place between you and                    .

(g) A complete copy of each of the privacy policies which were in place between you and                    .

(h) A complete copy of each of the contracts which have ever been in force between you and                    .

(i) A complete copy of each of the manual(s) provided by you to                    ` in association with any and all wireless internet router(s) you provided to                    .

(j) A complete copy of each of the instruction(s) provided by you to                    ſ in association with any and all wireless internet router(s) you provided to                    √ .

(k) A complete copy of each of the manual(s) provided by you to                    ` in association with the internet service you provided to                    `, or                    ſ usage thereof.

(l) A complete copy of each of the instruction(s) provided by you to                    ſ in association with the internet service you provided to                    `, or ᴵ usage thereof.

(m)Complete copies of any or all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Complete copies of any document, including documents on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) The process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

## Schedule B

(a) Discussion of document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' customers in the each of the smallest of the following geographic region PA, West Reading, Reading Avenue, 19611.

(d) Discussion of document(s) that refers or relates to or indicates the amount of internet bandwidth used by                    during the past three years.  Please provide these records in the smallest time increments that you maintain such records.

(e) Discussion of any and all document(s) that refers, relates to, or comprises records of any television shows, movies, or any other form of audiovisual performance(s) which your records indicate(s) likely may have displayed on                    television (or other device capable of viewing audiovisual performances) during the last three years.  For the avoidance of doubt, we are not seeking to discuss a schedule of programs generally but instead to discussion the records which you may possess that indicate which programs or audiovisual performances                    watched.

(f) Explanation of each of the terms and use agreements which were in place between you and                    .

(g) Explanation of each of the privacy policies which were in place between you and

(h) Explanation of the contracts which have ever been in force between you and

(i) Interpretation of each of the manual(s) provided by you to                    in association with any and all wireless internet router(s) you provided to

(j) Explanation of the instruction(s) provided by you to                    in association with any and all wireless internet router(s) you provided to

(k) Interpretation of the manual(s) provided by you to                    in association with the internet service you provided to                    , or                    usage thereof.

(l) Explanation of the instruction(s) provided by you to                    in association with the internet service you provided to                    , or                    usage thereof.

(m) Discussion of copies of any all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Discussion of any document(s), on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) Explanation of the process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

00036l

00052

**FedEx Express** Package US Airbill

FedEx Tracking Number 8017 4882 9827

FedEx. TRK# 0215 8017 4882 9827

MON - 24 DEC A1
STANDARD OVERNIGHT

17101
PA-US
MDT

ZN MDTA

Emp# 383643 21DEC12 PNEA 515C1/82B3/6F03

Form ID No. 02

**1 From** [redacted]
Date 12/21/12
Sender's Name Christopher K. Fiore, Esq. Phone 215 256-0205
Company FIORE & BARBER LLC
Address 425 MAIN ST STE 200 Dept./Floor/Suite/Room
City HARLEYSVILLE State PA ZIP 19438-2311

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name CT Corporation Phone
Company Comcast Corporation c/o CT Corporation
Address 116 Pine street, Suite 320 Dept./Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.
Address
Use this line for the HOLD location address or for continuation of your shipping address.
City Harrisburg State PA ZIP 17101

HOLD Weekday FedEx location address REQUIRED. NOT available for FedEx First Overnight.
HOLD Saturday FedEx location address REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

0101258959

8017 4882 9827

**4 Express Pa[ckage Service]**
NOTE: Service or[der]...
Next Business
- [ ] FedEx First Ove[rnight] Earliest next business ... locations. Friday shipm[ents] ... Monday unless SATU[RDAY]...
- [ ] FedEx Priority O[vernight] Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.
- [x] FedEx Standard Overnight Next business afternoon.* Saturday Delivery NOT available.
- [ ] FedEx 2Day Second business afternoon.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.
- [ ] FedEx Express Saver Third business day.* Saturday Delivery NOT available.

**5 Packaging** *Declared value limit $500.
- [x] FedEx Envelope*
- [ ] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling and Delivery Signature Options**
- [ ] SATURDAY Delivery NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.
- [x] No Signature Required Package may be left without obtaining a signature for delivery.
- [ ] Direct Signature Someone at recipient's address may sign for delivery. Fee applies.
- [ ] Indirect Signature If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. Fee applies.

**Does this shipment contain dangerous goods?**
One box must be checked.
- [x] No
- [ ] Yes As per attached Shipper's Declaration.
- [ ] Yes Shipper's Declaration not required.
- [ ] Dry Ice Dry Ice, 9, UN 1845 ____ x ____ kg
- [ ] Cargo Aircraft Only

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.

**7 Payment** *Bill to:*
Enter FedEx Acct. No. or Credit Card No. below.
- [x] Sender Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check
- [ ] Obtain recip. Acct. No.

[redacted] [redacted]

Total Packages | Total Weight ____ lbs. | Credit Card Auth.

†Our liability is limited to US$100 unless you declare a higher value. See the current FedEx Service Guide for details.

611

Rev. Date 2/12 • Part #163134 • ©1994–2012 FedEx • PRINTED IN U.S.A. SRS

fedex.com 1.800.GoFedEx 1.800.463.3339

fedex.com 1.800.GoFedEx 1.800.463.3339

Insert shipping document here

6

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 5:12-cv-02088-MMB

MALIBU MEDIA, L.L.C.

      Plaintiff,

v.

JOHN DOES 1, 13 and 14,

      Defendants.

## PLAINTIFF'S NOTICE OF F.R.C.P. 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR COMCAST CABLE COMMUNICATIONS HOLDINGS, INC

    **PLEASE TAKE NOTICE** that on February 6th, 2013 beginning at 9:00 a.m., Plaintiff, MALIBU MEDIA, L.L.C., (hereinafter "Plaintiff"), by its attorneys, will take the deposition upon oral examination of the Records Custodian for COMCAST COMMUNICATIONS HOLDINGS, INC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure pursuant to attached subpoena.

Dated: December 21, 2012

                         Respectfully submitted,

                         FIORE & BARBER, LLC

By:    /s/ *Christopher P. Fiore*
           Christopher P. Fiore, Esquire
           Aman M. Barber, III, Esquire
           425 Main Street, Suite 200
           Harleysville, PA 19438
           Tel: (215) 256-0205
           Fax: (215) 256-9205
           Email: cfiore@fiorebarber.com
           ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I served a copy of the foregoing upon the persons on the attached service list.

By:        /s/ *Christopher P. Fiore*

## SERVICE LIST

Leonard J. French, Esquire                    *U.S. Mail and E-Mail*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*

Jordan Rushie, Esquire                        *U.S. Mail and E-Mail*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

Marc J. Randazza, Esquire                     *U.S. Mail and E-Mail*
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
Tel: (702) 757-1001
rlgall@randazza.com
*Attorney for John Doe 13 (pro hac vice pending)*

Thad M. Gelsinger, Esquire                    *U.S. Mail and E-Mail*
The Law Firm of Leisawitz Heller
2755 Century Boulevard
Reading, PA 19610
Telephone: (610) 372-3500
Facsimile: (610) 372-8671
tgelsinger@LeisawitzHeller.com
*Attorneys for John Doe 14*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Pennsylvania

| | |
|---|---|
| Malibu Media, LLC. <br><br> *Plaintiff,* <br><br><br> v. <br><br> John Does 1, 13 and 14, <br><br> *Defendant.* | **Civil Action No. #:  5:12-cv-02088-MMB** <br><br> UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSLYVANIA |

## SUBPOENA DUCES TECUM WITH 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR COMCAST CABLE COMMUNICATIONS HOLDINGS, INC

To:     Comcast Corporation
        c/o CT Corporation
        116 Pine Street, Ste 320
        Harrisburg, PA  17101

[X] *Production*: YOU ARE COMMANDED to appear at the time, date, and place set forth below and bring with you the documents responsive to the request set for on Schedule "A", and be prepared to discuss the topics set forth on Schedule "B".

In accordance with Rule 30(b)(6), Fed.R.Civ.P., COMCAST COMMUNICATIONS HOLDINGS, INC.,  shall designate one or more officers, directors or managing agents, or other persons who are most knowledgeable about the subject matter categories set forth in Exhibit "A". COMCAST COMMUNICATIONS HOLDINGS, INC., is requested to identify the designated witness for each of the subject matter categories set forth in Schedules "A" and "B" to counsel for Plaintiff no later than 5 p.m. EST on January 17, 2013. In addition, COMCAST COMMUNICATIONS HOLDINGS, INC., shall provide the documents responsive to Schedule "A" ten (10) days prior to the date of the deposition or January 25, 2013.

| Place: Veritext Court Reporting <br> 25B Vreeland Road <br> Suite 301 <br> Florham Park, NJ 07932 | Date and Time: <br> February 6th, 2013 @ 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _12/21/12_

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Christopher P. Fiore, Esq., Fiore & Barber,  425 Main Street, Suite 200,  Harleysville, PA 19438, Telephone: (215) 256-0205 - Email: cfiore@fiorebarber.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense;*
*Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it

requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is

privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

(a) Any and all document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers each of the smallest following geographic region PA, West Reading, Reading Venue, 19611.

(d) Any and all documents that refer, relate to, or comprise records indicating the amount of internet bandwidth used by                    during the past three years. Please provide these records in the smallest time increments that you maintain such records.

(e) Any and all documents that refer, relate to, or comprise records of any television shows, movies, or any other form of audiovisual performance(s) which your accounts indicate likely may have displayed on                    television (or other device capable of viewing audiovisual performances) during the last three years. For the avoidance of doubt, we are not seeking a schedule of programs generally but instead records which you may possess that indicate which programs or audiovisual performances                    watched.

(f) A complete copy of each of the terms and use of agreements which were in place between you and                    .

(g) A complete copy of each of the privacy policies which were in place between you and 

(h) A complete copy of each of the contracts which have ever been in force between you and                    .

(i) A complete copy of each of the manual(s) provided by you to                    in association with any and all wireless internet router(s) you provided to 

(j) A complete copy of each of the instruction(s) provided by you to                    ⌐ in association with any and all wireless internet router(s) you provided to                    √

(k) A complete copy of each of the manual(s) provided by you to                    in association with the internet service you provided to                    , or                    ⌐ usage thereof.

(l) A complete copy of each of the instruction(s) provided by you to                    ⌐ in association with the internet service you provided to                    , or usage thereof.

(m) Complete copies of any or all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Complete copies of any document, including documents on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) The process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

## Schedule B

(a) Discussion of document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' customers in the each of the smallest of the following geographic region PA, West Reading, Reading Avenue, 19611.

(d) Discussion of document(s) that refers or relates to or indicates the amount of internet bandwidth used by                    during the past three years.  Please provide these records in the smallest time increments that you maintain such records.

(e) Discussion of any and all document(s) that refers, relates to, or comprises records of any television shows, movies, or any other form of audiovisual performance(s) which your records indicate(s) likely may have displayed on                    television (or other device capable of viewing audiovisual performances) during the last three years.  For the avoidance of doubt, we are not seeking to discuss a schedule of programs generally but instead to discussion the records which you may possess that indicate which programs or audiovisual performances                    watched.

(f) Explanation of each of the terms and use agreements which were in place between you and                    .

(g) Explanation of each of the privacy policies which were in place between you and

(h) Explanation of the contracts which have ever been in force between you and

(i) Interpretation of each of the manual(s) provided by you to                    in association with any and all wireless internet router(s) you provided to

(j) Explanation of the instruction(s) provided by you to                    in association with any and all wireless internet router(s) you provided to

(k) Interpretation of the manual(s) provided by you to                    in association with the internet service you provided to                    , or                    usage thereof.

(l) Explanation of the instruction(s) provided by you to                    in association with the internet service you provided to                    , or                    usage thereof.

(m) Discussion of copies of any all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Discussion of any document(s), on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) Explanation of the process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

MON – 24 DEC  A1
STANDARD OVERNIGHT

17101
PA-US
MDT

fedex.com 1.800.GoFedEx 1.800.463.3339

**FedEx.**
TRK#  8017 4882 9827
(0215)

ZN MDTA

**FedEx**
Express

**Package**
**US Airbill**

FedEx
Tracking
Number

8017 4882 9827

**1 From**
Date _____

Sender's
Name _Stanley H. Fiore, Esq.____ Phone _215 256-0205_

Company _FLUKE & BARBER LLC_

Address _425 MAIN ST STE 200_

City _HARLEYSVILLE_  State _PA_  ZIP _19438-2311_

**2  Your Internal Billing Reference**

**3  To**
Recipient's
Name _T (Corporation_  Phone _____

Company _Comcast Corporation c/o Corporation_

Address _112 Pine Street Suite 300_

Address _____  Dept./Floor/Suite/Room

City _Harrisburg_  State _PA_  ZIP _17101_

fedex.com 1.800.GoFedEx 1.800.463.3339

8017 4882 9827

0101258959

**4  Express Pa**
NOTE: Service orc

**Next Business**
☐ FedEx First Ove
☐ FedEx Priority Ov
☑ FedEx Standard Overnight

**5  Packaging**
☑ FedEx Envelope*  ☐ FedEx Pak*  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other

**6  Special Handling and Delivery Signature Options**
☐ SATURDAY Delivery

**Does this shipment contain dangerous goods?**
☐ No  ☐ Yes  ☐ Yes  ☐ Dry Ice  ☐ Cargo Aircraft Only

**7  Payment**  Bill to:
☑ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

Total Packages   Total Weight

611

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. <u>5:12-cv-02088-MMB</u>

MALIBU MEDIA, L.L.C.

      Plaintiff,

v.

JOHN DOES 1, 13 and 14,

      Defendants.

## PLAINTIFF'S NOTICE OF F.R.C.P. 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR COMCAST CABLE COMMUNICATIONS HOLDINGS, INC

**PLEASE TAKE NOTICE** that on February 6th, 2013 beginning at 9:00 a.m., Plaintiff, MALIBU MEDIA, L.L.C., (hereinafter "Plaintiff"), by its attorneys, will take the deposition upon oral examination of the Records Custodian for COMCAST COMMUNICATIONS HOLDINGS, INC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure pursuant to attached subpoena.

Dated: December 21, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:    <u>/s/ *Christopher P. Fiore*</u>
       Christopher P. Fiore, Esquire
       Aman M. Barber, III, Esquire
       425 Main Street, Suite 200
       Harleysville, PA 19438
       Tel: (215) 256-0205
       Fax: (215) 256-9205
       Email: cfiore@fiorebarber.com
       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I served a copy of the foregoing upon the persons on the attached service list.

By:     */s/ Christopher P. Fiore*

## SERVICE LIST

Leonard J. French, Esquire                                *U.S. Mail and E-Mail*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*

Jordan Rushie, Esquire                                   *U.S. Mail and E-Mail*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

Marc J. Randazza, Esquire                               *U.S. Mail and E-Mail*
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
Tel: (702) 757-1001
rlgall@randazza.com
*Attorney for John Doe 13 (pro hac vice pending)*

Thad M. Gelsinger, Esquire                              *U.S. Mail and E-Mail*
The Law Firm of Leisawitz Heller
2755 Century Boulevard
Reading, PA 19610
Telephone: (610) 372-3500
Facsimile: (610) 372-8671
tgelsinger@LeisawitzHeller.com
*Attorneys for John Doe 14*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Pennsylvania

| | |
|---|---|
| Malibu Media, LLC.<br><br>*Plaintiff,*<br><br><br>v.<br><br>John Does 1, 13 and 14,<br><br>*Defendant.* | **Civil Action No. #:**  5:12-cv-02088-MMB<br><br>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSLYVANIA |

## SUBPOENA DUCES TECUM WITH 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR COMCAST CABLE COMMUNICATIONS HOLDINGS, INC

To:     Comcast Corporation
        c/o CT Corporation
        116 Pine Street, Ste 320
        Harrisburg, PA  17101

[X] *Production*: YOU ARE COMMANDED to appear at the time, date, and place set forth below and bring with you the documents responsive to the request set for on Schedule "A", and be prepared to discuss the topics set forth on Schedule "B".

In accordance with Rule 30(b)(6), Fed.R.Civ.P., COMCAST COMMUNICATIONS HOLDINGS, INC., shall designate one or more officers, directors or managing agents, or other persons who are most knowledgeable about the subject matter categories set forth in Exhibit "A". COMCAST COMMUNICATIONS HOLDINGS, INC., is requested to identify the designated witness for each of the subject matter categories set forth in Schedules "A" and "B" to counsel for Plaintiff no later than 5 p.m. EST on January 17, 2013. In addition, COMCAST COMMUNICATIONS HOLDINGS, INC., shall provide the documents responsive to Schedule "A" ten (10) days prior to the date of the deposition or January 25, 2013.

| | |
|---|---|
| Place: Veritext Court Reporting<br>25B Vreeland Road<br>Suite 301<br>Florham Park, NJ 07932 | Date and Time:<br> February 6th, 2013 @ 9:00 a.m. |

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _12/21/12_

                              CLERK OF COURT

_____      OR      _____
Signature of Clerk or Deputy Clerk           Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Christopher P. Fiore, Esq., Fiore & Barber, 425 Main Street, Suite 200, Harleysville, PA 19438, Telephone: (215) 256-0205 - Email: cfiore@fiorebarber.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it

requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is

privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

(a) Any and all document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers each of the smallest following geographic region PA, Collegeville, Greene Meadow Drive, 19426.

(d) Any and all documents that refer, relate to, or comprise records indicating the amount of internet bandwidth used by                     during the past three years. Please provide these records in the smallest time increments that you maintain such records.

(e) Any and all documents that refer, relate to, or comprise records of any television shows, movies, or any other form of audiovisual performance(s) which your accounts indicate likely may have displayed on               ; television (or other device capable of viewing audiovisual performances) during the last three years. For the avoidance of doubt, we are not seeking a schedule of programs generally but instead records which you may possess that indicate which programs or audiovisual performances           ; watched.

(f) A complete copy of each of the terms and use of agreements which were in place between you and               ;.

(g) A complete copy of each of the privacy policies which were in place between you and             ;.

(h) A complete copy of each of the contracts which have ever been in force between you and

(i) A complete copy of each of the manual(s) provided by you to                     in association with any and all wireless internet router(s) you provided to

(j) A complete copy of each of the instruction(s) provided by you to                     ; in association with any and all wireless internet router(s) you provided to

(k) A complete copy of each of the manual(s) provided by you to                     in association with the internet service you provided to                     or           ; usage thereof.

(l) A complete copy of each of the instruction(s) provided by you to                     ; in association with the internet service you provided to                     , or           ; usage thereof.

(m) Complete copies of any or all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Complete copies of any document, including documents on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) The process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

## Schedule B

(a) Discussion of document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' customers in the each of the smallest of the following geographic region PA, Collegeville, Greene Meadow Drive, 19426.

(d) Discussion of document(s) that refers or relates to or indicates the amount of internet bandwidth used by                              during the past three years. Please provide these records in the smallest time increments that you maintain such records.

(e) Discussion of any and all document(s) that refers, relates to, or comprises records of any television shows, movies, or any other form of audiovisual performance(s) which your records indicate(s) likely may have displayed on                              television (or other device capable of viewing audiovisual performances) during the last three years. For the avoidance of doubt, we are not seeking to discuss a schedule of programs generally but instead to discussion the records which you may possess that indicate which programs or audiovisual performances                              watched.

(f) Explanation of each of the terms and use agreements which were in place between you and

(g) Explanation of each of the privacy policies which were in place between you and

(h) Explanation of the contracts which have ever been in force between you and

(i) Interpretation of each of the manual(s) provided by you to                              in association with any and all wireless internet router(s) you provided to

(j) Explanation of the instruction(s) provided by you to                              in association with any and all wireless internet router(s) you provided to

(k) Interpretation of the manual(s) provided by you to                              in association with the internet service you provided to              , or                       usage thereof.

(l) Explanation of the instruction(s) provided by you to                              in association with the internet service you provided to                              or                        usage thereof.

(m) Discussion of copies of any all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Discussion of any document(s), on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) Explanation of the process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

FedEx Express

**US Airbill** Package

FedEx Tracking Number  8017 4882 9838

**1 From**

Date

Sender's Name  Christopher P. Fiore, Esq.  Phone  215 256-0205

Company  FIORE & BARBER LLC

Address  425 MAIN ST STE 200

City  HARLEYSVILLE  State  PA  ZIP  19438-2311

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name  Phone

Company  Comcast Corporation c/o CT Corporation

Address  116 Pine Street, Suite 320

City  Harrisburg  State  PA  ZIP  17101

0101258959

8017 4882 9838

MON – 24 DEC  A1
STANDARD OVERNIGHT

17101
PA-US
MDT

FedEx
TRK#  8017 4882 9838

ZN MDTA

**4 Express Package Service**

NOTE: Service order has changed. Please select carefully.

Next Business Day

- [ ] FedEx First Overnight
- [ ] FedEx Priority Overnight
- [x] FedEx Standard Overnight

**5 Packaging**

- [x] FedEx Envelope*
- [ ] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling and Delivery Signature Options**

- [ ] SATURDAY Delivery

Does this shipment contain dangerous goods?

- [ ] No
- [ ] Yes

- [x] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**7 Payment**  Bill to:

- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight

fedex.com  1.800.GoFedEx  1.800.463.3339