# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------X
                                           :
MALIBU MEDIA, LLC,                         :
                                           :    Civil Action No. 2012-2078
                          Plaintiff,       :
                                           :    Consolidated from Cases:
             vs.                           :    2:12-cv-02078-MMB
                                           :    2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,            :    5:12-cv-02088-MMB
                                           :
                          Defendants.      :
                                           :
-----------------------------------------------------------------X
```

## PLAINTIFF'S PARTIALLY AGREED MOTION TO STRIKE OR SUMMARILY DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES [CM/ECF NO. 58]

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................... 4

II.  ARGUMENT ....................................................................................................... 4

    A.  Legal Standard ........................................................................................ 4

    B.  Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed ............................................................................. 6

        a.  Defendant's Second Affirmative Defense (Fair Use) Should be Stricken .......... 6

        b.  Defendant's Third Affirmative Defense (Invalid Copyright) Should be Stricken .................................................................................................... 6

        c.  Defendant's Fourth Affirmative Defense (Implied License) Should be Stricken 7

        d.  Defendant's Fifth Affirmative Defense (Misuse of Copyright) Should be Stricken ................................................................................................ 8

        f.  Defendant's Seventh Affirmative Defense (Good Faith Intent) Requires a More Definite Statement Under Rule 12(e) ............................................. 10

        g.  Defendant's Eighth Affirmative Defense (Online Copyright Infringement Liability Limitation Act) Should be Stricken .................................... 12

        h.  Defendant's Ninth Affirmative Defense (Unclean Hands) Should be Stricken  13

III.  CONCLUSION .................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) ............................. 6

*Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ...................... 9

*Atkins v. Fischer*, 331 F.3d 988, 991 (D.C. Cir. 2003) ................................................................. 7

*Atkins*, 331 F.3d at 991-92 .......................................................................................................... 7

*Bailey-P.V.S. Oxides, LLC v. S and K Packaging, Inc.*, 2009 WL 3294862, at *1 (W.D. Pa. 2009)
........................................................................................................................................... 5

*BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) .................................................. 6

*Castle v. Cohen*, 676 F. Supp. 620, 627 (E.D. Pa. 1987) ........................................................... 13

*Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.,* 290 F.3d 548, 560
(3d Cir. 2002) ..................................................................................................................... 9

*Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011) ......................................... 5, 7

*Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ........ 8

*Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990) ................................................ 8

*Federal Practice and Procedure*, § 1380 at 782 (1969) ................................................................ 4

*Fesnak and Associates, LLP v. U.S. Bank Nat. Ass'n*, 722 F.Supp.2d 496, 502 (D. Del. 2010).... 5

*FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005) ...................... 13

*Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991) ................................ 5

*Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ........................... 5

*Johnson & Johnson v. Am. Home Products Corp.*, 1996 WL 39445 (E.D. Pa. 1996) ................. 5

*Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ............. 8

*MacLean Assocs. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir.1991). 7

*Mike Rosen & Associates, P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 119 (E.D. Pa. 1996)
......................................................................................................................................... 14

*Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002)...................... 8

*Radio Corp. of Am. v. Hygrade Sylvania Corp.*, 10 F. Supp. 879, 883 (D.N.J. 1934) ................ 13

*Religious Tech. Ctr. v. Lerma*, 1996 WL 633131, at *12 (E.D. Va. 1996) .................................. 9

*S and K Packaging*, 2009 WL 3294862, at *1 ........................................................................... 5

*Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2005 WL 67077, at *7 (E.D. Pa. 2005)....... 11

*Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011) .................... 6

*Taro Pharmaceuticals North America Inc. v. Suven Life Sciences, Ltd.*, 2012 WL 2513523, at *4
(D.N.J. 2012) ..................................................................................................................... 5

*U.S. v. Union Gas Co.*, 743 F.Supp. 1144, 1150 (E.D. Pa. 1990) ............................................... 4

*Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y.
2004)................................................................................................................................... 8

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 204 (3d Cir. 2003) ........... 8

*Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 743 (S.D.N.Y. 2012) .................... 12

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order striking or summarily dismissing the Affirmative Defenses filed by Defendant, John Doe 1 ("Defendant"), and files this memorandum in support.

## I.   INTRODUCTION

On February 4, 2013 Plaintiff and Defendant discussed over the phone Plaintiff's intention to file the instant motion.  During this good faith conference Defendant voluntarily agreed to striking its First Affirmative Defense (Failure to State a Claim for Relief).  Plaintiff and Defendant were unable to reach a consensus regarding the remaining affirmative defenses which Defendant attempts to assert: (a) fair use; (b) invalid copyright; (c) implied license; (d) misuse of copyright; (e) abandonment; (f) good faith intent; (g) Online Copyright Infringement Liability Limitation Act; and (h) unclean hands.  As more fully explained below, each of the asserted Affirmative Defenses is insufficient and should be stricken or summarily dismissed by the Court.

## II.   ARGUMENT

### A.   Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) "is the 'primary procedure' for objecting to an insufficient affirmative defense." *U.S. v. Union Gas Co.*, 743 F.Supp. 1144, 1150 (E.D. Pa. 1990), *quoting* 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1380 at 782 (1969).  Motions to strike affirmative defenses "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the

case." *Id*. An affirmative defense is legally insufficient if it is not recognized as a legal defense to the cause of action, *Taro Pharmaceuticals North America Inc. v. Suven Life Sciences, Ltd.*, 2012 WL 2513523, at *4 (D.N.J. 2012) (citations omitted), or where it cannot succeed "under any set of facts which may be inferred from the allegations of the pleading." *Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991).

Further, "a court is not required to accept affirmative defenses that are mere bare bones conclusory allegations, and may strike such inadequately pleaded defenses." *Fesnak and Associates, LLP v. U.S. Bank Nat. Ass'n*, 722 F.Supp.2d 496, 502 (D. Del. 2010) (citation omitted). Affirmative defenses "are pleadings, subject to the general pleading requirements of the Federal Rules of Civil Procedure, including the 'short and plain statement' rule." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011), *citing Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). In other words, "when an affirmative defense omits a short and plain statement of facts entirely and fails totally to allege the necessary elements of the claim, it has not satisfied the pleading requirements of the Federal Rules." *Id*.

Additionally, entry of summary judgment under Fed. R. Civ. P. 56 "appl[ies] to affirmative defenses." *Bailey-P.V.S. Oxides, LLC v. S and K Packaging, Inc.*, 2009 WL 3294862, at *1 (W.D. Pa. 2009); *see also Johnson & Johnson v. Am. Home Products Corp.*, 1996 WL 39445 (E.D. Pa. 1996) (granting motion for summary judgment on defendant's second affirmative defense). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *S and K Packaging*, 2009 WL 3294862, at *1, *citing* Fed. R. Civ. P. 56(c).

**B.** **Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed**

    **a.** **Defendant's Second Affirmative Defense (Fair Use) Should be Stricken**

Defendant's Second Affirmative Defense of "fair use" should be stricken as insufficient because it is directly contrary to applicable case law.

Indeed, courts have expressly rejected a fair use defense in cases involving copyright infringement in the context of peer-to-peer file sharing. *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011) (expressly rejecting "fair use" defense by copyright infringement defendant); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) (holding that uploading and downloading of digital audio files containing copyrighted music through internet service facilitating transmission and retention of such files by users was not fair use of copyrighted works); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (holding that "downloading full copies of copyrighted material without compensation to authors cannot be deemed 'fair use.'")

Defendant's Second Affirmative Defense thus contradicts established precedent and should be stricken.

    **b.** **Defendant's Third Affirmative Defense (Invalid Copyright) Should be Stricken**

Defendant's Third Affirmative Defense should be stricken as conclusory. For its defense, Defendant alleges only that "Plaintiff's copyrights are invalid and/or unenforceable." Affirmative Defenses, ¶ 3. Defendant's assertion is vague and ambiguous. There are myriad reasons why a copyright may be invalid. Without providing a specific reason, Plaintiff cannot begin to formulate a response to inform the Court why such reason is invalid. Moreover, the scope of relevant discovery cannot be ascertained. In sum, Defendant "omits a short and plain

statement of facts entirely and fails totally to allege the necessary elements of the claim, [and therefore] has not satisfied the pleading requirements of the Federal Rules." *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011).   Defendant's Third Affirmative Defense, therefore, should be stricken.[1]

### c.   Defendant's Fourth Affirmative Defense (Implied License) Should be Stricken

Defendant's Fourth Affirmative Defense should be stricken as insufficient and directly contrary to the pleadings.  Defendant asserts for its defense that Plaintiff "authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and his claims are therefore barred by the doctrine of implied license."  Affirmative Defenses, ¶ 4.

Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved.  *Atkins v. Fischer*, 331 F.3d 988, 991 (D.C. Cir. 2003) ("A nonexclusive license may be granted orally or arise from the conduct of the parties."); *MacLean Assocs. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir.1991) (same) (citation and quotations omitted).  Courts have held that an implied license arises where the following three elements are met: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work.  *Atkins*, 331 F.3d at 991-92

---

[1] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations" concerning the conduct underlying the claims for relief.  *Thomas v. Independence Tp.*, 463 F.3d 285, 301 (3d Cir. 2006).

(citation and quotations omitted); *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002), *citing Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).

None of the prongs of the *Effects* test above can be met in this instance.  First, Defendant cannot allege that he or she requested the work in question from Plaintiff.  Second, in the context of <u>unauthorized</u> file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant pursuant to a "meeting of the minds."  *See, e.g., Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds."); *Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ("To create an implied agreement one must have a meeting of the minds as in any contract, the variance from an express agreement being only the character of the evidence used to establish it.")

Third, under the facts in this case, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement.  *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.").  Defendant's Fourth Affirmative Defense is thus insufficient and should be stricken.

> ### d.   <u>Defendant's Fifth Affirmative Defense (Misuse of Copyright) Should be Stricken</u>

Defendant's Fifth Affirmative Defense for misuse of copyright should be stricken as conclusory and inapplicable to this case.  The defense of misuse of copyright often exists where the "copyright holder has engaged in some form of anti-competitive behavior."  *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 204 (3d Cir. 2003).  Misuse of copyright

applies "where the copyright owner tries to extend the copyright beyond its intended reach, thereby augmenting the physical scope of copyright protection.  It typically arises in situations where it is alleged that the copyright owner projected his unique rights in a work onto other, unrelated products or services." *Religious Tech. Ctr. v. Lerma*, 1996 WL 633131, at *12 (E.D. Va. 1996).

Here, Defendant only makes the "bare bones" allegation that "Plaintiff's claims are barred by the doctrine of misuse of copyright."  Affirmative Defenses, ¶ 5.  This allegation is conclusory and fails to allege any element of the defense.  Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse.  *See, e.g., Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")  Defendant's Fifth Affirmative Defense thus fails as a matter of law and should be stricken.

### e.   **Defendant's Sixth Affirmative Defense (Abandonment) Should be Stricken**

Defendant's Sixth Affirmative Defense for abandonment should be stricken. "Abandonment occurs only if there is an intent by the copyright proprietor to surrender rights in his work." *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.,* 290 F.3d 548, 560 (3d Cir. 2002).  "While there is a split of authority as to whether an overt act is necessary to establish abandonment, it is undisputed there must be either an act, or a failure to act, from which we can readily infer an intent to abandon the right."  *Id.*

9

Here, Plaintiff has never taken any act that would indicate abandonment.   Indeed, Plaintiff provides copyright notice on its website X-art.com[2] which distributes its videos. Further, Plaintiff provides copyright notice on nearly all of its videos.   Additionally it has enacted a national campaign to deter the hundreds of thousands that infringe their copyright.   For these reasons, Defendant's affirmative defense is utterly devoid of any factual basis, and since it was pled without any factual support, it should be stricken.

### f.   Defendant's Seventh Affirmative Defense (Good Faith Intent) Requires a More Definite Statement Under Rule 12(e)

Defendant's Seventh Affirmative Defense asserts that Plaintiff's claims are barred because Defendant "acted in good faith and without any intent to infringe Plaintiff's work." Affirmative Defenses, ¶ 7.   Here, Defendant infringed upon four separate works. Three of those works contained copyright notices.   While an "innocent infringer" defense is recognized under the Copyright Act, and may serve to reduce statutory damages, it does not apply where a copyright notice appears on the copies of the infringed works at issue.   Accordingly, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement appropriately limiting Defendant's Seventh Affirmative Defense to only the single work that does not contain a copyright notice.

Rule 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific

---

[2]   *See* http://x-art.com/legal/ stating: "[t]he content, materials, images, designs and other media (collectively, the "Content") which appear on x-art.com are protected by United States and worldwide copyright laws and may not be reproduced, transmitted, copied, edited, or published in any way whatsoever without the written permission of x-art.com.   Unauthorized reproduction, distribution or use of the Content is strictly prohibited.   Without exception, copyright violators will be pursued and prosecuted to the fullest extent of the law."

factual allegations" concerning the conduct underlying the claims for relief.   *Thomas v. Independence Tp.*, 463 F.3d 285, 301 (3d Cir. 2006).  Defendant's affirmative defense is vague and ambiguous because Defendant has not identified which of the infringed works is subject to the defense and Defendant cannot claim innocent infringement for all four works.

The Copyright Act provides that in a case where the infringer "sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."  17 U.S.C. § 504(c)(2).

This potential reduction of statutory damages is not available, however, where a copyright notice appears on an infringed work.  This is so because the Copyright Act also provides that if "a notice of copyright… appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages…[.]"  17 U.S.C. § 401(d).  *See also Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2005 WL 67077, at *7 (E.D. Pa. 2005) (holding "innocent infringer" defense unavailable where "notice of copyright appears on the infringed work."), *citing* 17 U.S.C. § 401(d).

In this case, a copyright notice plainly appears on Plaintiff's works, save one.  *See* screenshots of title frames and copyright notices for Plaintiff's infringed works, attached hereto as Composite Exhibit "A."  Further, Plaintiff's website states that its works are copyrighted.  *See* Footnote 2, *supra*.  The innocent infringer defense is only applicable to the infringement of a single work in this instance.  A more definite statement by Defendant is necessary and proper to limit the defense to the single affected movie containing no copyright notice and to avoid

wasting "the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *U.S. v. Union Gas Co.*, 743 F.Supp. at 1150 (E.D. Pa. 1990). Accordingly, this Court should order a more definite statement from Defendant under Rule 12(e).

### g.   Defendant's Eighth Affirmative Defense (Online Copyright Infringement Liability Limitation Act) Should be Stricken

Defendant's Eighth Affirmative Defense should be stricken because the Online Copyright Infringement Liability Limitation Act, 17 U.S.C. § 512, *et seq.*, does not apply to Defendant.  In short, it applies to ISPs.  Here, Plaintiff sued Defendant for direct copyright infringement as an individual who has engaged in unlawful file-sharing.  "To qualify for the 'safe harbor' provisions under the DMCA, a party must meet certain threshold requirements, including that the party (1) must be a "service provider" as defined by the statute."  *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 743 (S.D.N.Y. 2012).   There are two definitions for the term "service provider":

> (A)   As used in subsection (a), the term 'service provider' means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.
>
> (B)   As used in this section, other than subsection (a), the term 'service provider' means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in paragraph (A).

17 U.S.C. § 512(k)(1).  It is clear from the above definition that Defendant—an individual and <u>not</u> an entity or provider of online services—does not qualify for the safe harbor provisions of § 512.  (See also the safe harbor "Conditions for Eligibility" found in § 512(i) that must be satisfied in order to take advantage of the provisions of § 512.)  "Congress decided to pass a

special set of rules for ISPs . . . It is not the role of this Court to extend Congress's specific intent . . .[.]" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 418 (D.N.J. 2005). Accordingly, Defendant's Eighth Affirmative Defense should be stricken.

### h. Defendant's Ninth Affirmative Defense (Unclean Hands) Should be Stricken

Defendant's Ninth Affirmative Defense asserting "unclean hands" should be stricken. Defendant's affirmative defense only states, "Plaintiff should not recover any damages under the doctrine of unclean hands."  Affirmative Defenses, ¶ 9.  This is conlusory and vague.  The doctrine of unclean hands applies to bar a claim only if: "(1) a party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to the matter in issue (4) that injures the other party and (5) affects the balance of equities between the litigants." *Castle v. Cohen*, 676 F. Supp. 620, 627 (E.D. Pa. 1987).

Further, the defense of unclean hands in a copyright infringement action

> "…is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action."  Nimmer on Copyright § 13.09[B].  The unclean hands defense should be rejected when the "plaintiff's transgression is of an extraneous, immaterial, or inconsequential nature, or possibly when the defendant has been guilty of conduct more unconscionable and unworthy than the plaintiff's." *Id.*

*FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005).

Here, Defendant has not asserted that Plaintiff's behavior is related to the matter at issue. *See Radio Corp. of Am. v. Hygrade Sylvania Corp.*, 10 F. Supp. 879, 883 (D.N.J. 1934) (striking unclean hands affirmative defense for failing to state conduct directly connected with the subject matter of the suit).  Indeed, Defendant has not asserted any behavior by Plaintiff that may qualify as unclean hands.  Further, Defendant does not state whether his defense rests on fraud, deceit, unconscionability, or bad faith.  As this Court has held, an unclean hands affirmative defense

13

should be stricken when it is conclusory, failing to assert any facts that, if proved, would amount

to unclean hands. *See Mike Rosen & Associates, P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115,

119 (E.D. Pa. 1996).  Defendant's Ninth Affirmative Defense, therefore, should be stricken.

## III.   <u>CONCLUSION</u>

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken

or summarily dismissed, as appropriate.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Striking Defendant's First Affirmative Defense (Failure to State a Claim).

(B)     Granting Plaintiff's Motion to Strike or Summarily Dismiss Defendant's
remaining Affirmative Defenses;

(C)     Striking or summarily dismissing Defendant's remaining Affirmative Defenses;
and

(D)     Granting Plaintiff such other and further relief as this Court deems just and
proper.

Dated:  February 4, 2013

Respectfully submitted,

FIORE & BARBER, LLC

By:      /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Christopher P. Fiore*