UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------X
                                            :
MALIBU MEDIA, LLC,                          :
                                            :   Civil Action No. 2012-2078
                  Plaintiff,                :
                                            :   Consolidated from Cases:
            vs.                             :   2:12-cv-02078-MMB
                                            :   2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,             :   5:12-cv-02088-MMB
                                            :
                  Defendants.               :
                                            :
------------------------------------------------------------X
```

## MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING COMCAST AND VERIZON TO COMPLY WITH A THIRD PARTY SUBPOENA

Plaintiff, Malibu Media, LLC ("Plaintiff"), moves for entry of an order authorizing Comcast and Verizon to comply with Plaintiff's third party subpoenas, and states:

1. Plaintiff established a direct TCP/IP connection with a computer using Defendants' IP Addresses.

2. In response to subpoenas requesting that Comcast Communications Holdings, Inc. ("Comcast") and Verizon Internet Services ("Verizon") (collectively, the "ISPs"), identified the subscribers to whom they assigned the IP Addresses. Specifically, the ISPs identified Defendants as the applicable subscribers.

3. On December 28, 2012, Plaintiff served Subpoenas Duces Tecum for Deposition (the "Subpoenas") on Comcast and Verizon Internet Services. Copies of the Subpoenas are attached as Exhibits A and B.

4. In response to the Subpoenas, the ISPs objected on various grounds.

1

5. Since then, undersigned has had multiple good faith conferences with counsel for both of the ISPs regarding their compliance with the subpoenas.

6. During these conversations, undersigned agreed to limit the scope of the subpoenas to documents and Fed.R.Civ.P. 30(b)(6) deposition topics to those that refer or relate to:

(a) Plaintiff's ability to lay the foundation for the introduction of the correlation of IP Address to subscriber for purposes of use at trial (i.e., laying the foundation that the correlating documents produced by the ISPs are business records);

(b) Information about the reliability of the ISPs' correlating technique;

(c) DMCA notices and if applicable six strike notices sent to the applicable subscribers;

(d) Defendants' Bandwidth usage;

(e) Content viewed by Defendants to the extent the content is the same show or movie that Plaintiff learned from third party BitTorrent scanning companies that Defendants also used BitTorrent to download and distribute.

7. Each of the above categories of documents and Fed.R.Civ.P. 30(b)(6) deposition topics is highly relevant. Indeed, (a) if Plaintiff cannot introduce the correlating evidence into trial then Plaintiff will lose this case. It is quite simply outcome dispositive. (b) The reliability of the ISPs' correlating techniques is also highly relevant. In other words, if the ISPs say there is a 99.99% chance that the correlation is accurate then that virtually eliminates any argument that there was a misidentification at the ISP correlation level. (c) DMCA notices and six strike notices are relevant because these notices may prove a pattern of infringement and/or notice that infringement is occurring. (d) Bandwidth usage is relevant because people who are heavy BitTorrent users use significantly more bandwidth than normal internet users. Finally, (e)

Plaintiff has evidence that Defendants have used BitTorrent to download and distribute works belonging to third parties. If the Defendants also ordered these works from the ISPs or prequels or sequels to these works from the ISPs then it probative evidence that the person using the BitTorrent to down and distribute the third party works also controlled the pay-per-view cable selections.

8. A deposition is needed because: (a) so that Plaintiff can avoid surprises at trial and properly prepare for trial; and (b) if the ISPs ignore a trial subpoena Plaintiff needs to be able to read the ISPs depositions into evidence. Also, Plaintiff intends to seek Defendants' stipulation to reading the deposition into evidence at trial so as to avoid the necessity of having the ISPs appear as witnesses.

9. Pursuant to the Cable Act 47 U.S.C. § 551(c), a court order authorizing the ISPs to comply with the subpoenas is necessary.

10. Plaintiff has reached an agreement with Comcast about the scope of the subpoena. And, Comcast has agreed to sit for a deposition.

11. Plaintiff is still negotiating with Verizon. Toward that end, Plaintiff has asked attorney Ronald Smith if his client will agree to certain stipulations that may avoid the necessity of having to take Verizon's deposition. Regardless, Verizon will requires that an order be entered authorizing it to comply to with the subpoena. If necessary, Plaintiff will file a Motion to Compel Verizon to comply with the subpoena in Texas where it is headquartered.

WHEREFORE Plaintiff respectfully requests that the Court enter an order authorizing the ISPs to comply with the subpoena duces tecum for deposition as narrowed by the parties through their good faith conference negotiations outlined above.

Dated:  February 15, 2013

      Respectfully submitted,

      By: /s/ *M. Keith Lipscomb*
      M. Keith Lipscomb (429554)
      klipscomb@lebfirm.com
      LIPSCOMB, EISENBERG & BAKER, PL
      2 South Biscayne Blvd.
      Penthouse 3800
      Miami, FL 33131
      Telephone: (786) 431-2228
      Facsimile:  (786) 431-2229
      *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: /s/ *M. Keith Lipscomb*

## **SERVICE LIST**

Leonard J. French, Esquire                    CM/ECF
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*


Jordan Rushie, Esquire                        CM/ECF
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

## SERVICE LIST (CONTINUED)

| | |
|---|---|
| Marc J. Randazza, Esquire<br>Randazza Legal Group<br>6525 W. Warm Springs Rd., Ste. 100<br>Las Vegas, NV 89118<br>rlgall@randazza.com<br>*Attorney for John Doe 13 (pro hac vice pending)* | *CM/ECF* |
| Thad M. Gelsinger, Esquire<br>The Law Firm of Leisawitz Heller<br>2755 Century Boulevard<br>Reading, PA 19610<br>tgelsinger@LeisawitzHeller.com<br>*Attorneys for John Doe 14* | *CM/ECF* |
| Ronald A. Smith, Esq.<br>Ronald A. Smith & Associates<br>1617 JFK Boulevard<br>Suite 1240<br>Philadelphia, PA 19103<br>Email: ronaldasmithesq@aol.com<br>*Attorneys for John Doe 16* | *CM/ECF* |
| John Seiver<br>Davis Wright Tremaine, LLP<br>1919 Pennsylvania Avenue NW<br>Suite 800<br>Washington, DC 20006-3401<br>Email: Johnseiver@dwt.com | *U.S. Mail and E-Mail* |
| Giancarlo Urey, Esq.<br>Morrison & Foerster, LLP<br>555 West Fifth Street<br>Los Angeles, CA 90013-1024<br>Email: GUrey@mofo.com | *U.S. Mail and E-Mail* |