IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>               Plaintiff,<br><br>v.<br><br>JOHN DOES 1, 6, 13, 14, and 16<br>               Defendants. | CIVIL ACTION NO. 12-2078<br><br>[Related and Consolidated:   12-2084<br>                                       12-2088] |

## REVISED SCHEDULING ORDER

**AND NOW,** this 12th day of March, 2013, the Court held an unrecorded telephone conference with counsel on March 11, 2013, to discuss a Joint Motion to Continue Trial (ECF #100) which will be **GRANTED**. The Court agreed that the "bellwether trial" scheduled to begin April 3, 2013 will be continued because of delays in completing the pleadings and certain discovery issues which have just been resolved.

Also on the phone was John Seiver, Esquire, counsel for Comcast, which along with other entities, had received a third party subpoena, and has resolved objections filed to the subpoena.

Because this is a bellwether trial that may serve as a template for other proceedings, and for other reasons discussed during the telephone conference, the Court believes that the trial should be held as promptly as possible, and has taken into account a number of factors which were discussed during the conference, in setting the following schedule:

1.       Counsel shall promptly complete their discussions about discovery and arrive at specific dates for depositions of parties or recipients of third party subpoenas. The Court requests counsel to complete all fact depositions by April 30, 2013. If necessary and for cause, fact depositions may be taken subsequently, up to fourteen (14) days before trial. Counsel are

encouraged to advise the Court, either by motion or letter, of discovery disputes, particularly if they concern scheduling, for prompt resolution.

2. Although not specifically discussed during the telephone conference, the Court will set a date for service of expert reports, which may be modified by mutual agreement of counsel if confirmed by correspondence to Chambers, as follows:

     a. Plaintiff's expert reports:  April 26, 2013

     b. Defendants' expert reports:  May 10, 2013

3. The Court set the following dates for filing and briefing of dispositive motions, but cautioned counsel that because this is a bellwether trial, resolution of the issues may be of relevance to other parties and courts.  Therefore, unless any Rule 56 motion presents a clear and dispositive issue of law, the Court is likely to conduct a trial so there could be direct and cross examination of fact and expert witnesses, to be followed by either jury verdict/interrogatories or, if a non-jury trial, findings of fact and conclusions of law by the Court.

     a. Filing of dispositive motions:  May 15, 2013

     b. Responses:  May 29, 2013

     c. Reply briefs:  June 5, 2013

4. Counsel shall follow the Court's procedures which require, for dispositive motions, a statement of undisputed facts in consecutively numbered paragraphs by the moving party, with paragraph-by-paragraph responses, either admitting the asserted undisputed facts, or if disputed, citing precisely to the record, or adding additional undisputed facts, and if the latter, then a similar response by the moving party to the additional paragraphs.

5. Plaintiff's pretrial memorandum, listing witnesses and exhibits and other matters as required by our local rule:  May 21, 2013.

      6.      Defendants' pretrial memorandum: June 5, 2013.

      7.      Any motions in limine shall be filed by May 21, 2013; responses are due one week after filing. If the Court believes that oral argument will be helpful on pending motions, it will likely be scheduled to take place on June 7, 2013 at 10:00 a. m. Counsel shall hold this date and time available for this purpose.

      8.      The Court will promptly decide all pending motions.

      9.      Jury selection: June 12, 2013. Counsel may submit proposed voir dire two days prior.

      10.      Testimony will start following the selection of the jury, but if another trial is ongoing, may be delayed until Monday, June 17, 2013.

      11.      If any of the parties are considering settlement, the Court suggested and reiterates in this Order, in view of the fact that this case is being scheduled as a bellwether trial, and if any parties reach a settlement, the Court prefers that a hearing take place in open court, with stipulations and/or testimony, setting forth the parties' resolution of some of the important issues in the case, such as:

      a.      access to records of internet service providers;

      b.      anonymity of the defendants;

      c.      resolution of issues raised by some pleadings as to what discovery or investigation took place to determine whether the specifically named defendants were or were not personally responsible for downloading of plaintiff's copyrighted materials;

      d.      how "technical" problems relating to computer hardware or software were resolved to determine the facts;

      e.      resolution of legal issues involving copyright or any of the above.

12. If counsel agree on such a procedure, the Court may enter an Order or Judgment making findings of fact or conclusions of law relevant to the settlement, which may be of interest in other cases presenting the same issues.

13. The Court does not anticipate granting any extensions of the trial date. Other deadlines stated above will only be extended for good cause if the trial will proceed as scheduled.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 12\12-2078 MALIBU MEDIA V. JOHN DOES 1-16\12CV2078.REV.SCH.ORD.DOCX