IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>                    Plaintiff,<br><br>                    v.<br><br>JOHN DOES 1, 13, and 16,<br>                    Defendants. | CIVIL ACTION NO. 12-2078 |

## ORDER

AND NOW, this  18th   day of April, 2013, upon careful consideration of Plaintiff's

Motion to Dismiss John Doe 16's Amended Counterclaims (ECF 116) and Defendant John Doe

16's Response in Opposition (ECF 119), it is hereby ORDERED that Plaintiff's Motion to

Dismiss John Doe 16's Amended Counterclaims (ECF 116) is DENIED.  Both Amended

Counterclaims (ECF 109), for a declaration of non-infringement and for abuse of process, state

plausible claims to relief under Fed. R. Civ. P. 12(b)(6).

As to the former, the Court has discretion to allow a counterclaim for a declaratory

judgment of non-infringement to proceed.  See 28 U.S.C. § 2201(a) (granting courts discretion to

hear actions for declaratory judgments); Wilton v. Seven Fails Co., 515 U.S. 277, 288 (1995)

(holding a district court's decision to dismiss an action for a declaratory judgment is reviewed

for abuse of discretion). There is no Third Circuit precedent of which the Court is aware

requiring dismissal of Doe 16's counterclaim seeking a declaration of non-infringement, just

because it is encompassed in Defendants' affirmative defenses or is the converse of Plaintiff's

cause of action.  While some district courts have exercised their discretion in such a manner –

dismissing counterclaims that are duplicative of affirmative defenses – there are also decisions in

the opposite direction. Wright & Miller advise that in the analogous field of patent infringement,

courts should allow counterclaims for declarations of non-infringement to proceed, because such enables "the defendant [] to obtain a declaration of the patent's status." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1406 (3d ed.).

As to the Counterclaim for abuse of process, the Counterclaim asserts fact about Plaintiff's handling of this case which may, if Plaintiff's claims are unsuccessful, entitle Defendant to recover damages.

BY THE COURT:

/s/ Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.


O:\SARA\MALIBU MEDIA\ORDER MOTION TO DISMISS DOE 16 CC- 4-18-13.DOCX