UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                          :
                                                                        :  Civil Action No. <u>2012-2078</u>
                    Plaintiff,       :
                                                :  Consolidated from Cases:
               vs.              :  2:12-cv-02078-MMB
                                                  :  2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,             :  5:12-cv-02088-MMB
:
                 Defendants.      :
:
----------------------------------------------------------------X

**<u>PLAINTIFF'S EMERGENCY MOTION TO REOPEN DISCOVERY AND FOR THE ENTRY OF AN ORDER COMPELLING JOHN DOE 16 TO PERMIT PLAINTIFF ENTRY INTO JOHN DOE 16'S HOME FOR THE LIMITED PURPOSE OF MAKING FORENSIC COPIES OF JOHN DOE 16'S HARD DRIVES</u>**

     Pursuant to Fed.R.Civ.P. 16 and Fed.R.Civ.P. 34, Plaintiff moves for the entry of an order reopening discovery and compelling John Doe 16 to permit Plaintiff's agent entry into John Doe 16's home for the limited purpose of making a forensic copy of all of the computer hard drives in John Doe 16's home, and states:

     1.     During discovery, Defendant produced a hard drive to Plaintiff.

     2.     Defendant represented in its discovery responses that, that hard drive contained a full and complete copy of the hard drives for the three computers in Defendant's home at the time of the alleged infringement.

     3.     Plaintiff sent that hard drive to Plaintiff's expert to be examined.

     4.     On April 30, 2012, Plaintiff learned that the hard drive was unreadable and could not be opened with any program. Significantly, Plaintiff's expert was able to open and examine hard drives submitted by other Doe Defendants.

1

5. One of Plaintiff's two experts, David Kleiman, became deathly ill in March 2013.

6. Plaintiff first became aware of David Kleiman's illness on April 18, 2013. At that time, undersigned met with Patrick Paige at his office to discuss the delay in receiving the experts' report.

7. David Kleiman died on April 26, 2013.

8. David Kleiman was Patrick Paige's best friend and business partner. Indeed, Patrick Paige trained David Kleiman while they were both police officers. Further, Patrick Paige was David Kleiman's supervising officer when he was paralyzed in the line of duty approximately ten years ago.

9. David Kleiman's illness delayed Mr. Patrick Paige from being able to timely complete his work and report the results to undersigned.

10. Good cause exists to grant this motion.

11. The trial in this matter is scheduled for June 10, 2013.

12. In light of the foregoing, Plaintiff respectfully requests that the discovery period be reopened and that Plaintiff's agent be granted immediate access to Defendant's home for the limited purpose of making forensic copies of Defendant's hard drives. A copy of the Rule 34 Notice of Inspection of Premises that Plaintiff served on Defendant (redacted to delete Defendant's address) is attached hereto as Exhibit A.

13. Plaintiff will stipulate that Mr. Paige will provide Defendant with a written a report about what he finds on Defendant's hard drives within one week of receiving readable hard drives.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

(A)   Reopening discovery for the limited purpose of permitting Plaintiff's agent to access Defendant's home in order to make a forensic copy of Defendant's hard drives;

(B)   Requiring Defendant to permit Plaintiff's agent to enter Defendant's home on or before May 8, 2013 for the limited purpose of making forensic copies of Defendant's hard drives.

A proposed order is attached hereto for the Court's convenience.

Dated: May 2, 2013

> Respectfully submitted,
>
> By: /s/ *M. Keith Lipscomb*
> M. Keith Lipscomb (429554)
> klipscomb@lebfirm.com
> LIPSCOMB, EISENBERG & BAKER, PL
> 2 South Biscayne Blvd.
> Penthouse 3800
> Miami, FL 33131
> Telephone: (786) 431-2228
> Facsimile:  (786) 431-2229
> *Attorneys for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel called Ronald Smith, counsel for John Doe 16, today and spoke with Mr. Smith's legal assistant.  Mr. Smith was not in.  Undersigned advised Mr. Smith's legal assistant that undersigned needed to speak with Mr. Smith as soon as is possible about an emergency discovery issue.   At the time Plaintiff filed this motion, Mr. Smith had not contacted undersigned.  Consequently, undersigned is unable to advise the Court as to whether John Doe 16 will oppose the entry of an order granting this relief.

By: /s/ *M. Keith Lipscomb*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *M. Keith Lipscomb*

## SERVICE LIST

Leonard J. French, Esquire                                    *CM/ECF*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*


Jordan Rushie, Esquire                                         *CM/ECF*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*


Ronald A. Smith, Esq.                                          *CM/ECF*
Ronald A. Smith & Associates
1617 JFK Boulevard
Suite 1240
Philadelphia, PA 19103
Email: ronaldasmithesq@aol.com
*Attorneys for John Doe 16*