# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC,                  :
               Plaintiff   :
  vs.                               :     NO.: 2:12-CV-02078-MMB
                               :
JOHN DOES 1, 13, 14 AND 16          :
               Defendant   :

### DEFENDANT, JOHN DOE 16'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO REOPEN DISCOVERY AND FOR THE ENTRY OF AN ORDER COMPELLING JOHN DOE 16 TO PERMIT PLAINTIFF ENTRY INTO JOHN DOE 16'S HOME FOR THE LIMITED PURPOSE OF MAKING FORENSIC COPIES OF JOHN DOE 16'S HARD DRIVES

      Defendant, John Doe #16, by and through his/her undersigned counsel, hereby replies to Plaintiff's Emergency Motion as follows:

      1.    Admitted in part; denied in part. It is admitted that some of the factual circumstances as indicated by Plaintiff may or may not be correct, but have no relevance whatsoever to the scheduling guidelines and prior Orders as set down by this Court as recently as yesterday scheduling this matter for trial in approximately one month with numerous Pre-Trial matters to be completed by all counsel prior to that date.

### MEMORANDUM

      At the initial meetings in and out of court conducted by this Honorable Court, strict guidelines were set by the Court regarding Pre-Trial Discovery and Trial preparation. The Court scheduled April 26, 2013 as the completion of discovery as well as submission of Plaintiff's Expert Report. The Defendant had no intention of engaging an expert until they have had the opportunity to review the Plaintiff's Expert Report which were received late afternoon on May 1, 2013. In fact, Plaintiff's counsel asked for an extension on April 25, 2013 for the submission of his expert reports which defense counsel graciously agreed to.

During the late afternoon on May 1, 2013, the agreed upon extended date for the submission of Plaintiff's Expert Report, counsel for Plaintiff submitted an expert report riddled with typographical errors, which he himself had the audacity to correct.

Plaintiff indicates that they spoke with the their expert on April 18, 2013, however they never advised Defendant's counsel that the hard drive was unreadable. As of April 26, 2013, the date that the Expert Report was initially due, Plaintiff has been in possession of Defendant's hard drive for approximately four months.

It appears unequivocal that Defendant's counsel first learned of this problem on May 1, 2013, after the scheduling of this case for Trial. How or why, with a period of over four months, could the parties not be made aware of the difficulty in discovery and now at the midnight hour request an opening of the discovery process when trial is only days away. At this late juncture, not only has Defendant's counsel for John Doe 16 been prejudiced, but perhaps other counsel in this matter who have indicated that they have had no choice but to settle.

Plaintiff's counsel has been egregious in the handling of this case and at this late date the rewarding of and opening of discovery will not only penalized John Doe 16 but the other parties as well.

Wherefore, Defendant respectfully requests that the agreed upon and Court Ordered time for discovery and trial preparation be allowed to continue as set down by this Honorable Court.

Respectfully submitted,

*/s/ Ronald A. Smith*
RONALD A. SMITH, ESQUIRE
1617 John F., Kennedy Boulevard, Suite 355
Philadelphia, PA  19103
(215) 567-1200

### REPLY TO CERTIFICATE OF GOOD FAITH CONFERENCE

To the contrary, Plaintiff's counsel as indicate, did contact Defendant's Counsel's office, but never explained the circumstances of same.  Merely, Plaintiff's counsel indicated that he needed to speak with the undersigned about a "Emergency Discovery" matter.  Furthermore, defense counsel was on trial up until the time this Emergency Motion was filed and never had the opportunity to discuss same with Plaintiff's counsel.  So that it is clear, defense counsel would have objected to the enlargement of time and the invasion of Defendant's property which should have been requested months ago.

By:     /s/ *Ronald A. Smith*

### CERTIFICATE OF SERVICE

I, hereby certify that on May 2, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

BY:     */s/ Ronald A. Smith*
       RONALD A. SMITH, ESQUIRE