UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. <u>2012-2078</u>
Plaintiff, :
: Consolidated from Cases:
vs. : 2:12-cv-02078-MMB
: 2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16, : 5:12-cv-02088-MMB
:
Defendants. :
:
----------------------------------------------------------------X

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO JOHN DOE 16'S AMENDED COUNTERCLAIM**

**Parties**

1. Admitted.

2. Admitted.

**Jurisdiction and Venue**

3. Admitted.

4. Admitted.

5. Admitted.

**Background**

6. Plaintiff incorporates all allegations contained in paragraphs 1 through 5 above as if fully set forth herein.

7. Denied.

8. Denied.

9. Denied.

1

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The factual allegations are denied. Defendant does not have sufficient information upon which to form a belief about the truth or falsity of the averment to the extent it is based on Defendant's belief. Regardless, Defendant's belief is wrong.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. This allegation contains a legal conclusion and as such is denied to the extent that it is inconsistent with the law. Otherwise, it is admitted.

### PARTIES

23. Admitted.

24. Admitted.

### NO INFRINGEMENT

25. Denied.

26. Denied.

27. Plaintiff admits that this is Defendant's assertion but denies the truth of this allegation.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. This allegation incorporates by reference the following affirmative defenses:

(a) Fair Use – Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work.

Denied. Indeed, black letter law holds that peer to peer copyright infringement does not constitute fair use. *See Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011).

(b) Invalid Copyright – Plaintiff's copyrights are invalid and/or unenforceable.

Denied. Indeed, this Court has already ruled Plaintiff's copyrights are valid and enforceable. *See* CM/ECF 55.

(c) Implied License – Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and his claims are therefore barred by the doctrine of implied license.

Denied. Indeed, Plaintiff had no contact with Defendant prior to the commencement of this lawsuit. Therefore, there was nothing from which Defendant could imply that it could download and distribute Plaintiff's works.

(d) Misuse of Copyright – Plaintiff's claims are barred by the doctrine of misuse of copyright.

Denied. Indeed, Plaintiff has not sought to extend the scope of its rights under the Copyright Act.

(e) Abandonment – Plaintiff's claims are barred as a result of Plaintiff's abandonment of its intellectual property.

Denied. Plaintiff has not made any affirmative statements or taken any actions to advise either Defendant or anyone else that it intends to abandon its copyrights. Conversely, every action taken by Plaintiff indicates that it seeks to enforce its copyrights.

(f) Good faith intent – Plaintiff's claims are barred because Defendant acted in good faith and without any intent to infringe Plaintiff's work.

Denied. Copyright infringement is a strict liability tort. The defense of good faith does not bar a claim. At best, it can be used to reduce the quantum of statutory damages. Here, it is not applicable because all of the movies contain a copyright notice and the website specifically states: "The content, materials, images, designs and other media (collectively, the "Content") which appear on x-art.com are protected by United States and worldwide copyright laws and may not be reproduced, transmitted, copied, edited, or published in any way whatsoever without the written permission of x-art.com. Unauthorized reproduction, distribution or use of the Content is strictly prohibited. Without exception, copyright violators will be pursued and prosecuted to the fullest extent of the law."

(g) First Sale Doctrine – Plaintiff's claims are barred subject to 17 U.S.C. §109, commonly known as the first sale doctrine, and also regularly referred to as "exhaustion."

4

Denied. Indeed, black letter law specifically holds that the first sale doctrine does not apply to digital copies but only applies to the resale of a tangible work.

(h) Unclean Hands – Plaintiff should not recover any damages under the doctrine of unclean hands.

Denied. Indeed, Plaintiff has taken no unlawful or torrid action in this matter, or with regard to its copyrights, and therefore comes to the Court with clean hands.

## FIRST CAUSE OF ACTION
### Declaration of No Infringement of Copyright

34. Plaintiff incorporates the allegations set forth in paragraphs 1 – 33 above as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

## SECOND CAUSE OF ACTION
### Abuse of Process

38. Plaintiff incorporates the allegations set forth in paragraphs 1-37 above as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment finding:

(a) that Defendant is not entitled to a declaration of non-infringement;

(b) that Plaintiff has not abused the process;

(c) awarding Plaintiff its attorneys' fees and costs pursuant 17 U.S.C. §505; and

(d) granting Plaintiff any other relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The abuse of process claim is barred by the Noerr-Pennington Doctrine.

### Second Affirmative Defense

2. The abuse of process claim is barred by the litigation privilege.  Plaintiff has not done anything other than pursue its right to enforce its copyrights in Federal Court as expressly authorized by the Copyright Act and as contemplated by Congress.  Plaintiff has a right under the Petition Clause to sue for the infringement of its copyrights and, the Copyright Act was specifically amended to deter online infringement of the type that Plaintiff is suing for here.

### Third Affirmative Defense

3. Defendant does not have standing to challenge any action that Plaintiff has taken in a suit in which Defendant is not a party.  Accordingly, all such actions against third parties are irrelevant and inadmissible.  Indeed, Defendant has not been damaged by any action Plaintiff has taken in a suit vis-à-vis a third party.  Consequently, Defendant's abuse of process claim cannot be based upon any such actions involving third parties.

### Fourth Affirmative Defense

4. Plaintiff's actions are immunized from liability because it is complying with this Court's order directing Plaintiff to bring this case to trial.

**Fifth Affirmative Defense**

5. Defendant's counterclaims are brought with unclean hands and bad faith. Defendant copied verbatim another person's pleading from Colorado and did not make a reasonable inquiry into the factual allegations set forth in his Amended Counterclaim. Instead, Defendant brought his counterclaim to harass and annoy Plaintiff and to discourage Plaintiff from filing its copyright infringement suits, in violation of Fed. R. Civ. P. 11 and in bad faith. Further, Defendant has not pursued any discovery during the litigation to determine whether any of the allegations set forth in his Amended Counterclaim contain any factual basis. To wit, Defendant has not taken any depositions. This further evidences Defendant's bad faith attempt to harass Plaintiff with an unsupportable nuisance claim.

**Sixth Affirmative Defense**

6. Plaintiff's actions are lawful, proper, and necessary to deter online infringement.

**DEFENSES**

**First Defense**

1. All of Plaintiff's actions have been confined to their regular and legitimate functions in relation to the causes of actions stated in the Complaint and Amended Complaint. Plaintiff filed a Motion for Leave to subpoena Defendant's ISP in order to obtain Defendant's identity, the Court granted leave to issue the subpoena, Plaintiff issued a lawful subpoena and Defendant was notified, and after Defendant's Motion to Quash and Sever was denied, Plaintiff amended and served Defendant with the Complaint. Subsequently, discovery has occurred in the ordinary course. None of Plaintiff's actions are irregular or illegitimate.

### Second Defense

2. Defendant's allegations are based on inadmissible hearsay, pure speculation and are otherwise inadmissible under the Federal Rules of Evidence.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### ATTORNEYS' FEES

Plaintiff retained the counsel set forth in the signature blocks below and is obligated to pay counsel a reasonable fee for their services.

                                                Respectfully submitted,

                                                FIORE & BARBER, LLC

By:     /s/ *Christopher P. Fiore*
            Christopher P. Fiore, Esquire
            Aman M. Barber, III, Esquire
            425 Main Street, Suite 200
            Harleysville, PA 19438
            Tel: (215) 256-0205
            Fax: (215) 256-9205
            Email: cfiore@fiorebarber.com
            ATTORNEYS FOR PLAINTIFF

By:     /s/ *M. Keith Lipscomb*
            M. Keith Lipscomb (429554)
            klipscomb@lebfirm.com
            LIPSCOMB, EISENBERG & BAKER, PL
            2 South Biscayne Blvd.
            Penthouse 3800
            Miami, FL 33131
            Telephone: (786) 431-2228
            Facsimile: (786) 431-2229
            ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 3, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                            By:    /s/ *Christopher P. Fiore*
                                                        Christopher P. Fiore, Esquire