UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. 2012-2078
                            Plaintiff, :
: Consolidated from Cases:
                     vs. : 2:12-cv-02078-MMB
: 2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16, : 5:12-cv-02088-MMB
:
                        Defendants. :
:
----------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT JOHN DOE 16'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

      Pursuant to Fed. R. Civ. P. 56, Plaintiff moves for the entry of summary judgment as to Defendant John Doe 16's Counterclaim and Affirmative Defenses, and files this memorandum in support.

**I.    INTRODUCTION**

      John Doe 16 has *no* evidence to support his abuse of process Counterclaim or any of his affirmative defenses. Defendant's conclusory allegations are insufficient as a matter of law to survive a motion for summary judgment. Accordingly, this Court should grant Plaintiff's Motion for Summary Judgment.

**II.    UNDISPUTED FACTS**

      Plaintiff respectfully submits that the following facts are undisputed:

      1.    On April 19, 2012, Plaintiff filed a copyright infringement complaint against 16 anonymous on-line infringers naming John Does 1-16 as Defendants. [CM/ECF 1]

2.	Plaintiff is the owner of the Copyrights-in-Suit and has valid registrations for each of the works. *Copyright Registrations*, attached hereto as Composite Exhibit "A."

3.	Plaintiff's works contain copyright notices, save one. *Screenshots of Copyright Notices for Plaintiff's Infringed Works,* attached hereto as Composite Exhibit "B."

4.	Plaintiff's website states that all of its works are copyrighted. *Screenshot From X-Art.com/legal/*, attached hereto as Exhibit "C." ("The content, materials, images, designs and other media (collectively, the "Content") which appear on x-art.com are protected by United States and worldwide copyright laws and may not be reproduced, transmitted, copied, edited, or published in any way whatsoever without the written permission of x-art.com. Unauthorized reproduction, distribution or use of the Content is strictly prohibited. Without exception, copyright violators will be pursued and prosecuted to the fullest extent of the law.")

5.	Prior to this lawsuit, Plaintiff and Defendant were complete and total strangers. *Declaration of Colette Pelissier Field* attached hereto as Exhibit "D."

6.	John Doe 16 never requested that Plaintiff create the Works that Plaintiff alleges he infringed (the "Works"). *Id.*

7.	Plaintiff did not deliver the Works to John Doe 16. *Id.*

8.	Plaintiff never intended for John Doe 16 to copy and distribute the Works. *Id.*

9.	On April 24, 2012, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. [CM/ECF 4]. In support of the Motion, Plaintiff filed a declaration from its investigator attesting to the operation of the BitTorrent protocol and the technology used to identify the infringers. *Id.* at Exhibit "A".

10. On May 18, 2012, the Court granted Plaintiff's Motion for Leave and expressly recognized that "[a]t this stage of the proceedings, the Court finds that joinder is proper." [CM/ECF 8] at ¶ 8.

11. On May 23, 2012, Plaintiff served a subpoena on Defendant's ISP, Verizon, requesting that Verizon identify the subscriber.

12. On July 19, 2012, in response to Plaintiff's subpoena, Defendant filed his "Motion to Dismiss and/or Sever Complaint Against Defendant John Doe 16 Only and in the Alternative Motion to Quash Subpoena Against John Doe 16 Only." [CM/ECF 9].

13. On October 3, 2012, the Court Ordered Plaintiff to go to trial against Defendant and denied his motion to quash and dismiss. [CM/ECF 21, 22]. Therein, the Court held: "Plaintiff asserts, correctly, that the allegations in the Complaints present prima facie claims of copyright infringement,"; "Our justice system allows plaintiffs who have made allegation in accordance with procedural rules and substantive law, as Plaintiff has done here, to proceed with their cases,"; and "[t]he Court cannot ignore Plaintiff's allegations of copyright infringement. The arguments made by counsel for Plaintiff . . . set forth a coherent theory of liability under the copyright laws." *Id.* at pp. 19-20.

14. On October 19, 2012, a Summons was issued for Defendant and a copy was forwarded to counsel.

15. On October 26, 2012, Plaintiff filed a Notice of Service on Defendant. [CM/ECF 30].

16. On November 2, 2012, Plaintiff filed an Amended Complaint against only Defendant John Doe 16. [CM/ECF 32].

LEB-390749

17. On November 8, 2012, Defendant filed an Answer and Counterclaim to Plaintiff's Amended Complaint. [CM/ECF 34]. On this same day, Plaintiff propounded its First Set of Interrogatories and Request for Production.

18. On December 5, 2012, Plaintiff filed a Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses. [CM/ECF 42, 43].

19. On December 21, 2012 Plaintiff served third-party subpoenas on Ask Jeeves (or Ask.com), Bing, Dogpile, Google, Peer Media, Verizon and Yahoo!. [CM/ECF 48]. Between February and April 2013, Plaintiff had several good faith conferences with the search engines and ultimately abandoned this discovery because motions to compel would be required and the time constraints would not permit such actions.

20. Between December 21, 2012 and April 2013, Plaintiff had a series of good faith conferences with Verizon.

21. On December 21, 2012, Plaintiff also filed a Motion to Compel Discovery Responses. [CM/ECF 49].

22. On December 26, 2012, the Court denied the Defendants' Motions to Dismiss Plaintiff's Amended Complaint. [CM/ECF 51].

23. On January 2, 2013, the Court granted Plaintiff's Motion to Compel. [CM/ECF 54].

24. On February 15, 2013, Plaintiff filed its Motion for the Entry of an Order Authorizing Comcast and Verizon to Comply With a Third Party Subpoena. [CM/ECF 88].

25. On March 11, 2013 Plaintiff took the depositions of John Doe 16 and John Doe 16's wife. John Doe 16 testified to the following facts during his deposition:

    (a)    **Q:** What kind of desktop is it?

LEB-390749

**A:** I built it. I could describe it. It doesn't really have a specified individual name description. I can't give a make and model for any - - it's not like - - it's not like it's a Dell X, Y, Z for instance.  Sorry. Not gonna work.

- *Deposition Transcript of John Doe 16 at 15:22-25 and 16:1-3.*

(b)  **Q:** Your wifi is password protected. Correct?

**A:** Yes, it is.

**Q:** Always been password protected since you've lived in the house?

**A:** Yes.

- *Id. at 18:19-24*

(c)  **Q:** You changed the password in 2012?

**A:** Yes.

**Q:** Before or after you received the notice from Verizon about this case?

**A:** I'm sorry?

**Q:** Did you change the password before or after you received the notice from Verizon about this case?

**A:** Before. No. I don't know. I don't know.

- *Id. at 19:16-25*

(d)  **Q:** Fair to say it wasn't in reaction to the notice, though. Correct?

**A:** Correct.

- *Id. at 20:10-12.*

(e)  **Q:** When was the last time you played a video game?

**A:**  Approximately two weeks ago.

5

LEB-390749

    **Q:** When you played, do you play for half an hour or hours, or are you one of these guys that kind of bunkers down for several hours and - -

    **A:** It varies.

    **Q:** Fair to say that sometimes you play for three or four hours at a stretch?

    **A:** Sometimes.

- *Id. at 21:10-20.*

(f)   **Q:** How do you watch shows at home?

    **A:** Occasionally using the television. Rarely. Amend that, I guess. Rarely using the television, with rabbit ear antennas. Usually on Hulu on one of the laptops.

- *Id. at 23:4-9.*

(g)   **Q:** You've known about bit torrent for years?

    **A:** Yes.

- *Id. at 24:24-25 and 25:1.*

(h)   **Mr. Lipscomb:** Just repeat back that thought. He said file sharing is not illegal. I said: File sharing copyrighted materials is illegal. And then he said - -

    **The Witness:** There you go.

- *Id. at 26:5-10.*

(i)   **Q:** Do you know what Pirate Bay is?

    **A:** I've heard that it's a place where they keep links, I guess you would call them, of files being shared.

    **Q:** How did you hear that?

    **A:** I don't remember.

LEB-390749

- *Id. at 28:12-17.*

(j) **Q:** Did you investigate the allegations of infringement at that time [when Defendant received notice from Verizon about this lawsuit]?

**A:** There was nothing to investigate.

**Q:** Did you have a conversation with [your wife] and say "did you do this"?

**A:** We talked about it. We did not ask each other if we did it, per se.

- *Id. at 32:16-22.*

26. On March 18, 2013, Defendant filed his Amended Counterclaims. [CM/ECF 109].

27. On March 19, 2013, Plaintiff and Defendant filed a stipulated Motion to Voluntarily Dismiss John Doe 16 and Motion to Amend Complaint to Add New John Doe 16. [CM/ECF 110].

28. On April 1, 2013, Plaintiff filed a Motion to Enforce Subpoena in the Northern District of Texas seeking Verizon's immediate compliance with Plaintiff's subpoena requiring it to produce documents and sit for deposition regarding Defendant. The Motion was ultimately withdrawn because Defendant stipulated that Verizon's correlation was reliable, see ¶ 31 below.

29. On April 15, 2013 Plaintiff filed its Motion to Dismiss Defendant's Amended Counterclaims. [CM/ECF 116].

30. Plaintiff's investigator, IPP, Ltd., detected a person using Defendant's IP Address, 96.245.250.242, and Verizon correlated that IP Address to Defendant. *Stipulation* [CM/ECF 121-1].

31. Defendant stipulated that Verizon's correlation was reliable. *Stipulation* [CM/ECF 121-1].

32. On April 25, 2013, Plaintiff requested that Defendant consent to an additional three (3) day enlargement of time within which Plaintiff was required to provide its expert report to Defendant. Defendant consented.

33. On May 1, 2013, Plaintiff timely submitted its expert report to Defendant.

34. On May 2, 2013, Plaintiff filed its Emergency Motion to Reopen Discovery and for the Entry of an Order Compelling John Doe 16 to Permit Plaintiff Entry Into John Doe 16's Home for the Limited Purpose of Making Forensic Copies of John Doe 16's Hard Drives. [CM/ECF 125].

35. After hearings on both May 3, 2013 and May 6, 2013 Plaintiff withdrew the Emergency Motion because: (a) Defendant's counsel advised the Court that he had a readable copy of the hard drive that Defendant sent Plaintiff; (b) Defendant could produce that copy to Plaintiff; and (c) the Court made clear during argument that Defendant would not be permitted to sandbag Plaintiff at trial by producing a copy of a hard drive into evidence that was not provided to Plaintiff.

36. To date, Plaintiff has not used any other legal process vis-à-vis John Doe 16 in this litigation.

### III. ARGUMENT

#### A. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. "Rule 56 . . . mandates the entry of judgment against a party who fails to make a showing

LEB-390749

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof [at trial]." *Bailey-P.V.S. Oxides, LLC v. S & K Packaging, Inc.*, 2009 WL 3294862 (W.D. Pa. 2009) (*citing Celotex Corp. v. Cattrett,* 477 U.S. 317, 322 (1986)). "[A] nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings." *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989) (citations omitted). This is because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

### B. Summary Judgment as to Defendant's Abuse of Process Counterclaim Should be Granted

"To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Langman v. Keystone Nazareth Bank & Trust Co.*, 2012 WL 5359525, *4 (3d Cir. Nov. 1, 2012). "A claim for abuse of process … is not supported by allegations of improper or wrongful reasons for bringing a suit, but must be based on allegations of improper use of process after the suit has been initiated." *Feldman v. Trust Co. Bank*, 1993 WL 405831, *2 (E.D. Pa. 1993). "[A] cause of action for abuse of process requires '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process ... [;] there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.'" *Id.* "[A]n abuse of process is a perversion of the process for example if one is arrested for the purposes of extorting money from him." *Freeman v. Murray*, 163 F. Supp. 2d 478, 489 (M.D. Pa. 2001) *aff'd*, 37 F. App'x 49 (3d Cir. 2002). "[W]hile the ulterior motive may be inferred

9

from the wrongful use of the process, the wrongful use may not be inferred from the motive." *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994). *See also Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1039 (3d Cir. 1988) (summarizing the law consistent with this paragraph); *Edwards v. Wyatt*, 2001 WL 1382503 (E.D. Pa. 2001) (same); *Rosen v. Tesoro Petroleum Corp.*, 399 Pa. Super. 226, 237, 582 A.2d 27, 33 (1990) (same); *Restatement 2d Torts § 682*, comment b (1977) (same).

### a. Defendant Has No Evidence That Plaintiff Used Process For a Purpose For Which That Process Was Not Intended

Defendant has no evidence to support the second element of an abuse of process claim; namely, that Plaintiff used a legal process "primarily to accomplish a purpose for which the process was not designed." *Langman* at * 4. Indeed, Defendant cannot point to any action taken by Plaintiff (because there have been no such actions) where Plaintiff used a legal process to obtain a benefit for which that process was not intended. Put another way, Defendant cannot show that Plaintiff used a legal process in connection with "'[s]ome definite act or threat not authorized by the process;'" for example, if Plaintiff had frivolously sued Defendant for copyright infringement and the primary purpose of the suit was to coerce Defendant into giving Plaintiff custody of a child. *Feldman at *2.* In the language of Pennsylvania decisional authority, Defendant does not have any evidence to establish that there has been perversion of the process akin to "arresting [a person] for the purpose of extorting money from him." *Freeman, supra.* To the contrary, all of Plaintiff's actions have been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint and Amended Complaint. *See generally,* Undisputed Facts. Defendant also has no evidence to support the final element—resultant harm. Indeed, since there has been no improper use of a legal process there can be no harm that resulted from the nonexistent improper use of legal process.

LEB-390749

Since Defendant has no evidence to establish two of the three elements for which he bears the burden of proof, this Court should enter summary judgment against him.

### b. Defendant's Abuse of Process Counterclaim is Barred by the Noerr-Pennington Doctrine Because the Evidence Firmly Establishes That Plaintiff's Claims Are Not Completely Baseless

"The *Noerr-Pennington* doctrine was established in the seminal cases of *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961) ("Noerr"), and *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, (1965) ("Pennington"), where the Supreme Court held 'that an individual is immune from liability for exercising his or her First Amendment right to petition the government.'" *Congregation Anshei Roosevelt v. Planning & Zoning Bd. of Borough of Roosevelt*, 2008 WL 4003483 (D.N.J. 2008) *aff'd*, 338 F. App'x 214 (3d Cir. 2009).  "The Third Circuit has specifically extended the *Noerr-Pennington* Doctrine to claims of abuse of process."  *Motown Record Co., L.P. v. Kovalcik*, 2009 WL 455137 (E.D. Pa. 2009) at FN 42 citing *Cheminor Drugs, Ltd. v. Ethyl Corp.,* 168 F.3d 119, 122 (3d. Cir.1999).

In *Motown Record Co.*, the Court described the exact procedure Plaintiff used in its suit to obtain the Defendant's identity and proceed with its claim for copyright infringement.

> Plaintiffs obtained the subpoena in order to identify the user of the IP address which was being used for illegal file sharing. That subpoena was obtained through proper procedures; the Court granted the request for such specific discovery. Plaintiffs used the appropriate legal channels to seek information regarding the identity of the owner of the IP address, and did so in accordance with the limitations of the subpoena.

*Motown Record Co., L.P.,* at *4.  "There can be no question that the present plaintiffs have a right to protect their copyright interests via the litigation process. Consequently, even if the defendant could properly allege that the plaintiffs filed this suit for improper reasons, the *Noerr-Pennington* Doctrine bars the defendant's counterclaim because the plaintiffs are entitled to seek

11

redress in this fashion under federal law." *UMG Recordings, Inc. v. Martino*, 2009 WL 1069160 (M.D. Pa. 2009).

### 1. No Reasonable Juror Could Conclude that Plaintiff's Claims Are Completely Baseless

In order to overcome the protections of the *Noerr-Pennington* doctrine, Defendant must demonstrate that Plaintiff's claims are completely baseless. Here, "[t]he defendant simply cannot demonstrate that plaintiffs' claims are 'completely baseless' because plaintiffs had probable cause to institute these civil proceedings and reasonably expect success on the merits." *Id*. at *3. Likewise, here, Plaintiff's investigator recorded Defendant's IP address illegally distributing Plaintiff's movies and this Court held Plaintiff's claim was plausible. *See* [CM/ECF 21] at pp. 19-20 and [CM/ECF 55]. Additionally, the parties stipulated that "[t]he technology used by Verizon to correlate the IP Address to John Doe 16's wife on the above referenced dates is reliable." [CM/ECF 121-1], ¶ 1. Defendant also admitted that he built his own computer. *See* ¶ 25(a), *supra*. Defendant's wifi was password protected. *Id.* at (b). Defendant did not change his password in response to the notice from Verizon. *Id.* at (c) and (d). Defendant has no evidence to show that any third party used Defendant's internet service. Defendant retreats to his office for hours at a time to play video games. *Id.* at (e). Defendant and his wife really only watch TV on their computers. *Id.* at (f). Defendant knew about BitTorrent prior to this lawsuit. *Id.* at (g). Defendant knew about Pirate Bay prior to this lawsuit. *Id.* at (h). Defendant did not talk to with his spouse about who committed the infringement. *Id.* (i). Defendant turned over an unreadable hard drive to Plaintiff. [CM/ECF 125].

In light of the foregoing, no reasonable juror could find that Plaintiff's claims are completely baseless. Accordingly, under binding Third Circuit precedent, Defendant's abuse of

process claim is barred by the *Noerr-Pennington* Doctrine. Therefore, Plaintiff is entitled to summary judgment.

### C. Summary Judgment as to Defendant's Fair Use Affirmative Defense Should be Granted

Defendant has no evidence to suggest that his actions in downloading and distributing Plaintiff's copyrighted works via the BitTorrent protocol constitutes fair use under the Copyright Act. "A fair use . . . is one made for purposes such as <u>criticism</u>, <u>comment</u>, <u>news reporting</u>, <u>teaching</u> ..., <u>scholarship</u>, or <u>research</u>. It is an affirmative defense for which <u>the alleged infringer bears the burden of proof</u>." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 197 (3d Cir. 2003) (citation omitted, emphasis added). Your Honor held the viability of the defense of fair use is properly resolved via summary judgment. *See Warren Pub. Co. v. Spurlock*, 645 F. Supp. 2d 402, 415 (E.D. Pa. 2009).

Here, Defendant has no evidence to establish that his use of BitTorrent to unlawfully obtain and distribute Plaintiff's copyrighted works was for purposes of criticism, comment, news reporting, teaching, scholarship, or research. To the contrary, Defendant contends he did not use BitTorrent. Nevertheless, Plaintiff will prove by a preponderance of the evidence that he did commit the infringement through BitTorrent. And, Courts have *universally* rejected the argument that on-line file sharing constitutes fair use. *See Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005), and the cases citing thereto. Your Honor implicitly found that on-line file sharing is not automatically fair use because this Court held Plaintiff's allegations state a cause of action for infringement.

LEB-390749

For these reasons, Plaintiff is entitled to summary judgment on Defendant's fair use affirmative defense.

### D. Summary Judgment as to Defendant's Invalid Copyrights Affirmative Defense Should be Granted

Defendant has proffered no evidence to contest Plaintiff's ownership of valid copyrights in the subject Works. Plaintiff holds valid copyright registrations for each and every movie involved in this lawsuit. *See Composite Exhibit "A."* The Copyright Act provides, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." *17 U.S.C. § 410(c)*. "To rebut the presumption [of validity], an infringement defendant must . . . offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (citations omitted). *See also Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, 350 F. Supp. 2d 613, 616 (E.D. Pa. 2004). Defendant proffered no such proof.

Having failed to support his meritless affirmative defense, Plaintiff is entitled to summary judgment.

### E. Summary Judgment as to Defendant's Implied License Affirmative Defense Should be Granted

Defendant does not have any evidence to support any of the elements necessary to establish an implied license. To establish an implied license, Defendant must prove: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work. *Atkins v. Fischer*, 331 F.3d 988, 991 (D.C. Cir. 2003); *MacLean Assocs. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir.1991) (same) (citation and quotations omitted); *Nelson-*

14

*Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002), *citing Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). *See also, Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ("To create an implied agreement one must have a meeting of the minds as in any contract, the variance from an express agreement being only the character of the evidence used to establish it.")

Defendant has proffered no evidence to establish any of the elements of an implied license. Conversely, Plaintiff's declaration establishes: (a) prior to the lawsuit the parties were complete and total strangers; (b) Defendant did not request that works be created; (c) Plaintiff did not deliver the works to Defendant; and (d) Plaintiff did not intend for Defendant to copy and distribute the works. *See Declaration of Colette Pelissier Field* attached hereto as Exhibit "D". Under these facts, Plaintiff is entitled to summary judgment.

### F. Summary Judgment as to Defendant's Misuse of Copyright Affirmative Defense Should be Granted

The defense of misuse of copyright exists only where the "copyright holder has engaged in some form of anti-competitive behavior." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 204 (3d Cir. 2003). Misuse of copyright only applies "where the copyright owner tries to extend the copyright beyond its intended reach, thereby augmenting the physical scope of copyright protection. It typically arises in situations where it is alleged that the copyright owner projected his unique rights in a work onto other, unrelated products or services." *Religious Tech. Ctr. v. Lerma*, 1996 WL 633131, at *12 (E.D. Va. 1996).

Defendant has no evidence that Plaintiff has "engaged in some form of anti-competitive behavior" nor tried "to extend the copyright beyond its intended reach, thereby augmenting the physical scope of copyright protection." Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; which as a matter of law, is not copyright misuse.

15

*See, e.g., Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.") Since Defendant has no evidence that Plaintiff has attempted to extend the scope of its copyrights, Plaintiff is entitled to summary judgment.

### G. Summary Judgment as to Defendant's Abandonment Affirmative Defense Should be Granted

Defendant has no evidence that Plaintiff abandoned its copyrights. "Abandonment occurs only if there is an intent by the copyright proprietor to surrender rights in his work." *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.,* 290 F.3d 548, 560 (3d Cir. 2002). "[T]here must be either an act, or a failure to act, from which we can readily infer an intent to abandon the right." *Id. See also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) ("In copyright, waiver or abandonment of copyright 'occurs only if there is an intent by the copyright proprietor to surrender rights in his work.'") (*Citing* 4 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* ¶ 13.06 (2000)).

Here, Plaintiff has never taken any act that would indicate abandonment and Defendant has no evidence to the contrary. Accordingly, summary judgment should be entered.

### H. Summary Judgment as to Defendant's Good Faith Intent Affirmative Defense Should be Granted

"Innocent intent is generally not a defense to copyright infringement. Thus a defendant is liable for even 'innocent' or 'accidental' infringements and a plaintiff need not demonstrate intent or even knowledge of infringement to prove a copyright claim." *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 465 (W.D. Pa. 2010) (*citing Williams Electronics v. Artic*

16

*Int'l, Inc.,* 685 F.2d 870, 878 (3rd Cir.1982)). *See also UMG Recordings, Inc. v. Alburger*, 2009 WL 3152153 (E.D. Pa. 2009) ("Defendants in these cases cannot succeed by claiming that the infringement was innocent: copyright infringement is not excused by innocent intent.")

Instead, the Copyright Act provides that in a case where the infringer "sustains the burden of proving, and the court finds that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion *may* reduce the award of statutory damages to a sum of not less than $200." *17 U.S.C. § 504(c)(2)* (emphasis added). This potential reduction of statutory damages is discretionary and it is *not* available where a copyright notice appears on an infringed work. This is so because the Copyright Act also provides that if "a notice of copyright… appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages…[.]" *17 U.S.C. § 401(d)*. *See also Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2005 WL 67077, at *7 (E.D. Pa. 2005) (holding "innocent infringer" defense unavailable where "notice of copyright appears on the infringed work."), *citing* 17 U.S.C. § 401(d).

At least two Circuit Courts have held that § 402(d), applies to bar the innocent infringer defense as it relates to peer-to-peer file sharing. *See e.g. BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("the statutory question is whether "access" to legitimate works was available rather than whether infringers earlier in the chain attached copyright notices to the pirated works. Gonzalez readily could have learned, had she inquired, that the music was under copyright.); *Maverick Recording Co. v. Harper*, 598 F.3d 193, 199 (5th Cir. 2010) (peer-to-peer file sharing case wherein the court held that "§ 402(d) forecloses, as a matter of law, Harper's

17

innocent infringer defense.") *See also Atl. Recording Corp. v. Anderson*, 2008 WL 2316551 (S.D. Tex. 2008) ("As to Defendant's argument that he did not know that his conduct was unlawful and that at worst he is an innocent infringer is wholly unavailing.")

In this case, a copyright notice plainly appears on Plaintiff's works, save one. *See* screenshots of copyright notices for Plaintiff's infringed works, attached hereto as Composite Exhibit "B." Further, Plaintiff's website states that *all* of its works are copyrighted. *See* Undisputed Facts, ¶ 4 *supra*. Defendant has no evidence to support his affirmative defense. Defendant had access to legitimate copies of the works and "could have learned, had [he] inquired, that the [movies were] under copyright." *Gonzalez*, 430 F.3d at 892. Defendant also admitted that he knew that sharing copyrighted files online is illegal. Undisputed Facts, ¶ 25(h) *supra*. Here, as a matter of law, the innocent infringer defense is unavailable to Defendant and Plaintiff is therefore entitled to summary judgment.

### I. Summary Judgment as to Defendant's First Sale Doctrine Affirmative Defense Should be Granted

Plaintiff is entitled to summary judgment on Defendant's first sale affirmative defense because Defendant has no evidence that he acquired a specific *tangible* copy of Plaintiff's copyrighted work. 17 U.S.C. §109 provides:

> Notwithstanding the *provisions of section 106(3)*, the owner of a particular copy or phonorecord *lawfully made* under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of *that* copy or phonorecord.

17 U.S.C. § 109(a) (1982) (emphasis added). "[T]he first sale defense is limited to *material* items, like records, that the copyright owner put into the stream of commerce." *Capitol Records, LLC v. ReDigi Inc.*, 2013 WL 1286134 at *10 (S.D.N.Y. 2013) (emphasis added.) The first sale doctrine does not apply to *digital* files. *Id.* This is because a copy of a digital file is a new and

18

different material object than the original. *Id.* To hold otherwise would mean that the first person who ever downloaded a blockbuster movie could distribute copies of that download to the rest of the world. And, that only the original downloader would have to pay. Obviously, if that were the law no movie company would ever authorize its product to be distributed digitally.

Here, summary judgment is appropriate because Defendant has no evidence he acquired the same specific tangible, physical, material copy of Plaintiff's copyrighted work from a third party who paid for it.

### J. Summary Judgment as to Defendant's Unclean Hands Affirmative Defense Should be Granted

The doctrine of unclean hands applies to bar a claim only if: "(1) a party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to the matter in issue (4) that injures the other party and (5) affects the balance of equities between the litigants." *Castle v. Cohen*, 676 F. Supp. 620, 627 (E.D. Pa. 1987).

> Further, the defense of unclean hands in a copyright infringement action
>
> > "…is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action." Nimmer on Copyright § 13.09[B]. The unclean hands defense should be rejected when the "plaintiff's transgression is of an extraneous, immaterial, or inconsequential nature, or possibly when the defendant has been guilty of conduct more unconscionable and unworthy than the plaintiff's." *Id*.

*FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005).

Here, the undisputed statement of facts speak for themselves. Plaintiff has not committed any transgression. And, Plaintiff is entitled to summary judgment because Defendant cannot proffer any evidence to the contrary.

19

## IV. CONCLUSION

For each of the foregoing reasons, this Court should enter Summary Judgment on Defendant's abuse of process counterclaim and each of its affirmative defenses.

Dated: May 15, 2013.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*

LEB-390749