UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                         :
                                           :    Civil Action No. <u>2012-2078</u>
              Plaintiff,                   :
                                           :    Consolidated from Cases:
         vs.                               :    2:12-cv-02078-MMB
                                           :    2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,            :    5:12-cv-02088-MMB
                                           :
              Defendants.                  :
                                           :
------------------------------------------------------------X

## **PLAINTIFF'S PRE-TRIAL MEMORANDUM**

Plaintiff, Malibu Media, LLC ("Plaintiff" or "Malibu Media"), by and through undersigned counsel, and pursuant to this Court's Second Revised Scheduling Order [CM/ECF 126] dated May 2, 2013, and L.R. 16.1(c) ("Pretrial Memoranda"), hereby submits its Pre-Trial Memorandum.

**(1) A brief statement of the nature of the action and the basis on which the jurisdiction of the court is invoked.**

This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). Through this suit, Plaintiff alleges Defendants are liable for direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition). This Court has personal jurisdiction over Defendants because: (a) Defendants committed the tortious conduct alleged in this Complaint in the Eastern District of the Commonwealth of Pennsylvania, (b) Defendants reside in the Eastern District of the Commonwealth of Pennsylvania, and (c) Defendants have engaged in continuous and systematic business activity, or have contracted to

supply goods or services in the Eastern District of the Commonwealth of Pennsylvania.

**(2) Plaintiff's pretrial memorandum shall contain a brief statement of the facts of the case. Defendant's pretrial memorandum shall contain such counter-statements of the facts as may be necessary to reflect any disagreement with plaintiff's statement. All parties omit pejorative characterizations, hyperbole, and conclusory generalizations.**

Plaintiff, Malibu Media, has brought this action against Defendants for willful copyright infringement. Malibu Media is the owner of U.S. Copyright Registrations covering the motion picture works (the "Infringed Works") listed in Exhibit "A." Defendants used the BitTorrent protocol to upload, download and transmit to other persons the Infringed Works without authorization. Plaintiff's investigator, IPP Limited, recorded IP Addresses being used by Defendants to illegally distribute Plaintiff's copyrighted works as set forth on Exhibits A, B, and C. This evidence supports Plaintiff's claim that Defendants directly infringed Plaintiff's copyrights in violation of 17 U.S.C. §§ 106 & 501.

**(3) A list of every item of monetary damages claimed, including (as appropriate) computations of lost earnings and loss of future earning capacity, medical expenses (itemized), property damages, etc. If relief other than monetary damages is sought, information adequate for framing an order granting the relief sought shall be furnished.**

Plaintiff seeks the following monetary and non-monetary relief:

1. An award of statutory damages in an amount up to $150,000, per Infringed Work, pursuant to 17 U.S.C. § 504-(a) and (c);

2. An award to Plaintiff of its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

3. Entry of a permanent injunction enjoining Defendants and all other persons who are in active concert or participation with Defendants from continuing to infringe Plaintiff's Infringed Works; and

4. Entry of an Order compelling Defendants to delete and permanently remove the torrent file relating to Plaintiff's Infringed Works from each of the computers under each Defendant's possession, custody or control.

**(4) A list showing the names of all witnesses the party submitting the memorandum intends to call at trial. Liability and damages witnesses shall be designated separately.**

1. Collette Field a co-owner of Malibu Media.

2. Tobias Fieser an employee of IPP, Ltd.

3. Michael Patzer an employee of IPP, Ltd.

4. Patrick Paige an expert witness.

5. Colin Padgett the corporate representative from Comcast.

6. John Doe 16

7. John Doe 16's wife

8. John Doe 1

9. John Doe 13

10. Any witnesses identified by Defendants on its witness list.

11. Plaintiff reserves the right to list and/or call any and all newly-discovered witnesses upon proper notice.

12. Plaintiff reserves the right to call and/or produce any and all witnesses necessary for impeachment, rebuttal, and any all such ancillary witnesses as may be necessary to authenticate a document, or to prove the chain of custody for a piece of evidence, e.g., Plaintiff's counsel who received documents or things from IPP, Ltd and Defendants and then forwarded them to Plaintiff's expert or back to Defendants.

13. Plaintiff reserves the right to amend and/or supplement this Witness List upon proper notice to the parties to this action and this Court.

**(5) A schedule of all of the possible exhibits to be offered at trial by the party submitting the memorandum.**

1. The U.S. Copyright Registrations for each of the Infringed Works and any applicable corrections thereto.

2. The assignment of certain U.S. Copyright Registrations from Brigham Field to Malibu Media, LLC.

3. Responses from Internet Service Providers (ISPs) identifying their subscribers who are the defendants or the husband of a Defendant in this action.

4. Original versions of the Infringed Works.

5. The .torrent files corresponding to each of the Infringed Works.

6. The .mov, .adi, .mpg, .wmd and all such similar files that correlate to each of the .torrent files downloaded and distributed by each of the Defendants.

7. Wireshark PCAPs (packet captures) for each unique data capture set forth on Exhibits B, C and D.

8. A read-only time stamped backup drive from IPP, Ltd.

9. All of the stipulations entered into by the parties and third parties.

10. All affidavits provided by a Defendant to Plaintiff.

11. Each of the copies (or forensically sound copies of the copies) of Defendants' hard drives that have been produced to Plaintiff.

12. Correspondence from IPP, Ltd. to Plaintiff's expert witness containing an excel spreadsheet detailing the activity of the Wireshark PCAP data captured by IPP, Ltd. in association with Plaintiff's expert's report.

13. The .torrent files seeded by Plaintiff's expert.

14. The .mov, .adi, .mpg, .wmd or similar files that correlate to the .torrent files of public domain works seeded by Plaintiff's expert.

15. The Wireshark log files used by Plaintiff's expert for purposes of evaluating IPP, Ltd.'s IP detection software and techniques.

16. Various screen shots from Plaintiff's expert's computer that were generated during the analysis of John Doe 16's one terabyte hard drive.

17. All documents produced in response to third party subpoenas in this matter, to the extent not objectionable.

18. All exhibits attached to pleadings, motions or other papers filed in this action, to the extent not objectionable.

19. All documents or other materials listed on any exhibit list by a Defendant, to the extent not objectionable.

20. All documents or other materials produced between the parties to this action during discovery, to the extent not objectionable.

21. All transcripts of depositions taken during this action, and the exhibits thereto, to the extent not objectionable.

22. During trial, Plaintiff also intends have its expert use a computer during his testimony and go to torrent websites solely for the purpose of aiding the jurors in understanding how BitTorrent works. This will not be an exhibit which Plaintiff seeks to admit but instead will be used purely as a demonstrative aid for the jury.

23. Plaintiff's counsel may also use a trial board during opening or closing statements merely as a demonstrative aid.

24. Any exhibit which may be necessary to rebut testimony proffered by a Defendant.

25. Plaintiff reserves the right to amend and/or supplement this Exhibit List upon proper notice to the parties to this action and this Court.

**(6)  An estimate of the number of days required for trial.**

Plaintiff estimates that 3 to 5 days will be required for trial.

**(7)  Special comments regarding legal issues, stipulations, amendments of pleadings, or other appropriate matters.**

Plaintiff does not have any special comments at this time.

Dated: May 16, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *M. Keith Lipscomb*

**SERVICE LIST**

Leonard J. French, Esquire                                    *CM/ECF*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*

Jordan Rushie, Esquire                                        *CM/ECF*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

Ronald A. Smith, Esq.                                         *CM/ECF*
Ronald A. Smith & Associates
1617 JFK Boulevard
Suite 1240
Philadelphia, PA 19103
Email: ronaldasmithesq@aol.com
*Attorneys for John Doe 16*