UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                              :
                                                :   Civil Action No. 2012-2078
                      Plaintiff,                :
                                                :   Consolidated from Cases:
            vs.                                 :   2:12-cv-02078-MMB
                                                :   2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,                 :   5:12-cv-02088-MMB
                                                :
                      Defendants.               :
                                                :
---------------------------------------------------------------X

**PLAINTIFF'S NOTICE COMPLYING WITH**
**THIS COURT'S ORDER DATED MAY 8, 2013, [CM/ECF 134]**

PLEASE TAKE NOTICE John Doe 16 has <u>not</u> submitted a report to Plaintiff disputing Plaintiff's conclusion that the hard drive that Plaintiff sent back John Doe 16 was unreadable. *See* Order at p. 5, ¶ 3 [CM/ECF 134]. Although, the second hard drive John Doe 16 sent to Plaintiff was not a copy of the first hard drive John Doe 16 sent to Plaintiff, the second hard drive is readable. Accordingly, there is no dispute about the readability of either hard drive. *Id.* at p. 5 ¶ 4. Consequently, there is no need for an evidentiary hearing to ascertain whether either hard drive is readable[1]. *Id.* For the avoidance of doubt, Plaintiff does not plan to attend a hearing on May 22, 2013 because Plaintiff has not been apprised that there is an factual issues associated with the readability of the drives.

Undersigned counsel left a message for John Doe 16's counsel on Friday, May 17, 2013 and emailed him regarding this matter. However, counsel for John Doe 16 did not respond to

---

[1] Plaintiff could not tell if the images of the three computers on the first hard drive are copies of the images of those three computers on the second hard drive. But, the evidence suggests the images are the same. Note: The second hard drive had one more image of a computer than the first hard drive. That additional computer was purchased by John Doe 16 after the date of infringement.

1

undersigned's message or email until 12:53 P.M. today. John Doe 16's counsel did not address the readability of either hard drive. Instead, John Doe 16's counsel's email states that his client will challenge the substance of Patrick Paige's declaration.

As stated in Plaintiff's Notice of Filing Declaration of Patrick Paige and Plaintiff's Notice of its Intention to File a Motion for Sanctions based Upon John Doe 16's Intentional Fabrication of Evidence and Scheme to Defraud Plaintiff and this Court, Plaintiff's motion for sanctions will be filed as soon as is possible.

Dated: May 20, 2013

                                                Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
      M. Keith Lipscomb (429554)
      klipsomb@lebfirm.com
      LIPSCOMB, EISENBERG & BAKER, PL
      2 South Biscayne Blvd.
      Penthouse 3800
      Miami, FL 33131
      Telephone: (786) 431-2228
      Facsimile: (786) 431-2229
      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.

By: /s/ *M. Keith Lipscomb*
      M. Keith Lipscomb