UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                 :
:          Civil Action No. <u>2012-2078</u>
　　　　　　　　　　Plaintiff,       :
:          Consolidated from Cases:
　　　vs.                                                    :          2:12-cv-02078-MMB
:          2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,           :          5:12-cv-02088-MMB
:
　　　　　　　　　　Defendants.    :
:
------------------------------------------------------------X

**<u>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [CM/ECF 151]</u>**

Plaintiff sincerely appreciates the Court's offer to appoint Louis Cinquanto as an independent court appointed expert and is confident that his opinions will add an additional layer of credibility to Mr. Paige's explanation of why John Doe 16's (obviously perjurious) testimony is in some instances not possible and in all instances not probable.  Pursuant to this Court's order, the Court intends to task Mr. Cinquanto with explaining the differences in Mr. Paige's testimony and John Doe 16's testimony.  Be advised, Mr. Paige just learned yesterday that John Doe 16 had two hard drives in his desktop.  Accordingly, some of Mr. Paige's conclusions will be modified as a result of this revelation.  The Court is permitting Plaintiff to cross examine John Doe 16 next week.  The deposition is scheduled for May 30, 2013.  Following this deposition, Mr. Paige will submit via declaration any additional conclusions and modify his previous conclusions, as may be necessary, by June 3, 2013.  Pursuant to Fed. R. Evid. 706(b)(1) and (2), Mr. Cinquanto must advise the parties of any findings that he makes and may be deposed by any party.  The deposition transcript will hopefully be available to Mr. Cinquanto on June 3, 2013 as well.  Mr. Cinquanto may also need to physically examine the evidence.  Provided that Mr.

Cinquanto can perform his duties and advise the parties of his findings by close of business on June 5, 2013 and make himself available for deposition on June 7, 2013, Plaintiff consents. Regarding the damnation of physical evidence, Plaintiff will make additional forensically sound copies of the first and second hard drives that John Doe 16 produced to Plaintiff and send them to Mr. Cinquanto as soon as possible. Additionally, throughout next week, Plaintiff would like to be able to contact Mr. Cinquanto to advise him in real time about any modifications to Mr. Paige's conclusions that were reached based upon his understanding that John Doe 16's desktop only had one hard drive. This will aid Mr. Cinquanto in being able to rapidly perform his responsibilities. Should the Court deem it necessary, Plaintiff would welcome a telephonic status conference to discuss this issue further.

Dated: May 24, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipsomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of May, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb