# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC,                          :
                    Plaintiff       :
      vs.                                       :        NO.:  2:12-CV-02078-MMB
                                  :
JOHN DOES 1, 13, 14 AND 16       :
                    Defendant     :

### DEFENDANT, JOHN DOE 16'S REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [CM/ECF 148]

**I.**       **FACTUAL RESPONSE**

Rather than respond to the libelous statements made by Plaintiff's counsel as well as falsehoods by Plaintiff's counsel, let it suffice to say that Defendant, John Doe 16 has at all times been forthright, honest, and, with his credibility at stake, was observed first hand by this Honorable Court during the Rule 104 Hearing.

Although it is not our position to read the mind of the Trial Court, it is our position that Defendant, John Doe 16, while under oath, has provided clear and concise testimony with 100% truthfulness.

On or about December 27, 2012, and not 2013 as indicated by Plaintiff, Defendant sent, in accordance with Court Order, the hard drive, which has since been marked as "John Doe 16", to Defendant's local counsel.  On or about May 8, 2013, Defendant sent a second hard drive to the Plaintiff which has also since been marked as "Exhibit C Charlie".  For whatever reason, Plaintiff decided to make what they refer to as 'forensically sound copies' of the hard drives that Defendant forwarded to counsel.

Plaintiff also indicates that on or about May 2, 2013, that John Doe 16 "continued his attempt to frustrate Plaintiff's ability to uncover his fraud by opposing Plaintiff's motion for leave to create a forensically sound copy of his hard drive."  This is Plaintiff's position, although it flies in the face of the facts that have been presented to this Court.

We would respectfully remind the Court that Plaintiff's counsel has not been forthright, but in fact, has outright lied to the Court.  More specifically, Defendant, John Doe 16 sent, at the end of December, to local Plaintiff's counsel, the hard drive, as evidenced by the attached **Exhibit "A"**.  Plaintiff's counsel informed this Court that he did not receive it until sometime in January 2013 during a telephone court conference in early May.

Plaintiff's counsel also indicated that he had not retained an expert in this case until after he had completed interviews during the later part of February 2013 and that he had then, after retention of Computer Forensics, LCC, shipped them the original hard drive.  This was directly contradicted at the 104 Hearing by Plaintiff's expert when he testified that he did not receive the original hard drive, (John Doe 16) until sometime in April 2013.  When you add the fact that during the conference the undersigned had forgot that Plaintiff's counsel had in fact identified his experts on December 21, 2012.  He not only identified one expert, but he identified both Patrick Paige and David Kleiman in **Plaintiff's Notice of Expert Witness Disclosure** [CM/ECF 50].

So now we have an actual scenario which Plaintiff's counsel out right lied to the Court and, it is our position, committed a fraud upon the Court.

It is our position that Plaintiff's counsel, upon realizing that the trial was upcoming as well as the rescheduled date, realized that he had not performed the necessary discovery and/or failed to follow-up with his indicated experts.  We accept for the moment that Mr. Kleiman unfortunately passed away and that his partner, Patrick Paige may have been distraught which

prevented him from doing any discovery, whatsoever, but as the Court later ruled this is no excuse for the delay lying exclusively in the hands of both Plaintiff's attorney as well as Plaintiff's expert's firm.  Now in an attempt to avoid what obviously is malpractice on his part, which is minimally relevant to the issues in this matter, Plaintiff's counsel sought to enlarge the time for discovery and in an farcical and bizarre method blamed John Doe 16 for his faux pas, outright lies, and the aforesaid malpractice on his part.

## II.      **LEGAL ARGUMENT**

Defendant's position regarding the law is that it is clear and if this Court believes that Defendant committed the actions as alleged by Plaintiff, then Defendant's counsel agrees with the Courts recent Court Order where he reserved the judgment to impose sanctions upon any wrongdoer, including the Plaintiff.

## III.      **FURTHER ARGUMENT**

As a result of the Rule 104 Hearing, the Trial Court had the opportunity to review the testimony and most certainly the demeanor of both Plaintiff's long appointed expert, Patrick Paige, as well as Defendant, John Doe 16.  Obviously, it is our position, as indicated earlier, that John Doe 16 gave forthright testimony and this Court had the opportunity to observe firsthand John Doe 16's testimony, which flew in the face of the testimony presented by Plaintiff's expert. He demonstrated to this Court that **Exhibit "John Doe 16"** could not only be opened, but most certainly was readable.  Not attempting to presuppose or speculate as to what the Court's opinion is regarding the testimony during the Rule 104 Hearing, we would submit that the retention of an independent expert by the Court resulted directly as a result of the testimony during the Rule 104 Hearing.  At the conclusion of the Rule 104 Hearing, both parties indicated that they would have no objection to same **at that time**.

This Honorable Court entered an Order appointing the independent expert, Louis Cinquanto, by issuing a Rule to Show Cause [CM/ECF 151].  We continue to have no objection to the hiring of said expert, because we believe that said expert will assist the Court and the jury, if applicable, as to the veracity of all parties.  On the other hand, Plaintiff filed a **Response to the Rule to Show Cause** [CM/ECF 152], even though they had initially acknowledged acceptance of the Court Order appointing the expert.  Plaintiff's counsel began, once again, his harangue defaming the character of John Doe 16 and libeling him once again.  Although this may be acceptable in filing a pleading, such behavior making conclusions instead of submissions of what he will attempt to prove, is at the very least a lack of professionalism and civility.  Getting beyond that, Plaintiff's counsel's intention to and attempt to, once again, take additional discovery which this Honorable Court limited by prior Court Order, indicates his bad faith by conditioning the appointment upon his request and supposed right to depose the Court's expert and have an ex parte communication with him prior to trial.  The Court's Order is what it is and no more.  It's not allowance of Plaintiff's counsel to circumvent his long past discovery request and limitation by the Court.  In conclusion, the only party to be sanctioned in this case, Plaintiff's counsel, is attempting to circumvent prior and current Court Orders for what can only be described in our opinion as a weak case.  If this Honorable Court truly believes that Defendant, John Doe 16 either prior to trial or during trial has engaged in any type of wrongdoing, then we most certainly would not oppose the awarding of sanctions.

IV.   <u>**CONCLUSION**</u>

In summary, we invite the Court to examine the record as indicated by pleadings, Court Orders, prior sanctions, as well as the testimony elicited during the Rule 104 Hearing, and with

the added impact of the true independent expert untainted by Plaintiff's Counsel, make the

appropriate ruling.

Respectfully submitted,

*/s/ Ronald A. Smith*
RONALD A. SMITH, ESQUIRE
RonaldASmithEsq@aol.com
1617 John F. Kennedy Boulevard
Suite 355
Philadelphia, PA  19103
(215) 567-1200
Facsimile:  (215) 557-2439

## CERTIFICATE OF SERVICE

I, RONALD A. SMITH, ESQUIRE, hereby certify that on this 29th day of May, 2013, a

true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF and

all parties have received or will receive notification via the Court's CM/ECF electronic filing.

BY:*/s/ Ronald A Smith*
    RONALD A. SMITH, ESQUIRE