# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC,  :
                Plaintiff  :
vs.  :  NO.: 2:12-CV-02078-MMB
                  :
JOHN DOES 1, 13, 14 AND 16  :
                Defendant  :

### DEFENDANT, JOHN DOE 16'S RESPONSE TO ORDER TO SHOW CAUSE [CM/ECF 151]

Once again, Defendant, John Doe 16 would reiterate their appreciation to the Court's offer to appoint an independent Court Appointed Expert.

On the other hand, Defendant specifically objects to Plaintiff's counsel's ongoing slander and libel as well as defamation of character regarding the testimony by Defendant, John Doe 16, given to date.  Defendant, John Doe 16 has no objection to Plaintiff's cross examination at trial, but most certainly objects to any further pre-trial discovery which has been long closed.

If the Court remembers, during the telephone conference held after Defendant, John Doe 16, objected to an enlargement of time, the Plaintiff explicitly expressed to the Court that no expert had been hired until interviewing him in February/March of 2013.  Plaintiff's counsel also indicated that he had no knowledge as to when the evidence to be examined has been transferred, but believed it was soon after upon receipt, although Plaintiff's expert indicated that it was done sometime in April 2013.  Obviously, Plaintiff's counsel has not only lied to the Court, but at the very least has been less then forthright.

More specifically, Plaintiff's counsel clearly indicated their expert on December 21, 2012, when they filed **Plaintiff's Notice of Expert Witness Disclosure** [CM/ECF 50], prior to the time that Defendant's counsel forwarded the hard drive identified as "John Doe 16" and well

before such purported "Expert Interview" process. Plaintiff's counsel also indicated that said exhibit "John Doe 16" had been sent to their long retained expert upon receipt during the first week of January 2013, which is in direct contradiction to Patrick Paige's testimony.

This obvious and explicit lie to the Court by Plaintiff's counsel that he had not even interviewed or retained any experts, was used to support a request for enlargement of time of which the Court granted with limitations. The Court furthermore disagreed with Plaintiff's counsel and sanctioned Plaintiff's counsel. Those dates regarding further limitations are long over.

Plaintiff's counsel, in a routine manner of what appears to be duplicity, which have been evidenced by his statements to the Court, has now intended to utilize the Order regarding appointment of an Independent Expert where we have no objection to a further enlargement of time to take a deposition of the court Appointed Expert as well as utilize so-called "after discovery evidence" which is bizarre in nature and the manner of which advising both this party and the Court. In case Plaintiff's counsel forgets, discovery has long been closed on two (2) occasions.

Now, since Plaintiff's counsel is apparently not pleased with (a) the results of the Rule 104 Hearing; (b) His honor's questioning of the Defendant; and (c) the appointment of an Independent Expert; not only does Plaintiff's counsel intend to introduce and take additional discovery, he is moving in his last paragraph for an ex parte communication to the Expert which is against the Federal Rules, Court Orders and not in spirit with the limited enlargement of time this Honorable Court granted Plaintiff's counsel sometime ago.

If the Court feels a telephone conference is necessary, please schedule same; otherwise, we will object to any ex parte contact with the Court Appointed Expert as well as any additional

ongoing discovery in violation of the earlier Court Order and the recent Court Order granting a limited enlargement of time as well as Court Sanctions against Plaintiff's counsel.

Defense counsel will also respectfully desire a full and complete report indicating the circumstances of when the "after discovered" evidence of two drives and in what manner and results of same would be, since John Doe 16's opportunity for cross examination has already been completed.

                                              Respectfully submitted,

                                              */s/ Ronald A. Smith*
                                              RONALD A. SMITH, ESQUIRE
                                              RonaldASmithEsq@aol.com
                                              1617 John F. Kennedy Boulevard
                                              Suite 355
                                              Philadelphia, PA  19103
                                              (215) 567-1200
                                              Facsimile:  (215) 557-2439

## **CERTIFICATE OF SERVICE**

I, RONALD A. SMITH, ESQUIRE, hereby certify that on this 29th day of May, 2013, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF and all parties have received or will receive notification via the Court's CM/ECF electronic filing.

                                              BY:  */s/ Ronald A. Smith*
                                                      RONALD A. SMITH, ESQUIRE