# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC,                       :
                Plaintiff        :
   vs.                                            :   NO.: 2:12-CV-02078-MMB
                                            :
JOHN DOES 1, 13, 14 AND 16    :
                Defendant    :

### DEFENDANT, JOHN DOE 16'S MOTIONS IN LIMINE

Defendant, JOHN DOE 16 hereby proposes the following Motions in Limine:

(1)   Plaintiff is barred from introducing any evidence or so-called "after discovered" evidence which is not in compliance with the Courts original scheduling Order or the Courts modified discovery Order dated May 8, 2013 [CM/ECF 133] where Plaintiff was sanctioned.

(2)   Plaintiff is barred from introducing any report(s) after the 2nd cut-off Discovery date not in compliance with the Court's Orders. On May 8, 2013, Plaintiff's counsel was sanctioned for misbehavior regarding discovery and was given a limited enlargement of his request for discovery. After the Federal Rule of Civil Procedure 104 Hearing was held, Plaintiff's counsel once again seeks to introduce a so-called "after discovered" evidence process as well as permission to depose the Court's expert and to engage in ex parte communications with the court appointed expert. Such tactics are once again an obvious attempt to circumvent the Court's Order and the Federal Rules of Civil Procedure. Defendant's counsel seeks to bar any and all evidence allegedly obtained by Defendant's Expert after the Court Order of May 8, 2013.

(3)   As of this date, the cases against co-Defendants John Doe 1 and John Doe 13 are still before the Court. The cases have not been settled, but may be in the process of resolution. This may not be an issue, but since the Co-Defendant's cases have not been resolved, it is John

Doe 16 right to cross-examine those parties at the time of trial on any and all issues that the Court deems relevant to John Doe 16's defense and counterclaim.

(4) During a recent telephone conference/hearing before this Honorable Court, Plaintiff's counsel indicated (a) that an expert wasn't retained until after interviews in February of 2013 and the Exhibit "John Doe 16" wasn't forwarded until March of 2013.  Plaintiff's counsel also indicated a flooding (?) problem as well which resulted in a delay.  Plaintiff's own expert contradicted him by saying he received the aforesaid **Exhibit "John Doe 16"** in April.  Plaintiff's counsel was less then forthright with the Court when on December 21, 2013, he filed **Plaintiff's Notice of Expert Witness Disclosure** [CM/ECF 50] indicating that he had already retained Patrick Paige and his partner, David Kleiman, now deceased.  Such lack of forthrightness or blatant lie to the Court resulted in sanctions and a limited right to conduct more discovery.  Now Plaintiff's counsel seeks to circumvent this Court's Order by conducting a deposition of the Court retained Independent Expert and the right to have an ex parte communication with the expert, Louis Cinquanto.  Such ex parte communication is an attempt to violate the process of independent thought and shape his own (Plaintiff's) experts testimony at Court.  See CM/ECF 152 (**Plaintiff's Response to Order to Show Cause**).  Defendant, John Doe 16 objects to the ongoing bad faith by Plaintiff's counsel and (a) moves to strike any testimony by Defendant's Expert; (b) moves to strike any defense expert testimony regarding additional so called "after discovered" evidence; and (c) provide a report regarding same within the next three (3) days.

(5) Plaintiff's counsel has indicated that he desires to depose Court Appointed independent expert as well as engaged in ex parte communications with the expert.  Such improper ex parte communication as well as the unilateral enlargement of discovery by

Plaintiff's counsel is improper, inappropriate, and violative of Court Orders and subject to Court Sanctions.

(6) Although possibly not worthy of a Motion in Limine, Plaintiff's counsel practice of leading his witness and talking over both Defendant's counsel and the Trial Court Judge is at the very least an annoyance, if not in fact violative of judicial process, professionalism and civility. Defendant, John Doe 16, would request (a) an instruction to all counsel to refrain from such behavior; and (b) to state "Objections" only during testimony and allow the Court to rule upon same, unless the Court requires more.

(7) Both parties were participants in a Rule 104 Hearing where testimony by Plaintiff and direct examination of the Defendant was held on May 23, 2013. The cross examination of the Defendant, John Doe 16, under the judge's guidelines was suppose to take no longer than 2 hours. The cross examination of Defendant, John Doe 16 began after a one hour delay due to technical glitches in the Miami venue. This delay of one hour plus the cross examination of the Defendant took in excess of three and a half hours. Defendant, John Doe 16 moves that this Honorable Court instruct that all testimony on both dates be presented to the Court at trial, if applicable, in the same format, i.e, video and audio format, or not at all. It is unfair to present one part of testimony in audio alone.

Respectfully submitted,

/s/ *Ronald A. Smith*
RONALD A. SMITH, ESQUIRE
RonaldASmithEsq@aol.com
1617 John F. Kennedy Boulevard
Suite 355
Philadelphia, PA  19103
(215) 567-1200
Facsimile:  (215) 557-2439

## **CERTIFICATE OF SERVICE**

I, RONALD A. SMITH, ESQUIRE, hereby certify that on this 30th day of May, 2013, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF and all parties have received or will receive notification via the Court's CM/ECF electronic filing.

BY: */s/ Ronald A. Smith*
RONALD A. SMITH, ESQUIRE