**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1, 6, 13, 14, and 16,<br><br>Defendants. | Civil Action No. 2012-2078<br><br>Consolidated from Cases:<br>2:12-cv-02078-MMB<br>2:12-cv-02084-MMB<br>5:12-cv-02088-MMB |

**PLAINTIFF'S MOTION IN LIMINE REGARDING REFERENCES TO PLAINTIFF**

Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, hereby moves for the entry of an order precluding Defendant John Doe 16 ("Defendant") from referring to Plaintiff by any title besides "Plaintiff" or "Malibu Media" and states:

## I. INTRODUCTION

Plaintiff, Malibu Media, LLC, has filed many meritorious lawsuits nationwide in order to protect its copyrights and attempt to dissuade individuals from using the BitTorrent protocol to unlawfully download and distribute its copyrighted works. Plaintiff's business has suffered immensely at the hands of on-line infringers. Due to the content of Plaintiff's copyrighted works and Plaintiff's proactive stance against on-line copyright infringement, it is no secret that Plaintiff has garnered much criticism and negative feedback from the on-line community. Accordingly, Plaintiff has been referred to in many different negatively connoted ways, including: "copyright troll," "pornographer," "porn purveyor," and "extortionist." Referring to Plaintiff at trial by any title except "Plaintiff" or "Malibu Media" would be unfairly prejudicial

and would only serve to impede the impartial administration of justice. For the foregoing reasons, as explained more fully below, this Court should grant the subject Motion.

## II. ARGUMENT

### A. Defendant Should be Precluded From Referring to Plaintiff as Anything Besides "Plaintiff" or "Malibu Media"

Defendant should be precluded from referring to Plaintiff at trial by any title except "Plaintiff" or "Malibu Media" because calling Plaintiff by any other name would only serve to inflame the jury. If Defendant is permitted to refer to Plaintiff as "a copyright troll," "pornographer," "porn purveyor," or "extortionist," the negative connotations of those titles are clear and Plaintiff would be unfairly prejudiced in attempting to prove its case. The jury would likely be led to abandon its impartiality if those or similar titles are permitted in the courtroom. Federal Rule of Evidence 403 provides for the exclusion of evidence with a probative value substantially outweighed by the danger of "unfair prejudice" or "misleading the jury." *Id.* Here, such titles attributed to Plaintiff have no probative value whatsoever.

Although it is undisputed that Plaintiff creates "adult content," use of the aforementioned terms in this context is undoubtedly pejorative and invokes preconceived negative connotations. Such preconceived negative connotations may impart that Plaintiff's works are not entitled to copyright protection or that Plaintiff should be treated differently under the law simply because of the industry that it is in. Such is not the case. Plaintiff's copyrights are valid and Plaintiff deserves the same rights as any other federal court litigant. *See e.g.* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.17 (2008) ("[T]he currently prevailing view" is that "no works are excluded from copyright by reason of their content.") *citing Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979); *Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973) ("There is nothing in the Copyright Act to suggest that the courts are

to pass upon the truth or falsity, the soundness or unsoundness, of the views embodied in a copyrighted work. The gravity and immensity of the problems, theological, philosophical, economic and scientific that would confront a court if this view were adopted are staggering to contemplate."); *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) (following *Mitchell Bros.*); *Patrick Collins, Inc. v. Does 1-23,* 1:12-cv-01641-MSK-MEH (D. Colo. Oct. 10, 2012), *Transcript of Hearing on October 10, 2012* ("every entity that appears before the U.S. District Court is entitled to equal treatment, equal process . . . I have seen what I think is unnecessary hostility toward these cases . . . Congress created the law that gives Malibu Media the authority to bring lawsuits, and Congress can change the law, but in the meantime, the courts are limited to applying the law.") Defendant can litigate this case without using any of the above or any other similar negatively-charged descriptors.

## III. CONCLUSION

For these reasons, the Court should preclude Defendant from referring to Plaintiff at any point during the trial, including opening statements and closing arguments, by any title apart from "Plaintiff" or "Malibu Media" since use of other terms would be unduly prejudicial.

Dated: May 30, 2013.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By: /s/ *M. Keith Lipscomb*

M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esq.