UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------X
                                    :

MALIBU MEDIA, LLC,                     :

                                    :     Civil Action No. <u>2012-2078</u>
                      Plaintiff,      :

                                      :     Consolidated from Cases:
            vs.                :     2:12-cv-02078-MMB
                                      :     2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,    :     5:12-cv-02088-MMB
                                      :
                   Defendants.    :
                                      :
------------------------------------------------------------------X

**PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF THIRD PARTY LAWSUITS**

     Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Evid. 802, 402 and 403, hereby moves for the entry of an Order precluding from trial evidence of, or reference to, third party lawsuits for copyright infringement brought by Plaintiff, and in support states:

**I.      INTRODUCTION**

     The Court should preclude Defendant, John Doe 16 ("Defendant"), from proffering at trial any evidence of, or making any reference to, lawsuits that Plaintiff has filed in the past or which are currently pending against third party copyright infringers. Plaintiff expects Defendant to attempt to reference these matters at trial in an effort to introduce unsubstantiated allegations of "abuse of process" against Plaintiff. As further explained below, however, such matters are: (1) inadmissible hearsay; (2) wholly irrelevant to any issue in this case; and (3) even if marginally relevant, sought to be introduced solely for the purpose of prejudicing and confusing

the jury by the existence of collateral matters, the merits of which should not be litigated in this lawsuit.

## II.   BACKGROUND

1. Plaintiff has sued Defendant in this case for willful copyright infringement.

2. Defendant has asserted affirmative defenses and brought counterclaims for a declaration of non-infringement and abuse of process.

3. Plaintiff will introduce fact and expert evidence at trial supporting its claim that Defendant used the BitTorrent protocol to upload, download and transmit to other persons copyrighted works without authorization from Plaintiff.

4. The central issue at trial is simple: whether or not Defendant committed the infringement.

5. As the Court is aware, Plaintiff has brought separate lawsuits against other defendants in this and other jurisdictions as part of its copyright enforcement efforts.

6. Naturally, these third party lawsuits involve parties, facts, claims, defenses, etc., wholly alien to this case.

7. Defendant has adduced no support whatsoever for his claim of abuse of process or any illegitimate conduct by Plaintiff in this case or any other.

## III.   MEMORANDUM OF LAW

### A.   <u>Evidence of Third Party Lawsuits is Inadmissible Hearsay</u>

The Court should exclude as inadmissible hearsay any evidence or references to lawsuits that Plaintiff has filed against third party copyright infringers. "Hearsay" means a statement that a declarant "does not make while testifying at the current trial or hearing," and which a party "offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid.

801(c). Hearsay is not admissible unless provided otherwise by a federal statute, the Federal Rules of Evidence or other rules prescribed by the U.S. Supreme Court. Fed. R. Evid. 802. Allegations in a complaint from another lawsuit "are clearly hearsay and of no probative value." *Century '21' Shows v. Owens*, 400 F.2d 603, 609-10 (8th Cir. 1968); *T.I. Constr. Co., Inc. v. Kiewit E. Co.*, 1992 WL 382306, at *4 (E.D. Pa. 1992) (the filing of "[c]omplaints, and the charges and allegations they contain, are hearsay under the Federal Rules of Evidence."), *citing Owens*, 400 F.2d at 609-10; *Foster v. Berwind Corp.*, 1991 WL 83090, at *1 (E.D. Pa. 1991) (granting motion in limine to exclude evidence of other lawsuits, noting that allegations in other complaints were simply "allegations," and holding that such evidence was "dispositive of nothing and would confuse the complex issues already present.")

Just as complaints are hearsay, any testimony about the allegations in a complaint is also inadmissible hearsay. *See Foster*, 1991 WL 83090, at *1; *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) ("[Plaintiff] has attempted to introduce a brief summary of claims, lawsuits, and complaints . . . which amounts to nothing more than a summary of allegations by others which constitute hearsay.") Similarly, verdicts, judgments and/or findings of fact from other lawsuits are also hearsay. *See Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1272 (8th Cir. 1997) ("[A] jury verdict does not constitute evidence."); *In re Acceptance Ins. Companies, Inc. Securities Litigation*, 352 F.Supp.2d 940, 950 (D. Neb. 2004) (judicial findings of fact from another case were deemed inadmissible hearsay); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (holding that admission of judicial findings of fact was abuse of discretion because judicial findings are hearsay and do not meet the public record exception to hearsay rule); *Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2006 WL 3041102, at *3 (D.N.J. 2006) (a court's findings and judgments are hearsay).

Here, because the complaints, allegations, outcomes, etc., from any third party lawsuits are hearsay, the Court should preclude Defendant on this basis alone from proffering any evidence or references to these other lawsuits.  Fed. R. Evid. 801(c), 802.

### B.   Evidence of Third Party Lawsuits is Irrelevant

Even if not found to constitute hearsay, the Court should nonetheless exclude any evidence or references to third party lawsuits as irrelevant to the issues being tried in this case. Federal Rule of Evidence 401 defines "relevant evidence" as evidence: (a) having "any tendency to make a fact more or less probable than it would be without the evidence," where (b) "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  If evidence does not meet both of these relevancy requirements, it is "not admissible."  Fed. R. Evid. 402.

Evidence of third party lawsuits—which necessarily involves parties, facts, claims, defenses, etc., wholly alien to this case—is irrelevant to the issue of whether Defendant infringed Plaintiff's copyrights under the facts at issue here.  *See, e.g., Feezor v. Golden Bear Restaurant Group, Inc.*, 2012 WL 2873353, at *1-2 (E.D. Cal. 2012) (granting motion in limine and excluding evidence of third party lawsuits and settlements irrelevant to the claims and contentions in the case at bar).

Similarly, the fact that Plaintiff ultimately settled any third party lawsuits is also irrelevant to Plaintiff's instant claim, and cannot be used to prove or disprove the validity of such claim.  *See, e.g., Sheesley v. Cessna Aircraft Co.*, 2006 WL 3042793, at *10 (D.S.D. 2006) (precluding defendants from referring to plaintiffs' previous settlement of litigation, and finding that the fact that plaintiffs settled their claims had limited probative value as it did not help defendants prove any part of their case); *Communities for Equity v. Michigan High School Athletic Ass'n*, 137 F.Supp.2d 910, 914 (W.D. Mich. 2001) (excluding reference to prior lawsuit

4

that was dismissed without any ruling on the merits on the grounds that it was irrelevant because "it [did] not make a consequential fact more or less probable"); *see also* Fed. R. Evid. 408.

Therefore, any evidence of or references to third party lawsuits is irrelevant and inadmissible. Fed. R. Evid. 401, 402. *See also United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988) ("A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant.")

    **C.**    **Even if Marginally Relevant, Evidence of Third Party Lawsuits Will Prejudice and Confuse the Jury**

Finally, the Court should exclude evidence or references to third party lawsuits because even if marginally relevant, the probative value of same is clearly outweighed by the danger of unfair prejudice. Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, any balancing under Rule 403 tips decidedly in favor of excluding all references to any third party lawsuits.

First, even though Plaintiff's lawsuits against third parties concern parties, facts, claims and defenses wholly alien to this case, it is inevitable that jurors will be distracted and confused by these collateral issues. This, in turn, will lead them to base their decisions on facts other than those at issue here. This is exactly what Rule 403 seeks to prevent. *See, e.g., Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 390 (N.D. Iowa 1998) (granting plaintiff's motion in limine to exclude evidence of other lawsuits where prior lawsuits presented serious potential for confusion and for decisions on an improper basis, rather than upon evaluation of evidence and arguments in present case).

Moreover, any attempt by Defendant to introduce evidence of other lawsuits should be recognized for what it is, i.e., an attempt to create a "sideshow" or "conspiracy theory" in order to distract the jury from the facts of Defendant's infringement. In brief, Defendant—having adduced no support whatsoever for his claim of abuse of process or any illegitimate conduct by Plaintiff in this case or any other—will nevertheless seek to cast Plaintiff's copyright enforcement efforts as a whole in a "fraudulent" light. The trial will then devolve into whether or not Plaintiff's copyright enforcement efforts are legitimate, rather than whether or not Defendant stole Plaintiff's movies. As the Court undoubtedly knows, this is <u>exactly</u> what Defendant would like to have happen, and <u>exactly</u> why Rule 403 should be applied here to shut down this tactic and focus the jury. *See, e.g., Feezor v. Golden Bear Restaurant Group, Inc.*, 2012 WL 2873353, at *1-2 (E.D. Cal. 2012) ("As a general matter, unless . . . prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias."), *quoting Henderson v. Peterson*, 2011 WL 2838169, at *5 (N.D. Cal. 2011).[1]

Courts routinely exclude evidence of other lawsuits in situations like this where the trial at hand will devolve into "mini-trials" about other lawsuits. *See, e.g., Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *1 (E.D. Pa. 1996) (holding that where "the admission of evidence will lead to the litigation of collateral issues, which create side issues which may distract the jury from the main issues, the Court may exclude the evidence."), *citing Blancha v. Raymark Indus.,* 972 F.2d 507, 516 (3d Cir.1992) (same); *Diesel Machinery, Inc. v. B.R. Lee*

---

[1] Defendant should also be precluded from mentioning or suggesting that undersigned counsel represent Plaintiff in copyright enforcement efforts outside of this case, or have received any amount of fees in handling this case or others. Such comments are inherently prejudicial. Fed. R. Evid. 403. *See also Bufford v. Rowan Companies, Inc.*, 994 F.2d 155, 157-58 (5th Cir. 1993) (when a party makes unsupported, irresponsible attack on integrity of opposing counsel, it is the duty of the trial court to suppress it, quickly and unqualifiedly); *Fineman v.Armstrong World Indus., Inc.*, 980 F.2d 171, 206-09 (3d Cir. 1992) (trial counsel exceeded the bounds of propriety in suggesting that opposing counsel had a motive to misrepresent the evidence because it was paid a certain amount in legal fees).

*Indus., Inc.*, 418 F.3d 820, 834 (8th Cir. 2005) (affirming district court's exclusion of evidence of prior lawsuit because it would have resulted in a "trial within a trial"); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034-35 (1st Cir. 1989) (admitting evidence about previous cases "inevitably result[s] in trying those cases . . . before the jury. The merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time."); *Wilson v. Maricopa County*, 2007 WL 686726, at *13 (D. Ariz. 2007) (same).

Accordingly, because the prejudice caused by any reference to third party lawsuits would greatly outweigh any conceivable relevance, the evidence should be excluded under Rule 403.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court preclude Defendant, his counsel and/or his witnesses from proffering at trial any evidence of, or making any reference to, any third party lawsuits brought by Plaintiff.

Dated: May 30, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *M. Keith Lipscomb*

**SERVICE LIST**

Leonard J. French, Esquire                                              *CM/ECF*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*

Jordan Rushie, Esquire                                                  *CM/ECF*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

Ronald A. Smith, Esq.                                                   *CM/ECF*
Ronald A. Smith & Associates
1617 JFK Boulevard
Suite 1240
Philadelphia, PA 19103
Email: ronaldasmithesq@aol.com
*Attorneys for John Doe 16*