**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------------------X
                                        :
MALIBU MEDIA, LLC,                      :
                                        :      Civil Action No. 2012-2078
                      Plaintiff,        :
                                        :      Consolidated from Cases:
            vs.                         :      2:12-cv-02078-MMB
                                        :      2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,         :      5:12-cv-02088-MMB
                                        :
                      Defendants.       :
                                        :
-----------------------------------------------------------------X
```

**PLAINTIFF'S MOTION IN LIMINE**
**TO PRECLUDE PEER MEDIA EVIDENCE**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Evid. 802, 402 and 403, hereby moves for the entry of an Order precluding from trial certain evidence produced by Peer Media Technologies, Inc. ("Peer Media"), or any reference thereto, and in support states:

I.     **INTRODUCTION**

The Court should preclude Defendant, John Doe 16 ("Defendant"), from proffering at trial certain evidence produced by Peer Media concerning: (a) the possible use of BitTorrent by another person who was subsequently assigned the same the IP address that Defendant used to infringe Plaintiff's copyrights.  As further explained below such evidence is: (1) inadmissible hearsay; (2) wholly irrelevant to the facts of this case, which have been stipulated to by the parties as they concern IP address correlation; and (3) even if relevant—which it is not—sought to be introduced solely for the purpose of confusing the jury.

1

II.     **BACKGROUND**

1.      Plaintiff has sued Defendant in this case for willful copyright infringement.

2.      Plaintiff will introduce fact and expert evidence at trial supporting its claim that Defendant used the BitTorrent protocol to upload, download and transmit to other persons copyrighted works without authorization from Plaintiff.

3.      Third party internet service provider (ISP) Verizon identified John Doe 16's wife as the subscriber of IP Address No. 96.245.250.242 on February 14, 18, and 19, 2012 and March 17, 2012.  *See* Stipulation and Order That Verizon Identified John Doe 16's Wife as the Subscriber of IP Address No. 96.245.250.242 on 2/14, 2/18-9 and 3/17/2012, signed by Honorable Michael M. Baylson on April 24, 2013 [CM/ECF No. 123] (the "Stipulation").

4.      The subject IP Address was assigned to another person on March 29, 2012.  *Id.*

5.      The parties have stipulated that the technology used by Verizon to correlate the IP Address to John Doe 16's wife on the above referenced dates is reliable, and that this stipulation shall be admissible at the trial of this case.  *Id.*

6.      During the course of Plaintiff's investigation of Defendant's infringement, Plaintiff also received information from Peer Media for IP Address No. 96.245.250.242 (the "Peer Media Evidence").

7.      The Peer Media Evidence indicates that after the subject IP address was assigned to another person on March 29, 2012, Peer Media identified additional online infringements correlating to this IP Address.

8.      These additional infringements concern works belonging to third parties that bear no relation whatsoever to the works and infringements sued upon in this case.

### III.  MEMORANDUM OF LAW

#### A.   The Peer Media Evidence is Inadmissible Hearsay

The Court should exclude the Peer Media Evidence and any references thereto as inadmissible hearsay.  "Hearsay" means a statement that a declarant "does not make while testifying at the current trial or hearing," and which a party "offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Hearsay is not admissible unless provided otherwise by a federal statute, the Federal Rules of Evidence or other rules prescribed by the U.S. Supreme Court.  Fed. R. Evid. 802.

Plaintiff believes Defendant may seek to introduce the Peer Media Evidence in an attempt to introduce doubt as to whether the subject IP address was assigned to Defendant at the time of the infringements at issue.  However, the Peer Media Evidence has never been introduced by any declarant in these proceedings as testimony or otherwise.  Further, and as argued below, any attempt by Defendant to proffer the Peer Media Evidence to "prove" the fact that he was not assigned the subject IP address would be (a) irrelevant, given the time frame and works at issue, and the fact that the parties have stipulated to the relevant facts concerning IP correlation in this case, and (b) prejudicial, as it would confuse and distract the jurors from the relevant facts of the case.

Accordingly, because it is inadmissible hearsay, the Court should preclude Defendant on this basis alone from proffering any evidence or references to the Peer Media Evidence.  Fed. R. Evid. 801(c), 802.

#### B.   The Peer Media Evidence is Irrelevant

Even if not found to constitute hearsay, the Court should nonetheless exclude the Peer Media Evidence and any references thereto as wholly irrelevant to the issues being tried in this

case.  Federal Rule of Evidence 401 defines "relevant evidence" as evidence: (a) having "any tendency to make a fact more or less probable than it would be without the evidence," where (b) "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  If evidence does not meet both of these relevancy requirements, it is "not admissible."  Fed. R. Evid. 402.

The introduction of the Peer Media Evidence in this case would be, in all respects, a non sequitur.  This is so because the evidence concerns facts which are of absolutely <u>no</u> consequence in determining this action.  Specifically, evidence tending to prove that Defendant was not assigned the subject IP address on dates <u>other than</u> the dates of infringement here, and that the works of third parties <u>other than</u> Plaintiff were infringed, is the epitome of irrelevant evidence. *See, e.g., Mascarini v. Quality Employment Services & Training*, 2013 WL 595923, at *2 (M.D. Pa. 2013) (excluding as irrelevant and prejudicial evidence that lacked temporal proximity to the facts at issue).

Indeed, the Peer Media Evidence is especially irrelevant given the fact that the parties have stipulated that Verizon correlated the subject IP address to John Doe 16's wife on the dates of infringement sued upon, and that such correlation is reliable.  *See* Stipulation [CM/ECF No. 123].  The Court, therefore, should exclude the Peer Media Evidence or any reference thereto as irrelevant and inadmissible.  Fed. R. Evid. 401, 402.  *See also United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988) ("A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant.")

### C.    The Peer Media Evidence Will Prejudice and Confuse the Jury

Finally, the Court should exclude the Peer Media Evidence and any references thereto because even if relevant—which it is not—its probative value is clearly outweighed by the

danger of unfair prejudice.  Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Here, any balancing under Rule 403 tips decidedly in favor of excluding all references to the Peer Media Evidence.  Specifically, even though the Peer Media Evidence concerns dates and the works of third parties other than Plaintiff, it is inevitable that jurors will be distracted and confused by these facts.  This, in turn, will lead them to base their decisions on facts other than those at issue.  This is exactly what Rule 403 seeks to prevent.  *See, e.g., United States v. Meester,* 762 F.2d 867, 875 (11th Cir. 1985) (holding that Rule 403's major function is "excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.")

Accordingly, because the prejudice caused by any reference to the Peer Media Evidence would greatly outweigh any conceivable relevance, the evidence should be excluded under Rule 403.

IV.   **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court preclude Defendant, his counsel and/or his witnesses from proffering the Peer Media Evidence, or making any reference thereto, at trial.

Dated: May 30, 2013

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *M. Keith Lipscomb*

## <u>SERVICE LIST</u>

Leonard J. French, Esquire                                        *CM/ECF*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*

Jordan Rushie, Esquire                                            *CM/ECF*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

Ronald A. Smith, Esq.                                            *CM/ECF*
Ronald A. Smith & Associates
1617 JFK Boulevard
Suite 1240
Philadelphia, PA 19103
Email: ronaldasmithesq@aol.com
*Attorneys for John Doe 16*