UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------X
                                      :

MALIBU MEDIA, LLC,

                                    :        Civil Action No. 2012-2078

                   Plaintiff,      :

                                    :        Consolidated from Cases:
                vs.             :        2:12-cv-02078-MMB
                                    :        2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,      :        5:12-cv-02088-MMB
                                    :

                  Defendants.     :

                                    :
-------------------------------------------------------------------X

**PLAINTIFF'S MOTION IN LIMINE REGARDING REFERENCES TO TIMING
ISSUES RELATED TO PLAINTIFF'S EXPERT**

       Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, hereby moves

for the entry of an order precluding Defendant John Doe 16 ("Defendant") from referring to timing

issues related to Plaintiff's expert and states:

**I.      INTRODUCTION**

       This case arose out of the Defendants' unlawful downloading and distribution of

Plaintiff's copyrighted works using the BitTorrent protocol.  Accordingly, the only facts relevant

to this case are those which bear on the questions of whether or not Plaintiff owns valid

copyrights and whether Defendant violated any of Plaintiff's exclusive rights therein using the

BitTorrent protocol.  Issues related to the timing of events surrounding Plaintiff's hiring of an

expert witness and the timeframe within which the expert conducted and completed his

investigations are collateral.  Plaintiff has at all times litigated in good faith and has never

unnecessarily delayed or attempted to delay or frustrate the progression of the litigation.  Indeed,

during the last six months Plaintiff has prepared diligently and vigorously for this trial.  Despite

the complexity of the issues involved in bringing this case to trial within such an abbreviated timeframe, Plaintiff has: defended against three motions to dismiss; filed three motions to strike; filed its own motions to dismiss; propounded discovery; subpoenaed four search engines; conducted numerous teleconferences with its investigator in Germany; located, interviewed, and hired an expert witness; taken numerous depositions; prepared and filed a motion for summary judgment; prepared and filed jury instructions; prepared and filed motions in limine; and timely completed all other obligations.  For the foregoing reasons, as explained more fully below, this Court should grant the subject Motion.

Further, regarding the timing issue of Plaintiff's expert report as it relates to John Doe 16's Hard Drive, the fault lies with John Doe 16.  John Doe 16 has attempted to perpetuate a fraud on Plaintiff and this Court.  And, he has taken innumerable actions toward that end such as sending an unreadable hard drive, fabricating evidence, wiping evidence from his hard drive, and then spoiling the original version of the John Doe 16 Hard Drive.  Uncovering frauds takes time. Here, Plaintiff is doing so with all due speed.

## II.    BACKGROUND

The following facts related to Plaintiff's hiring of an expert witness and the expert's investigation are true and accurate:

1.     On December 19, 2012, Plaintiff first spoke with Dave Kleiman and Patrick Paige of Computer Forensics, LLC.  During the initial phone call, Patrick Paige orally agreed to serve as expert witness in this case.

2.     On December 21, 2012, after another phone call with Dave Kleiman, Plaintiff filed a timely Notice of Expert Witness Disclosure with the Court.  [CM/ECF 50].

3.      In the time between Plaintiff's initial conversation with the experts and Plaintiff's receipt of the signed engagement letter, Plaintiff negotiated with the experts regarding the details of the agreement—specifically, whether the retainer paid to the experts would be a refundable or non-refundable retainer.

4.      On December 27, 2012, counsel for Defendant John Doe 16 sent Plaintiff's local counsel copies of Defendant's hard drives.

5.      On December 28, 2012, Malibu Media's counsel, Christopher Fiore, received the copies of Defendant's hard drives.

6.      On January 4, 2013, Plaintiff received a signed engagement agreement from the experts.

7.      On February 9, 2013, Mr. Fiore mailed the hard drives to Lipscomb, Eisenberg & Baker, PL in Miami, Florida.

8.      On February 11, 2013, Plaintiff received the hard drives in Miami.

9.      The hard drives sat in an unopened box between February 11, 2013 and March 6, 2013.

10.     On March 6, 2013, the box was opened so that its contents could be ascertained, a Post-It note which read "Doe 16 Atty Ronald Smith" was stuck to the outside of Defendant John Doe 16's otherwise unlabeled hard drive, and the box was resealed and mailed to Plaintiff's experts in Boynton Beach, Florida.  No other action was taken with respect to the hard drives.

11.     On March 7, 2013, the hard drives were received by Plaintiff's experts.

12.     On April 18, 2013, Malibu Media's counsel, M. Keith Lipscomb, personally met with the experts at their office in order to check their progress and the status of their investigations and reports.

13.     On April 25, 2013, Plaintiff requested an extension, until May 1, 2013, in which

to provide its experts' reports to Defendant.  Defendant consented.

14.     The experts' reports were due on April 26, 2013 which should have been a

sufficient amount of time within which to obtain the hard drives, conduct the investigation, and

draft a report.  The extension was necessary, however, because one of Plaintiff's experts, Dave

Kleiman, had fallen severely ill.

15.     On April 26, 2013, Dave Kleiman passed away.

16.     On May 1, 2013, Plaintiff sent its expert's reports to Defendant.

## III.     ARGUMENT

### A. Defendant Should be Precluded From Referring to the Collateral Issue of Timing Related to Plaintiff's Expert Because the Issue is Not Relevant and Therefore Not Admissible

The timeline of events related to Plaintiff's hiring of Patrick Paige and when he received the

hard drives, conducted his investigation, and completed his reports is not relevant to the issue of

whether Defendant infringed Plaintiff's copyrights using the BitTorrent protocol.  Therefore, any

reference to the topic or evidence proffered in support thereof is inadmissible under Federal Rule of

Evidence 401.  Federal Rule of Evidence 401 defines "[r]elevant evidence" as evidence having "any

tendency to make a fact more or less probable than it would be without the evidence; and the fact is of

consequence in determining the action."  *Fed.R.Evid. 401*.

Here, the timeline of events related to when Plaintiff's expert received the hard drives,

conducted his investigation, and completed his report is not "of consequence in determining the

action."  *Fed. R. Evid. 401(b)*.  "To establish a claim of copyright infringement, a plaintiff must

establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the

plaintiff's work."  *Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.*, 307 F.3d 197,

4

206 (3d Cir. 2002).  Any testimony or evidence related to Plaintiff's expert's timing does not tend to make any consequential fact, i.e. any fact related to Plaintiff's ownership of valid copyrights and Defendant's unauthorized copying of original elements of Plaintiff's works, "more or less probable than it would be without the evidence."  *Fed. R. Evid. 401*. Defendant should therefore be precluded from referring to the issue.  "A trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant." *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  Accordingly, references to the timing of events related to Plaintiff's expert should be precluded from trial.

**B. Defendant Should be Precluded From Referring to the Collateral Issue of Timing Related to Plaintiff's Expert Because the Probative Value is Substantially Outweighed by Unfair Prejudice**

Even if evidence related to the timing of Plaintiff's expert is deemed relevant—which it is not—Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *Id.*  Where "the admission of evidence will lead to the litigation of collateral issues, which create side issues which may distract the jury from the main issues, the Court may exclude the evidence." *Thompson v. Glenmede Trust Co.*, 1996 WL 529693 at *1 (E.D. Pa. 1996) (*citing Blancha v. Raymark Indus.,* 972 F.2d 507, 516 (3d Cir.1992)) (precluding either party from referring to the discovery process in the presence of the jury at trial noting that "[d]uring the . . . litigation, all of the attorneys . . . have aggressively represented their clients" and "[r]ather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process.").

Here, allowing Defendant to present evidence and testimony related to the collateral issue of the expert's timing will create litigation of a distracting side issue which will confuse and mislead the jury.  This is especially true in light of the fact that the timeline of events was corrupted by the actions of Defendant John Doe 16 himself.  There is no relevant probative value of any such evidence Defendant may wish to present.  Even if there was, the probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.  The jury need not consider the timeline of events related to Plaintiff's expert in order to decide Defendant's liability for infringement.  Accordingly, references to the timing of events related to Plaintiff's expert should be precluded from trial.

## IV.    CONCLUSION

For these reasons, the Court should preclude Defendant from referring to any issues related to the timing of Plaintiff's receipt of the hard drives, hiring experts, or the expert's investigation and reporting, at any point during the trial, including opening statements and closing arguments, as irrelevant and unduly prejudicial.

Dated: May 30, 2013.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By:   /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esq.