UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                          :
:  Civil Action No. <u>2012-2078</u>
Plaintiff,                          :
:  Consolidated from Cases:
vs.                                    :  2:12-cv-02078-MMB
:  2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,                             :  5:12-cv-02088-MMB
:
Defendants.                         :
:
---------------------------------------------------------------X

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE FIRST HARD DRIVE, PREVIOUSLY REFERRED TO AS "THE JOHN DOE 16 HARD DRIVE"**

Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, hereby moves for the entry of an order precluding Defendant John Doe 16 ("Defendant") from introducing at trial the First Hard Drive, previously referred to as the "John Doe 16 Hard Drive," and states:

I.   INTRODUCTION

Defendant John Doe 16 is, by his own admission, proficient and adept at using computers. Indeed, his testimony on May 23, 2013 established that he is knowledgeable about various types of operating systems and software programs, various types of hardware, and most significantly he was keenly aware of the importance of Hash Values in computer forensics. Significantly, Defendant built his own computer and knows how to calculate a hash value of data. Defendant also clearly knew what actions would cause a hash value to change. Despite this knowledge, however, Defendant caused his hard drive to be "written to" when he purportedly demonstrated to his counsel that the John Doe 16 Hard Drive was readable, contrary

1

to Plaintiff's expert's report. As Defendant knows, writing to the John Doe 16 Hard Drive, which was original evidence, permanently changed the drive. This is evidenced by the Hash Value change which resulted from the "writes" he did to the drive. Finally, Plaintiff has not been afforded the opportunity to inspect the changed John Doe 16 Hard Drive. Since Defendant spoiled the evidence and because Plaintiff has not been able to see the spoiled evidence, the John Doe 16 Hard Drive should not be introduced at trial nor should Defendant be able to testify that he could miraculously open and read the drive despite a trained computer forensic expert being unable to do so.

## II.   BACKGROUND

At the evidentiary hearing of May 23, 2013, the Court heard testimony relating to the various hard drives and copies thereof relevant to this case. At that time, the very first copy of Defendant John Doe 16's computers' hard drives was referred to as the "John Doe 16 Hard Drive." Plaintiff's expert made a forensically sound copy of the John Doe 16 Hard Drive from which Plaintiff's expert prepared his report and which was referred to as Exhibit "A" at the hearing. The John Doe 16 Hard Drive and Exhibit "A" contained the exact same hash value. Thus, Exhibit "A" is a forensically sound copy the John Doe 16 Hard Drive. Plaintiff's expert determined that Exhibit "A" was unreadable because it was not formatted correctly. Specifically, it was not partitioned correctly.

After Defense counsel claimed that Defendant had a readable copy of the John Doe 16 Hard Drive, this Court ordered that Plaintiff send the John Doe 16 Hard Drive back to Defendant. Defendant could have and should have write-blocked the John Doe 16 Hard Drive before attempting to manipulate it. Doing so is easy. A simple Google search produces numerous results demonstrating the simple process for changing the settings in the Window's

registry which makes a computer write-block drives that are connected to it.  Indeed, the first result displayed by Google when searching "how to write-protect a hard disk" provides a link to a Microsoft Community Forum that states "[y]ou can remove or add write protection from your Hard drive using the below method," and proceeds to list five simple steps that can be taken to accomplish the task.[1]  For a person with John Doe 16's computer skill set, this would have been a cake walk.   Defendant did not write-block his laptop (which he named "Squeaky"), however, when he plugged the John Doe 16 Hard Drive into it.  Accessing the files on the John Doe 16 Hard Drive has, by Defendant's own admission, altered the hash value of the images contained on the John Doe 16 Hard Drive.  Accordingly, it is no longer the case that the John Doe 16 Hard Drive and Exhibit "A" have the exact same hash value.  The two drives are indisputably different now.

  Frankly, given Defendant's egregious fabrication and spoliation of evidence throughout this case, Plaintiff finds Defendant's testimony that the John Doe 16 Hard Drive was magically readable, highly suspect.  It is more plausible that John Doe 16 showed opposing counsel a copy of the images which were on the improperly formatted John Doe 16 Hard Drive which he had saved onto his laptop (which he named "Squeaky," i.e., Squeaky Clean because he erased all the evidence from it).  The Court will remember that John Doe 16 always claimed to have readable copies of the images on the John Doe 16 Hard Drive.  And, Plaintiff knows he actually did have readable copies because he sent them to Plaintiff in what was referred to at the Mary 23, 2013 hearing as Exhibit "B."  John Doe 16 likely defrauded his counsel just like he has tried to do to Plaintiff and this Court throughout the discovery process.  Indeed, the Court will remember

---

[1] *See* http://answers.microsoft.com/en-us/windows/forum/windows_vista-system/hard-disk-write-protect-to-enable-or-disable/f0c5bb0d-8e22-495c-9757-9264c7a115ac?msgId=4f4aa46c-2582-4aab-a6aa-4536dde47baf (describing the simple process for adding write-protection to a hard drive, located by simply Googling "how to write-protect a hard disk").

opposing counsel stating on May 21, 2013 at the hearing setting up the May 23rd hearing, words to the effect of "I have no idea what he showed me." This was after undersigned challenged Mr. Smith to take an oath and swear under penalty of perjury that the John Doe 16 Hard Drive with the same Hash Value was readable.

Ultimately, Plaintiff has not been afforded the opportunity to examine and inspect the John Doe 16 Hard Drive in its current altered form. The following testimony from the Evidentiary Hearing underscores the unfairness to Plaintiff of this situation:

1. **Q:** Okay. Did you put it [the John Doe 16 Drive] in the computer?

    **A:** I plugged in a power supply to it for the USB enclosure - -

    **Q:** Were you able to bring everything up that was on the - -

    **A:** Yes. It worked fine.

    **Q:** Well, I haven't gotten to that yet.

    **A:** Okay.

    **Q:** Did you have any difficulty placing it into your computer?

    **A:** No.

    **Q:** Did you open up the information that was on there?

    **A:** Yes.

    **Q:** Okay. This is a very important question, and if you need time on this - - did you have any problem finding the information?

    **A:** None whatsoever.

    **Q:** Did you have any problem reading the information?

    **A:** No.

4

  **Q:**  I can't hear you, sir.

  **A:**  No, I did not.

- *Transcript of Hearing at 148:3-22.*

2.  **Mr. Lipscomb:** Your Honor, I'll make a copy of everything we have in our possession. What I think that there's a major dispute about in my opinion is that we sent back to him what he's calling John Doe 16 drive, that that drive was able to be plugged in and actually worked, and what I'd like to do is calculate the hash - - the Sha1 hash of that drive that he's using that he says he plugged back in and see if it matches the copy of what we call A - - the forensically sound copy that we made of it - -

  **The Court:** Well, I'm - -

  **Mr. Lipscomb:** - - because I don't understand how it could work and neither does my expert.

- *Id. at 152:22-25 and 153:1-8.*

3.  **The Court:** . . . Did you understand the testimony that Mr. Paige gave about the hash values?

  **The Witness:** Yes, I did.

  **The Court:** All right, are you able to compute a hash value?

  **The Witness:** Yes, I can.

- *Id. at 159:8-13.*

4.  **The Witness:** I sent the same evidence on the hard drives, however, the hard drives - - for instance, the first hard drive, John Doe 16, would have been formatted and created at a certain date and time, and that date and time

would have been included somewhere in the data on the surface of the hard drive. That difference between that time that that was formatted and the format time that of hard drive B would be enough to create a completely different hash value.

**The Court:** You're sure about that?

**The Witness:** Absolutely, yes. If you took a hash value of the entire surface of the hard drive as he's describing here, then yes.

**The Court:** Is that just because of the passage of time?

**The Witness:** It's just because of the difference in the numbers recorded on the hard drive. All those numbers are recorded in bytes on the hard drive and when you take a hash value of the entire surface of the hard drive, you're going to come up with a different hash value because of the difference in those byte values that reflect those times.

- *Id. at 160:2-21.*

5. **Mr. Lipscomb:** I would move to strike it. This is not a copy of what he sent me - - what he's going to show you now has no relevance to the issue because it's not a copy anymore.

- *Id. at 185:22-25.*

6. **Mr. Lipscomb:** Your Honor, the proposal is that we exchange drives and I would also like to get the altered John Doe 16 copy that hashes to what you just put - - put in, we'll exchange those and then I'll get to depose [redacted] again sometime next week? Is that the proposal?

- *Id. at 191:1-5.*

6

| | | |
|---|---|---|
| 7. | **Mr. Lipscomb:** | That's fair, Your Honor, but can I also get the new John Doe 16? |
| | **The Court:** | Well - - |
| | **Mr. Lipscomb:** | I think I'm entitled to get that because - - |
| | **The Court:** | - - they don't agree that it's - - |
| | **Mr. Lipscomb:** | - - he's now saying it's readable - - |
| | **Mr. Fiore:** | Your Honor - - |
| | **The Court:** | Don't - - |
| | **Mr. Lipscomb:** | - - and I think I should be able to explain to you what he did to make it readable. |

- *Id.* at 191:23-25 and 192:1-8.

### III. <u>ARGUMENT</u>

#### A. Defendant Should be Precluded From Introducing the Altered John Doe 16 Hard Drive Into Evidence Because The Evidence Has Been Spoiled

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable litigation." *Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004). "Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.'" *Bowman v. Am. Med. Sys., Inc.*, 1998 WL 721079, *3 (E.D. Pa. 1998). The Third Circuit has set forth a balancing test to determine whether sanctions are appropriate for spoliation of evidence. Specifically, the Third Circuit balances these three factors:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and,

7

> where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

The altered John Doe 16 Hard Drive was spoiled by Defendant when he accessed the files on the Hard Drive without "write-blocking" it. The purpose of "write-blocking" the hard drive, as Plaintiff's expert did, is to prevent any alteration of the evidence in the examination/investigation process. Defendant's failure to write-block the hard drive before supposedly demonstrating that it was readable to his counsel, caused the evidence to be altered. Defendant knew that accessing the files would change the hash value of the evidence thereby altering it. *See* ¶ II No. 5, above. Plaintiff has suffered prejudice by Defendant's alteration of the John Doe 16 Hard Drive because the evidence has now changed. Without an opportunity to inspect the changed evidence, Plaintiff would be severely prejudiced in litigating this case. The case cannot be fair and balanced as between the parties if Defendant has had access to evidence which Plaintiff has not.

**B. Defendant Should be Precluded From Introducing the Altered John Doe 16 Hard Drive Into Evidence Because Allowing the Altered Hard Drive Into Evidence Would Violate the Policy Behind Discovery Rules**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *1983 Amendment to Advisory Committee Notes to Fed. R. Civ. P. 26.* "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Accordingly, Fed. R. Civ. P. 26 states that "[a] party . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" *Fed. R. Civ. P. 26(e)(1)(A).* Further, Rule 37(c)

provides that "[i]f a party fails to provide information . . . as required by Rule 26(e), the party is *not* allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P. 37(c)(1)*. Combined, these Rules help protect a party from being ambushed or surprised at trial.

Indeed, recognizing the necessity of avoiding surprise at trial, Your Honor recently stated in the Order from May 8, 2013, "[j]ust as with any other document or piece of evidence, pretrial inspection of *all* trial exhibits by opposing counsel is *essential*, and *"surprise" is not appropriate* in a case of this nature. Therefore, the Court posed to defendant's attorney a need to determine whether defendant would want to introduce the hard drives into evidence and, if so, he would *have to make them available to the plaintiff in advance of trial*." [CM/ECF 133 at ¶ 9, p. 4].

Here, permitting the introduction of an altered piece of evidence which Plaintiff has not been allowed to inspect would violate the statement from *Hickman* above, and the law of the case as outlined by this Court's statement above. Because Plaintiff has not inspected the John Doe 16 Hard Drive in its current state, Plaintiff cannot ascertain how it has changed. The John Doe 16 Hard Drive is a material piece of evidence at the heart of the litigation. Defendant knowingly spoiled this material piece of evidence. Accordingly, allowing Defendant to introduce the altered John Doe 16 Hard Drive is not justified in any way and would be severely harmful to Plaintiff.

## IV. CONCLUSION

For these reasons, the Court should preclude Defendant from introducing the altered John Doe 16 Hard Drive into evidence at trial or testifying that he was able to open and read it.

Dated: May 30, 2013.

                                              Respectfully submitted,

        LIPSCOMB, EISENBERG & BAKER, PL

        By: /s/ *M. Keith Lipscomb*
        M. Keith Lipscomb (Fla. Bar. No.429554)
        klipscomb@lebfirm.com
        LIPSCOMB, EISENBERG & BAKER, PL
        2 South Biscayne Blvd.
        Penthouse 3800
        Miami, FL 33131
        Telephone: (786) 431-2228
        Facsimile: (786) 431-2229
        ATTORNEYS FOR PLAINTIFF

        and,

        Christopher P. Fiore, Esquire
        Aman M. Barber, III, Esquire
        425 Main Street, Suite 200
        Harleysville, PA 19438
        Tel: (215) 256-0205
        Fax: (215) 256-9205
        Email: cfiore@fiorebarber.com
        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By: /s/ *Christopher P. Fiore*
            Christopher P. Fiore, Esq.