**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

----------------------------------------------------------------X
                                 :

MALIBU MEDIA, LLC,               :

                                 :     Civil Action No. <u>2012-2078</u>

                  Plaintiff,        :

                                 :     Consolidated from Cases:

                vs.             :     2:12-cv-02078-MMB

                                 :     2:12-cv-02084-MMB

JOHN DOES 1, 6, 13, 14, and 16,   :     5:12-cv-02088-MMB

                                 :

                  Defendants.    :

                                 :
----------------------------------------------------------------X

**PLAINTIFF'S MOTION IN LIMINE TO PREVENT DEFENDANT FROM**
**INTRODUCING EVIDENCE OR ANY REFERNCE TO WI-FI HACKING**

       Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, files this

Motion in Limine ("Motion") against John Doe 16 ("Defendant"), and in support thereof states

as follows:

**I.**        **INTRODUCTION**

       This Court should preclude Defendant, John Doe 16, ("Defendant") from proffering at

trial any evidence of, or making any reference to, wi-fi hacking or any other unauthorized access

to Defendant's wireless network.  Defendant has not pled wi-fi hacking as a defense and has

admitted that he has no evidence to support it.  Because Defendant did not plead this defense,

any attempt to rely on it at trial will effectively "ambush" Plaintiff, and leave Plaintiff without

having had the opportunity to depose Defendant's neighbors and discredit the defense.  Further,

any reference to wi-fi hacking will result in an impermissible inference to the jury because

Defendant has admitted that there is not any evidence to support wi-fi hacking.  Without any

evidence, the jury would be improperly relying on speculation and conjecture when evaluating the Defendant's liability, contrary to Third Circuit precedent.

## II.    BACKGROUND

On October 3, 2012, this Court scheduled a Bellwether trial.  *See* CM/ECF 23. Thereafter, Plaintiff obtained the John Doe Defendants' identities on October 19, 2012 and served John Doe 16 with the Amended Complaint.  On November 8, 2012 Defendant filed an Answer to Plaintiff's Amended Complaint.  *See* CM/ECF 34.  In Defendant's Answer, Defendant lists several Denials and Affirmative Defenses, none of which indicate that his network was compromised or hacked, or that anyone had unauthorized access.  *Id*.

On March 11, 2013, Plaintiff took Defendant's deposition.  In that deposition, Defendant stated that his wireless network was protected with a password.  *Deposition Transcript of John Doe 16 18:19-23*.

Q:    Your wifi is password protected.  Correct?

A:    Yes, it is.

Q:    Always been password protected since you've lived in the house?

A:    Yes.

*Id*.  Since the deposition, Defendant has not filed any papers or pleadings to the contrary. Instead, on March 18, 2013, Defendant specifically admitted in his Amended Counterclaim that "Defendant, JOHN DOE 16 has no knowledge of any other person or entity using his computer, router, or modem to download a pornographic film."  *See* CM/ECF 109 at ¶10.

## II.    ARGUMENT

### A.  Defendant Should be Prevented from Referencing Wi-FI Hacking At Trial Because He Did Not Plead Wi-FI Hacking As A Defense

Fed. R. Civ. P. 8(b)(1) states:  "[i]n responding to a pleading, a party must:  **(A)** state in

short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(c) states:

"**(1)** *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."

> Generally speaking, the rule's reference to "an avoidance or affirmative defense" encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer.

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271 Affirmative Defenses—Defenses Not Mentioned in Rule 8(c), 5 Fed. Prac. & Proc. Civ. § 1271 (3d ed.). "This concept lives on in Rule 8(c)(1) as the 'lineal descendent of ... 'confession and avoidance,' which permitted a defendant who was willing to admit that the plaintiff's declaration demonstrated a prima facie case to then go on and allege additional new material that would defeat the plaintiff's otherwise valid cause of action.'" *Biglands v. Maysville Reg'l Water & Sewer Dist.*, 1:12-CV-00067, 2012 WL 2130555 (N.D. Ind. June 12, 2012).

"In determining whether a particular argument is an affirmative defense, courts consider 'the logical relationship between the defense and the cause of action.' Central to the inquiry is the likelihood that the plaintiff will be unfairly surprised if the defense does not appear in the pleadings." *Sanderson-Cruz v. United States*, 88 F. Supp. 2d 388, 391 (E.D. Pa. 2000).  "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).  "These rules require that defenses to a claim, as well as a claim for relief, shall be stated in short and plain terms, and each averment shall be simple, concise and direct, although no technical forms are required; and that any matter constituting an avoidance or affirmative defense must be affirmatively pleaded. The purpose of such rules is to prevent surprise." *Lopez v. U. S. Fid. &*

*Guar. Co.*, 18 F.R.D. 59, 61 (D. Alaska 1955).  "Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense." *Chainey v. St.*, 523 F.3d 200, 209 (3d Cir. 2008)

Here, Defendant has not raised wi-fi hacking as a defense.  Indeed, Defendant pled in his Amended Counterclaim, "Defendant, JOHN DOE 16 has no knowledge of any other person or entity using his computer, router, or modem to download a pornographic film."  *See* Defendant's Amended Counterclaim ¶10 [CM/ECF 109].  This statement waives Defendant's ability to raise wi-fi hacking as a defense because Plaintiff relied on this statement during discovery.  If the Court were to allow Defendant to raise this defense, Defendant would ambush Plaintiff.  Plaintiff would then be prejudiced because it has not had the opportunity to depose Defendant's neighbors.

**B. Defendant Should be Prevented from Referencing Wi-FI Hacking Because It Is Based on Speculation**

In addition to Defendant's failure to plead wi-fi hacking, Defendant has no evidence to support that his Internet was hacked.  Instead, this theory is based on nothing more than conjecture and speculation.  The Federal Rules of Evidence are designed to prevent the introduction of such types of conjecture and speculation.

Fed. R. Evid. 701 states:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

**(a)** rationally based on the witness's perception;
**(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
**(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"First, a lay opinion must be rationally based on the witness's perception and 'firsthand knowledge of the factual predicates that form the basis for the opinion.'"  *Hirst v. Inverness*

4

*Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008). "In order for lay opinion testimony to be 'rationally based' on the witness's perceptions, 'there must be some logical connection between the subject of the opinion and the matters perceived,' and 'the quality and quantity of the perception must be sufficient to logically permit the witness to base an opinion thereon.'" *Slayton v. Tullytown Borough*, CIV.A. 04-CV-5632, 2006 WL 925052 (E.D. Pa. Apr. 7, 2006). "[T]estimony regarding what he thought would have happened to Plaintiff had he not been there is inadmissible because it is mere speculation not based on actual facts." *Id*.

Any testimony by John Doe 16 or his wife regarding whether his Internet was hacked should not be allowed because John Doe 16 has admitted he has no evidence to support such a defense. "Defendant, JOHN DOE 16 has no knowledge of any other person or entity using his computer, router, or modem to download a pornographic film." *See* Defendant's Amended Counterclaim ¶10 [CM/ECF 109]. Therefore, any testimony regarding wi-fi hacking would not be "rationally based on the witness's perception". *See* Fed. R. Evid. 701.

If the Court were to allow this testimony to take place, or for Defendant to introduce this defense at trial, Plaintiff would be prejudiced because it would create an unreasonable inference based only on speculation and conjecture that wi-fi hacking took place. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." *United States v. Lentz*, 383 F.3d 191, 226 (4th Cir. 2004).

Under Third Circuit precedent, a jury may not be allowed to indulge in sheer speculation or conjecture. "[I]t is another matter for the jury to indulge in sheer speculation or conjecture. This involves formation of a conclusion notwithstanding a complete absence of probative facts upon which to reason thereto. A verdict arrived at thereby and not on an evidentiary basis is

reversible error." *Bruce Lincoln-Mercury, Inc. v. Universal C. I. T. Credit Corp.*, 325 F.2d 2, 22 (3d Cir. 1963). *See also Dixon v. Pennsylvania R. Co.*, 378 F.2d 392, 394 (3d Cir. 1967) ("sheer conjecture cannot be the basis of a jury finding"); *Galullo v. Fed. Exp. Corp.*, 937 F. Supp. 392, 398 (E.D. Pa. 1996) ("Pennsylvania courts have long held that a jury is not permitted to speculate or guess since conjecture, guess or suspicion do not amount to proof"); *DiSalvatore v. United States*, 499 F. Supp. 338, 341 (E.D. Pa. 1980) ("The jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture"); *Russell v. City of Wildwood*, 428 F.2d 1176, 1181 (3d Cir. 1970) (same).

## III.   CONCLUSION

For the foregoing reasons, the Court should preclude Defendant from referring to the defense of wi-fi hacking in any manner, at any point during the trial, including opening statements and closing arguments, as unduly prejudicial and based on pure speculation and conjecture.

**WHEREFORE**, the Plaintiff respectfully requests this Court: (a) grant the instant Motion, (b) preclude Defendant from referring to wi-fi hacking, at any point during the trial, and (c) for such other and further relief as the Court deems just and proper.

Dated: May 30, 2013.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By:  /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *M. Keith Lipscomb*

**SERVICE LIST**

Leonard J. French, Esquire                                        *CM/ECF*
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Tel: (610)537-3537
Email: ljfrench@leonardjfrench.com
*Attorney for Doe 1*


Jordan Rushie, Esquire                                           *CM/ECF*
2424 East York Street, Suite 316
Philadelphia, PA, 19125
Tel: (215) 385-5291
Email: Jordan@FishtownLaw.com
*Attorney for John Doe 13*

**SERVICE LIST (CONTINUED)**

Marc J. Randazza, Esquire                                        *CM/ECF*
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
Tel: (702) 757-1001
rlgall@randazza.com
*Attorney for John Doe 13 (pro hac vice pending)*


Ronald A. Smith, Esq.                                            *CM/ECF*
Ronald A. Smith & Associates
1617 JFK Boulevard
Suite 1240
Philadelphia, PA 19103
Email: ronaldasmithesq@aol.com
*Attorneys for John Doe 16*