UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. <u>2012-2078</u>
                Plaintiff, :
: Consolidated from Cases:
          vs. : 2:12-cv-02078-MMB
: 2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16, : 5:12-cv-02088-MMB
:
                Defendants. :
:
---------------------------------------------------------------X

**PLAINTIFF'S REPLY TO DEFENDANT, JOHN DOE 16'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

      Plaintiff's second Motion for Sanctions, which provides corroborating evidence from Microsoft that Defendant activated Windows on November 11, 2012 and therefore Defendant has committed perjury, demonstrably proves that John Doe 16 has not "at all times" been "forthright," "honest," or "100% truthful[]." Defendant's Response, p. 1. Further undermining Defendant's supposed truthfulness is the report released today by the Court Appointed Expert, Louis Cinquanto. Mr. Cinquanto's report states, "[t]he Windows operating system appears to have been installed on 11/11/12 on the 240 GB SSD[.]" Report of Louis Cinquanto, EnCE at p. 3. Defendant's own computer clock, Microsoft's records, and now Mr. Cinquanto's report all undermine Defendant's testimony to date, which maintains that no changes to the hard drive were made on November 11, 2012 and that the operating system was not installed on November 11, 2012. *See Plaintiff's Motion For Sanctions* [CM/ECF 170] at p. 4.

      To the extent that Defendant claims that Plaintiff "has not been forthright, but in fact, has outright lied to the Court," in relation to issues regarding the timeline of events surrounding

1

Plaintiff's hiring an expert, receiving and sending the evidence to the expert, and filing its expert's report, Plaintiff respectfully refers the Court to its Motion in Limine at [CM/ECF 163] which lays out the timeline of events in its entirety.  As stated therein, Plaintiff has at all times litigated in good faith and has never unnecessarily delayed or attempted to delay or frustrate the progression of the litigation.

The last page of Defendant's Response attempts to impugn Plaintiff's Response to Order to Show Cause [CM/ECF 152] by claiming that Plaintiff's request that Mr. Cinquanto make himself available for deposition was an "attempt to, once again, take additional discovery which . . . indicates his bad faith by conditioning the appointment upon his request and supposed right to depose the Court's expert."  Response, p. 4.  Plaintiff's request was based upon Fed. R. Evid. 706 (b)(2) which states that "[t]he expert may be deposed by any party."  The plain language of the Rule formed the basis for Plaintiff's request, not a "supposed right."  Plaintiff's request pursuant to the Federal Rules of Evidence was not in bad faith or improper.  Indeed, this issue has been mooted by the Court's Order that both parties shall have the opportunity to depose Mr. Cinquanto tomorrow.

Accordingly, Plaintiff respectfully requests this Court grant both Plaintiff's Motion for Sanctions.

Dated: June 5, 2013.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*