## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------X
                                              :
MALIBU MEDIA, LLC,                            :
                                              :        Civil Action No. 2012-2078
                          Plaintiff,          :
                                              :        Consolidated from Cases:
                 vs.                          :        2:12-cv-02078-MMB
                                              :        2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,               :        5:12-cv-02088-MMB
                                              :
                          Defendants.         :
                                              :
-----------------------------------------------------------------X
```

### PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT JOHN DOE 16'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES [CM/ECF 155]

## I.      INTRODUCTION

Defendant's Response to Plaintiff's Motion for Summary Judgment fails to cite any evidence admissible in this case that creates a genuine issue of material fact as to his counterclaim or affirmative defenses.   Defendant's Response consistently refers to other unrelated cases which have no relevance to Plaintiff's Motion for Summary Judgment, no evidentiary value, and do not create a genuine issue as to any material facts.  Accordingly, this Court should grant Plaintiff's Motion for Summary Judgment

## II.     DEFENDANT'S STATEMENT OF MATERIAL FACTS IN OPPOSITION DOES NOT CREATE A GENUINE ISSUE AS TO MATERIAL FACTS

This Court's Local Rule 56-1 states that "a party must support each fact the party asserts . . . with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief." LR 56-1(e).  The Rule also states that "the court will assume that the facts as claimed and supported by admissible evidence by the movant are admitted . . . except to the extent that the non-movant specifically controverts

the facts . . . *with admissible evidence*." *Id.* at (f)(1)(A) (emphasis added).  The following "Material Facts in Opposition" filed by Defendant have no support in the record or are not relevant the determination of the instant motion:

1.      Defendant's ¶ 1 (except for the first sentence) is an accusation based upon inadmissible hearsay and information that is not relevant to the claims or defenses asserted in this case.  It is not supported by any evidence in the record and is intended solely to inflame the Court.

2.      Defendant's ¶ 2 does not cite to and is not supported by any evidence in the record.

3.      The argument in Defendant's ¶ 3, which states that "there is a genuine issue of material fact as to whether the videos of its works actually depicted the notices on the dates of alleged infringement" does not cite to and is not support by any evidence in the record.  It is a conclusory unsupported statement.  Plaintiff has demonstrated that four of the five subject works contain copyright notices and Defendant has no evidence that on the dates in question, the notices were absent.  To the extent that Plaintiff's Copyright Notices contain the incorrect year of first publication, the error is harmless since Defendant still had notice that the works were copyrighted.  Defendant has not suffered any prejudice from the error.

4.      Defendant's ¶ 4 does not cite to and is not supported by any evidence in the record.  Plaintiff's Exhibit "C" demonstrates that copyright notice was on four of the five works and that the website contains a copyright notice stating that *all* of its works are copyrighted. Defendant's ¶ 4 does not present any evidence to the contrary.

5.      Defendant's ¶ 5 does not cite to and is not supported by any evidence in the record.

6.     Defendant's ¶ 6 does not cite to and is not supported by any evidence in the record.  Further, Defendant appears to contest the correlation of John Doe 16's IP address to John Doe 16, despite stipulating that Verizon's correlation was accurate.

7.     Defendants ¶¶ 12 – 22 contest the merits of Plaintiff's copyright infringement claims but do not cite to any evidence in the record that creates a genuine issue of material fact related to his counterclaims or affirmative defenses – the only material facts at issue here.

8.     Defendant's ¶ 23 does not controvert with admissible evidence Plaintiff's claim that Defendant has no evidence to support his abuse of process counterclaim.

9.     Defendant's ¶ 26, outside of acknowledging that Plaintiff filed an Emergency Motion, does not cite to and is not supported by any evidence in the record.  It is speculation as to the motivation behind Plaintiff's actions.

10.    Defendant's ¶ 28 does not assert facts relevant to either his counterclaim or affirmative defenses that create a genuine issue of material fact.  Also, the facts highlighted by Defendant have not prejudiced Defendant in any way and do not satisfy the elements of a claim for abuse of process.  Further, the facts laid out in Plaintiff's Motion in Limine Regarding References to Timing Issues Related to Plaintiff's Expert [CM/ECF 163] fully explain the timeline of events.

11.    Defendant's ¶ 29 does not assert facts relevant to either his counterclaim or affirmative defenses that create a genuine issue of material fact. Plaintiff's Motion in Limine Regarding References to Timing Issues Related to Plaintiff's Expert explains the timeline of events and why Plaintiff's representation was not "unquestionably false."

12.    The only material fact supported by the record in Defendant's ¶ 31 is that Plaintiff filed a Motion for Sanctions on May 22, 2013.  The rest of the paragraph contains speculation as

to the motivation behind Plaintiff's actions which does not cite to and is not supported by evidence in the record.

13.      Defendant's ¶¶ 32 - 34 contest the merits of Plaintiff's Motion for Sanctions but do not cite to any evidence in the record that creates a genuine issue of material fact related to his counterclaims or affirmative defenses – the only material facts at issue here.

## III.    SUMMARY JUDGMENT SHOULD BE GRANTED

### A.  Summary Judgment as to Defendant's Abuse of Process Counterclaim Should be Granted

Defendant has not provided any facts supported by admissible evidence in the record that creates a genuine issue of material fact as to his counterclaim.  Defendant attempts to bolster his abuse of process counterclaim by pointing to six (6) unrelated cases which expressed concern about the potential for abusive litigation in BitTorrent copyright infringement cases involving adult content.  None of those six cases have any impact on the determination of the claims in *this* case and whether or not Plaintiff abused any process in *this* case.  Those unrelated cases have no evidentiary value here.  By directing the Court's attention to those six unrelated cases, Defendant is attempting to distract and mislead the Court.  Further, only one of the six cases that Defendant cites involved this Plaintiff and, although the court in that case recognized that some other courts have expressed concern over the potential for abusive litigation, the court in the case cited by Defendant ultimately avoided the defendants' abusive litigation argument altogether.  *See Malibu Media, LLC v. Doe*, 2013 WL 525352 at *6 (M.D. Fla. Feb. 13, 2013) ("Because the Court is persuaded that the likelihood of different defenses, the logistics of having mini-trials to accommodate these differences, the possibility of joining innocent defendants, and the increased cost and complexity caused by pursing Plaintiff's claims against Defendants jointly, warrant severance, the Court need not address the coercion argument further at this time.")

Outside of his improper citations to unrelated cases, Defendant makes a number of arguments which are incorrect.  Each of those arguments is addressed separately below:

1.      First, Defendant states that "Plaintiff has provided no evidence to support Defendant's alleged infringement involving any of the works . . . at any time in the proceedings outside of the listing of an IP address and a date."  *Response*, p. 10.  This is wrong and does not satisfy any element of a claim for abuse of process.  Plaintiff's Motion and the record make clear that Plaintiff has conducted extensive discovery resulting in copious admissible evidence related to Plaintiff's claims.  Defendant cannot in good faith argue at this stage of the proceedings that Plaintiff has no evidence "outside of the listing of an IP address and a date."

2.      Defendant next argues that "[f]ailing to plead sufficient facts related to a claim in the pleadings but reguesting [sic] damages therefrom . . . is abuse of process."  *Id.*  Defendant cites no authority for this proposition.  And, as this Court's Order of January 3, 2013 makes clear, Plaintiff did not fail to plead sufficient facts related to a claim in the pleadings.  All of Plaintiff's claims survived the Defendants' Motions to Dismiss.

3.      Defendant next argues that Plaintiff pursued its claims against the Defendant without engaging in the necessary "pre-filing inquiry, once it had obtained the identifying information of the John Does."  *Response*, p. 11.  This argument completely neglects the most salient fact related to this Bellwether Trial which is, that Your Honor ordered that Plaintiff go to trial against the Defendants which Your Honor selected.

4.      Defendant next states that "Defendant has offered access to Defendant's computers and electronic devices to demonstrate to Plaintiff that he could not have contributed to the alleged infringing activity . . . [and] has also offered to cooperate with any investigation into who might be responsible out of the individuals located nearby."  *Id.*  He continues, stating that it is Plaintiff's "intention" and "goal" to "remain willfully blind to all exculpatory evidence . . . in

order to leverage quick and profitable settlements." *Id.*   Although it seems clear that this language  was taken directly from unrelated pleadings since it clearly does not apply here, both the Court and Defendant are well aware that Plaintiff has examined all potentially exculpatory evidence offered by Defendant.  Plaintiff has intensely investigated Defendant's computers and electronic devices.  Indeed, Defendant's offer of supposed exculpatory evidence has, in fact, turned into *inculpatory* evidence.  Plaintiff has not "remained willfully blind" to a single piece of evidence in this case.

5.   Defendant next claims that Plaintiff pursues its claims "without doing any independent investigation or discovery." *Id.*  To the extent that this argument refers to Plaintiff's actions in unrelated cases, the argument is not relevant here.  Also, this argument again ignores the fact that Your Honor ordered Plaintiff to proceed to trial against the selected Defendants.  It is Defendant who has done no "independent investigation or discovery" related to his counterclaim.  Defendant did not take a single deposition and propounded no discovery beyond initial requests for production and interrogatories.

Accordingly, as Plaintiff's Motion and this Reply make clear, Defendant has not one strand of evidence to support his abuse of process counterclaim and Plaintiff is therefore entitled to summary judgment.

### B. Summary Judgment as to Defendant's Invalid Copyrights Affirmative Defense Should be Granted

Defendant has not satisfied his burden of *proving* the invalidity of Plaintiff's Copyrights.  The presumption of validity afforded to Plaintiff's copyrights under 17 U.S.C. § 410(c) "shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668 (3d Cir. 1990).  Defendant has not met this burden.  Defendant's Response cites to the Constitution and unrelated cases.  These citations

do not *prove* the invalidity of Plaintiff's copyrights in this case.  Defendant, without any support, continues to argue that Plaintiff's works are exempted from the protections of the Copyright Act because of their content.  "Where . . . the issue is whether particular articles with certain undisputed characteristics are copyrightable, the defendant . . . must show that the Copyright Office erroneously applied the copyright laws in registering plaintiff's articles."  *Id.* at 669.  Defendant has not shown that the Copyright Office "erroneously applied the copyright laws in registering plaintiff's articles" and has not provided any admissible evidence in support of his affirmative defense.  Accordingly, Plaintiff is entitled to summary judgment.

### C. Summary Judgment as to Defendant's Implied License, Copyright Misuse, and Abandonment Affirmative Defenses Should be Granted

Defendant's response provides no evidence in support of his implied license, copyright misuse, or abandonment affirmative defenses.  Instead, Defendant cites cases that outline the requirements for finding the existence of an implied license, copyright misuse, and copyright abandonment, and then states "John Doe 16 intends to demonstrate at trial that Plaintiff granted John Doe 16 an implied license [misused its copyright, and abandoned its copyright] by intentionally disseminating its works to bit torrent clients and others with the intent of allowing third-parties to download/share the works, and then employing its abusive and improper business model of filing unsubstantiated lawsuits and coercing anonymous defendants into quick settlements." *Response*, p. 14.  This statement is not evidence and points to no evidence in the record to support any of the affirmative defenses.  And, to the extent that John Doe 16 relies upon actions taken by Plaintiff in other unrelated cases, any such demonstration is not relevant to whether or not Plaintiff granted an implied license, misused its copyrights, or abandoned its copyrights in this case.  Further, it is unclear how Defendant "intends to demonstrate at trial" any of these affirmative defenses having failed to cite to any admissible evidence in support.

### D. Summary Judgment as to Defendant's Good Faith Intent Affirmative Defense Should be Granted

Defendant's response misses the mark in many ways.  First, it is the *Defendant* who bears the burden of proof as to his affirmative defenses.  Accordingly, Defendant's attempt to argue that "Plaintiff has not presented any evidence that John Doe 16 observed a copyright notice on Plaintiff's website" and that "Plaintiff has also not presented any evidence that the works . . . contained a copyright notice or that John Doe 16 observed said copyright notice" is improper. *Response*, p. 16.  The Copyright Act itself states that the *infringer* "sustains the burden of proving . . . that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *17 U.S.C. 504(c)(2)*.  Defendant is attempting to shirk his responsibilities in shouldering the burden of proof by improperly deflecting Plaintiff's argument.

Additionally, the statement that "Plaintiff has not presented any evidence that John Doe 16 *observed* a copyright notice on Plaintiff's website" or on Plaintiff's works, is a misstatement of the law.  *Response*, p. 16.  To defeat Defendant's innocent infringer defense under Section 402 of the Copyright Act, Plaintiff does not need to demonstrate that the infringer "observed" the copyright notice.  Instead, Plaintiff must only show that a copyright notice was affixed to copies of the copyrighted work to which Defendant had access.  *See Plaintiff's Motion* at p. 17 citing *17 U.S.C. § 401*; *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005); *Maverick Recording Co. v. Harper*, 598 F.3d 193, 199 (5th Cir. 2010); *Atl. Recording Corp. v. Anderson*, 2008 WL 2316551 (S.D. Tex. 2008).  Indeed, imposing a requirement that a plaintiff must prove that a defendant "observed" a copyright notice would promote a policy of "willful blindness" by infringers since infringers could qualify for the reduction in statutory damages by simply claiming that they never saw the copyright notice and that the plaintiff could not prove

8

otherwise.  Further, Defendant's argument that "Plaintiff has also not presented any evidence that the works . . . contained a copyright notice" is plainly wrong, since Plaintiff attached screenshots from the ends of the subject movies which show that the works, save one, all display copyright notices.

Defendant's Response also relies largely upon a dissenting opinion to the Supreme Court's denial of certiorari, which is not law.  *See Response*, p. 16 citing *Harper v. Maverick Recording Co.*, 131 S. Ct. 590, 178 L. Ed. 2d 511 (2010).  And, even if the Court finds that Section 402 of the Copyright Act does not apply to bar Defendant's innocent infringer defense, Defendant has still failed to proffer any evidence that he "was not aware and had no reason to believe that his or her acts constituted infringement of copyright," as required by the plain language of the statute itself.  *17 U.S.C. § 504(c)(2).*  Indeed, Defendant is well aware of the fact that file sharing copyrighted works using peer-to-peer programs is illegal:

**Mr. Lipscomb:**    Just repeat back that thought. He said file sharing is not illegal. I said: File sharing copyrighted materials is illegal. And then he said - -

**The Witness:**    There you go.

**Q:**    And you know that that's - - that violates the Copyright Act?

**A:**    Yes.

*Deposition Transcript of John Doe 16 from March 11, 2013 at 26:5-14.*

Having failed to shoulder his burden of proof by presenting any admissible evidence to rebut Plaintiff's Motion and the evidence presented in support thereof, this Court should grant summary judgment as to Defendant's innocent infringer affirmative defense.

**E. Summary Judgment as to Defendant's Unclean Hands Affirmative Defense Should be Granted**

Defendant's response repetitively and conclusorily argues that "[t]he record evidence establishes that Plaintiff has committed transgressions against John Doe 16, numerous other anonymous defendants and this Court through its scheme of filing and pursuing meritless infringement actions solely intended to embarrass, intimidate and coerce scores of innocent defendants into settlement." *Response*, pp. 16-17.  Defendant does not cite to a single specific piece of admissible evidence in the record that indicates that "Plaintiff has committed transgressions against John Doe 16."  Additionally, to the extent that Defendant's argument relies upon Plaintiff's actions in unrelated cases, such argument is not relevant to the facts of this case or Plaintiff's actions with regard to John Doe 16.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Summary Judgment.

Dated: June 5, 2013.

Respectfully submitted,
LIPSCOMB, EISENBERG & BAKER, PL

By:   /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2013, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and

interested parties through this system.

By:  /s/ *M. Keith Lipscomb*

11