UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                :
                                                  :     Civil Action No. <u>2012-2078</u>
                        Plaintiff,                :
                                                  :     Consolidated from Cases:
                vs.                               :     2:12-cv-02078-MMB
                                                  :     2:12-cv-02084-MMB
JOHN DOES 1, 6, 13, 14, and 16,                   :     5:12-cv-02088-MMB
                                                  :
                        Defendants.               :
                                                  :
------------------------------------------------------------------X

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT, JOHN DOE 16'S MOTION IN LIMINE</u>**

**I.     INTRODUCTION**

This Court should deny Defendant's Motion in Limine because Defendant does not cite *any law or authority* to support any of his requests to exclude evidence. Defendant's request to exclude "after discovered" evidence should be denied because Plaintiff's "after discovered" evidence is rebuttal evidence that demonstrates Defendant has committed perjury and fraud on the Court. Defendant's request to strike Plaintiff's expert report and testimony should be denied because there is no authority to support such a request. This is evidenced by Defendant's frivolous accusations and attacks on Plaintiff's counsel regarding irrelevant comments. Defendant's request to cross-examine John Doe 1 should be denied because John Doe 1 is out of the country and Defendant waived his right to examine him when he did not attend his deposition. Further, Plaintiff has not engaged in any ex-parte communications with the Court's expert, nor in any way acted in bad faith, and Defendant has not experienced any prejudice.

In light of the foregoing, as explained more fully herein, the Court should deny Defendant's Motion in Limine.

## II.     ARGUMENT

### A.  Plaintiff's "After-Discovery" Evidence is Rebuttal Evidence

Defendant improperly seeks to bar the introduction of "any evidence or so called 'after discovered' evidence", or any of Plaintiff's expert reports prepared after the close of discovery. Defendant's motion in limine should be denied because it is vague and does not specifically address what evidence he seeks to exclude or what prejudice his client will face by the introduction of such evidence.  "We should also point out that there is no reversible error in the denial of a motion in limine where the motion is vague and indefinite." *Kitchen v. State*, 271 Ark. 1, 16, 607 S.W.2d 345, 354 (1980).  "The trial court can refuse to grant a motion in limine that lacks specificity."  § 5037.18 Revised Rule 103—Motion Procedure, 21 Fed. Prac. & Proc. Evid. § 5037.18 (2d ed.).  "In contrast to the usual motion *in limine,* which seeks to keep particular items of evidence from a jury, an 'objection to all evidence' is essentially the same as a general demurrer or motion for judgment on the pleadings seeking to end the trial without the introduction of evidence."  *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 26, 61 Cal. Rptr. 2d 518, 524-25 (1997).

Further, the evidence Plaintiff has produced since the close of discovery is rebuttal evidence – caused by Defendant's testimony and introduced to show that Defendant has been untruthful.  "Rebuttal evidence is permissible when necessary because of new subjects introduced on direct or cross-examination of defense witnesses." *State v. Cook*, 330 N.J. Super. 395, 418, 750 A.2d 91, 103 (N.J. Super. Ct. App. Div. 2000).  "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008).  Plaintiff has not sought to violate the Court's discovery orders or introduce inadmissible evidence, Plaintiff is

simply demonstrating that Defendant lacks truthfulness and has fabricated evidence. This is in direct response to (a) Defendant's failure to submit a readable hard drive and (b) Defendant's testimony at the evidentiary hearing wherein Plaintiff first was made aware of his defenses regarding the irregularities on his hard drive. For these reasons, Plaintiff's additional evidence and expert testimony is permissible and relevant and Defendant's request should be denied.

    B.   <u>John Doe 16 Waived His Right to Cross Examine John Doe 1</u>

In John Doe 16's Motion in Limine, John Doe 16 asserts that "it is John Doe 16 [sic] right to cross-examine those parties at the time of trial on any and all issues that the Court deems relevant to John Doe 16's defense and counterclaim." CM/ECF 156 at *2. John Doe 1 is out of the country and unable to attend trial. Instead, John Doe 1 has submitted testimony that will be read into trial regarding the claims against him. John Doe 16 was notified that John Doe 1 will be out of the country in March during the March 11, 2013 hearing. *See* CM/ECF 101. At that hearing, counsel for John Doe 1 informed the Court that his client would not be able to attend. Further, John Doe 16 was aware that Plaintiff was taking the deposition of John Doe 1 during the same week and never requested that he or his counsel attend. Because John Doe 16 had the opportunity to attend John Doe 1's deposition and was aware that John Doe 1 was not going to be at trial, John Doe 16 has waived any opportunity to cross-examine him.

Additionally, even if John Doe 16 had not waived his opportunity to cross-examine, John Doe 16 does not have a right to cross examine John Doe 1 because he is not an adverse party. "The right of confrontation does not give defendants a plenary right to elicit friendly testimony." *United States v. Crockett*, 813 F.2d 1310, 1313 (4th Cir. 1987). Indeed, John Doe 1 is not accusing John Doe 16 of anything. Affording John Doe 16 the opportunity to cross-examine

3

John Doe 1 would seriously prejudice all parties by delaying the trial until John Doe 1 is available to testify.

### C. The Court Should Not Strike Plaintiff's Expert's Testimony Or Reports

Defendant improperly accuses Plaintiff of bad faith conduct in a desperate attempt to exclude evidence that he knows will demonstrate his client's untruthfulness. Plaintiff does not seek to have any unauthorized *ex parte* communications with the Court's expert and will only depose the Court's expert at the Court's designated time with defense counsel present.

Defendant's argument regarding when Plaintiff hired its expert and shipped the hard drive is frivolous. Plaintiff has been candid with the Court and offered to show the fed-ex receipts of when the hard drive was received and shipped. The discrepancy between when Patrick Paige was officially retained and when Plaintiff filed the notice of expert witness is irrelevant. Plaintiff's counsel interviewed Patrick Paige and his former partner Dave Kleiman in December of 2012 prior to filing its notice. Under pressure of the Court's deadline, and after Paige and Kleiman agreed to work with Plaintiff, Plaintiff designated them as its expert. Due to the holidays and negotiations on compensation, Plaintiff's experts were not officially retained until February. This discrepancy is irrelevant and does not demonstrate any bad faith on behalf of Plaintiff.

Defendant attempts to use this irrelevant discrepancy to "strike any testimony by Defendant's [sic] expert", "moves to strike any defense [sic] expert testimony regarding additional so called 'after discovered' evidence"; and "provide a report regarding same within the next three (3) days." Defendant does not cite *any* authority to support such a harsh sanction.

> In considering whether to exclude evidence, the Third Circuit has directed that the following four factors be taken into consideration: "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the

4

extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance.

*Young v. Pleasant Valley Sch. Dist.*, 3:07-CV-854, 2011 WL 3651384 (M.D. Pa. Aug. 18, 2011). Here, there is no prejudice to Defendant because he has had every opportunity to depose Plaintiff's expert, has had the opportunity to review every report, has declined to use his own expert witness, and otherwise has not been delayed, prejudiced, or inconvenienced except for the teleconference and response regarding Plaintiff's Emergency Motion which has already been withdrawn. As stated above, whether Plaintiff hired its expert witness in December or February results in absolutely no prejudice to Defendant and is certainly not grounds for striking Plaintiff's expert's testimony and reports. Further, Plaintiff has not had any *ex parte* communications with the Court's expert and Defendant has or will have the same opportunities as Plaintiff to depose and question the Court's expert. Plaintiff's expert's testimony is material evidence to Plaintiff's case and will not disrupt trial. And, as stated above, Plaintiff has not submitted any evidence in bad faith. The evidence Plaintiff has submitted has been rebuttal evidence to demonstrate Defendant's bad faith, perjury and fraud on the Court. Defendant is simply seeking to exclude Plaintiff's expert's testimony on the basis that is uncovers his perjury and fabrication of evidence.

    D.  <u>Plaintiff Has Not Led Witnesses or Engaged in Other Bad Faith Conduct</u>

Defendant's counsel boldly accuses Plaintiff's counsel of "leading his witness" and "talking over both Defendant's counsel and the Trial Court Judge." Ironically, Defendant's counsel has continuously engaged in the very same behavior he condemns. *See* Audio File of Hearing held on 5/23/2013, CM/ECF 180. At that hearing, Plaintiff's counsel withheld his objections when Defendant led his client for the sake of trial efficiency and so that all the parties could hear and evaluate the evidence. Defendant's counsel has exhibited additional bad faith

5

litigation techniques by consistently disrupting Plaintiff's questioning during depositions by making frivolous objections. *See* Deposition of John Doe 16 on 5/30/2013. This appears to be done to disrupt the flow of questioning so that Plaintiff's counsel loses his train of thought. That being said, undersigned had no intention whatsoever to inconvenience the Court or any other parties, and undersigned solely was seeking the objective truth and vindication of his client.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny the subject motion.

Dated: June 5, 2013.

          Respectfully submitted,

          LIPSCOMB, EISENBERG & BAKER, PL

          By: /s/ *M. Keith Lipscomb*
          M. Keith Lipscomb (Fla. Bar. No.429554)
          klipscomb@lebfirm.com
          LIPSCOMB, EISENBERG & BAKER, PL
          2 South Biscayne Blvd.
          Penthouse 3800
          Miami, FL 33131
          Telephone: (786) 431-2228
          Facsimile:  (786) 431-2229
          ATTORNEYS FOR PLAINTIFF

          and,

          Christopher P. Fiore, Esquire
          Aman M. Barber, III, Esquire
          425 Main Street, Suite 200
          Harleysville, PA 19438
          Tel:  (215) 256-0205
          Fax:  (215) 256-9205
          Email:  cfiore@fiorebarber.com
          ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*