IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOE 16, | : | |
|     Defendant. | : | |
| | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE REGARDING REFERENCES TO PLAINTIFF**

Defendant, John Doe 16, by and through the undersigned counsel, hereby responds in opposition to Plaintiff's Motion in Limine Regarding References to Plaintiff, stating as follows:

1. Plaintiff contends Defendant should be precluded from referring to Plaintiff at trial by any title except "Plaintiff" or "Malibu Media" because titles such as "copyright troll," "pornographer," "porn purveyor," or "extortionist" have no probative value. That is false. The heart of this case concerns Plaintiff's claim that it is the creator of pornographic content, it possesses valid copyright to such pornographic content, and Defendant infringed Plaintiff's copyrighted pornographic content.

2. Referring to Plaintiff as a "pornographer," "porn purveyor" or any similar term will not unfairly prejudice Plaintiff. Merriam-Webster defines "pornography" as "the depiction of erotic behavior (as in pictures or writing) intended to cause sexual excitement." *See* http://www.merriam-webster.com/dictionary/pornography. And "pornographer" is defined as "one who creates pornography." *See* http://www.merriam-webster.com/dictionary/pornographer. Pornography is precisely what Plaintiff creates and a pornographer is precisely what Plaintiff is. Plaintiff should not be permitted to wear a white hat at trial and mischaracterize what it is while simultaneously attempting to cast Defendant in a negative light by referencing Defendant's use

of pornography created by Plaintiff and others. Plaintiff cannot whitewash the facts of this case as it sees fit.

3. Additionally, this Court has acknowledged that "[t]he claim that a copyright is invalid under federal law is an effective defense because ownership of a valid copyright is a necessary requirement to bringing an infringement suit in the first place." *Malibu Media, LLC v. Does 1*, 2003 WL 1702549 at *4 (E.D.Pa. March 6, 2013). This Court has also acknowledged that "[n]either the Supreme Court nor the Third Circuit has addressed whether pornography is eligible for copyright protection." *Malibu Media, LLC v. John Does 1-16*, 902 F.Supp.2d 690, 701, n. 8 (E.D.Pa. 2012); *See also Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. 2012)("if the Motion Picture is considered obscene, it may not be eligible for copyright protection."); *Devils Films, Inc. v. Nectar Video*, 29 F.Supp.2d 174, 176 (S.D.N.Y. 1998) ("Once a court has determined that copyrighted material is obscene, there seems no reason to require it to expend its resources on behalf of a plaintiff who it could as readily be trying for a violation of the federal criminal law.").

4. Article I, Section 8 of the United States Constitution, known as the Copyright Clause, empowers the United States Congress: "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."  Plaintiff's work is adult pornography that depicts obscene material.  It does not promote the progress of science. It does not promote the useful arts. The work, "taken as a whole, appeals to the prurient interest in sex, portrays sexual conduct in a patently offensive way, and which, taken as a whole, does not have serious literary, artistic, political, or scientific value." *Funayama v. Nichia America Corp*, 2011 WL 1399844 (E.D.Pa. April 13, 3011).  Because questions as to whether or not Plaintiff's pornography is obscene and

copyrightable are "essentially questions of fact" for the jury, Defendant must be permitted to describe Plaintiff's work as well as what Plaintiff is by definition. *See Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 507 (1984).

    5.    Defendant should also be permitted to refer to Plaintiff as a "copyright troll" which is defined as "an owner of a valid copyright who brings an infringement action 'not to be made whole, but rather as a primary or supplemental revenue stream.'" *See Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 189, n.1 (D.Mass. 2012). Defining the term "copyright troll" to the jury, describing the rampant "copyright trolling" in the porn industry, and showing that Plaintiff is a "copyright troll" are material to the defenses in this case, and critical to the jury understanding what this case is truly about. *See Malibu Media, LLC v. Doe*, 2013 WL 525352, *6 (M.D.Fla. February 13, 2013) ("[A] number of courts have expressed concern that plaintiffs in this type of litigation have no interest in actually pursuing their legal claims, but instead are using the court system to obtain the identifying information and coerce settlement from putative defendants in lieu of being named in a lawsuit which alleges the illegal downloading of a pornographic film.").

    WHEREFORE, Defendant, John Doe 16, respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion in Limine Regarding References to Plaintiff, and awarding such other relief deemed just and proper.

                                         Respectfully submitted,

                      BY:    /s/ Ronald A. Smith
                              RONALD A. SMITH, ESQUIRE
                              RonaldASmithEsq@aol.com
                              1617 John F. Kennedy Boulevard, Suite 355
                              Philadelphia, PA 19103
                              (215) 567-1200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through CM/ECF.

        BY:  /s/ Ronald A. Smith
            RONALD A. SMITH, ESQUIRE