IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | NO.: 2:12-CV-02078-MMB |
| | : | |
| JOHN DOE 16, | : | |
|     Defendant. | : | |
| | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE PEER MEDIA EVIDENCE**

Defendant, John Doe 16, by and through the undersigned counsel, hereby responds in opposition to Plaintiff's Motion in Limine to Preclude Peer Media Evidence, stating as follows:

1. Plaintiff's Motion in Limine to Preclude Peer Media Evidence is characteristic of Plaintiff's bad faith prosecution of this case, and further grounds for this Court to sanction Plaintiff by striking its pleadings and entering a default judgment against Plaintiff for abuse of process. The crux of Plaintiff's claim is the allegation that IP Address No. 96.245.250.242 was assigned to the wireless router of Defendant's spouse on 02/14/12, 02/18/12 and 02/19/12, and on those dates at that IP address, Defendant used a BitTorrent to download Plaintiff's works.

2. However, during the deposition of Defendant's spouse on March 11, 2013, Plaintiff's counsel explicitly threatened to use the "Peer Media Evidence" at trial to show Defendant used a BitTorrent at IP Address No. 96.245.250.242 from February through June 2012:

> MR. LIPSCOMB: You are correct to the extent that Malibu Media has alleged that those are – that you infringed its movies those days. We have additional evidence that third-party movies that you are not being sued upon – sued for, were also infringed. **And a third-party vendor is going to come in and testify that it occurred during those days. So that is evidence that the…bit torrent was being used, and that infringement was occurring from February until June**. And so when I say "the applicable period," I want you to understand it's from – from February until June.

*See* Depo. of John Doe 16's Spouse at 64:1-16; *see also Id*. at 54:3-8. ("There's another company that's going to come in and testify called Peer Media. Peer Media ran the investigation for the Recording Industry, Association of America during the mid 2000s.").

3. With the intent of proving Defendant used a BitTorrent at IP Address No. 96.245.250.242 through June 2012, Plaintiff's counsel specifically questioned Defendant and Defendant's spouse as to whether they had seen the titles identified in the "Peer Media Evidence." *See* Depo. of John Doe 16 at 40:11 to 41:5; Depo. of John Doe 16's Spouse at 59:5 to 63:6. Plaintiff's counsel specifically stated:

| | |
|---|---|
| MR. LIPSCOMB: | Every one of these – was downloaded onto her computer. |

****

| | |
|---|---|
| MR. LIPSCOMB: | …Tell me the earliest date on Exhibit-B, please. |
| JOHN DOE SPOUSE: | 2/14. |
| MR. LIPSCOMB: | Valentine's Day 2012. And look on Exhibit-C. And Exhibit-C, your IP address is lighted in blue, and it goes onto the second page. |

****

| | |
|---|---|
| MR. LIPSCOMB: | I want to know the last date. |

****

| | |
|---|---|
| JOHN DOE SPOUSE: | It states 6/21/12. |
| MR. LIPSCOMB: | So the applicable time period where infringements were being recorded, was from Valentine's Day, 2012 to June 21, 2012. |

*Id.* at 60:17-22 and 62:8 to 63:6.

4. After the March 11th depositions, Plaintiff learned that Verizon had assigned IP Address No. 96.245.250.242 to the wireless router of John Doe 16's spouse on 02/14/12,

02/18/12 and 02/19/12 but had reassigned it to a different account on March 29, 2012. **<u>Thus, the "Peer Media Evidence" that Plaintiff introduced in this action, questioned Defendant and Defendant's spouse with at their depositions, claimed to be evidence of Defendant's infringement, and threatened to use at trial actually reflects the use of a BitTorrent at the same IP Address in April, May and June 2012 after that IP Address was no longer assigned to the wireless router of Defendant's spouse</u>**.

5.  This is telltale evidence that a third-party – not Defendant – used the above IP Address from February through June 2012 without permission, *i.e.*, wi-fi hacking, or used a readily available program to make it appear as though the above IP Address was being used during that time, *i.e.* IP spoofing. Instead of admitting that it has no claim against Defendant, Plaintiff seeks to bury undeniable exculpatory evidence that it introduced in this case and threatened to use at trial. Plaintiff does not seek justice from this Court. The Motion in Limine should be denied.

6.  Plaintiff alleges that the Peer Media Evidence should be excluded as inadmissible hearsay. That is false. The Peer Media Evidence is not hearsay because it is an admission by a party opponent:

> The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or…

Rule 801(d)(2). Or the Peer Media Evidence should be admitted as a business record under Rule 806 or under Rule 807 because "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through

3

reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."

7. Plaintiff next alleges that the Peer Media Evidence should be excluded as irrelevant because "evidence tending to prove that Defendant was not assigned the subject IP address on dates <u>other than</u> the dates of infringement here, and that the works of third parties <u>other than</u> Plaintiff were infringed, is the epitome of irrelevant evidence." Plaintiff's representation to this Court is absurd. The Peer Media Evidence is clearly relevant because it reflects someone else continuously using a BitTorrent at the subject IP Address from February through June 2012 (when the IP Address was assigned to the wireless router of Defendant's spouse **and** when it was reassigned to other wireless accounts). The Peer Media Evidence demonstrates a third-party's use of the IP Address or a third-party's use of a program spoofing the IP Address. It proves Plaintiff's allegations are false and is central to this case.

8. Finally, Plaintiff alleges that the Peer Media Evidence should be excluded because its probative value is outweighed by the danger of unfair prejudice and it will distract or confuse the jurors because it "concerns dates and the works of third parties." Contrary to Plaintiff's representation to this Court, the Peer Media Evidence demonstrably proves Plaintiff's allegations to be false. Plaintiff's ongoing efforts to mislead this Court, and now the jury, must stop. The only party to suffer unfair prejudice would be Defendant if the Peer Media Evidence is excluded.

WHEREFORE, Defendant, John Doe 16, respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion in Limine to Preclude Peer Media Evidence, and awarding such other relief deemed just and proper.

                                Respectfully submitted,

BY:    /s/ Ronald A. Smith
           RONALD A. SMITH, ESQUIRE
           RonaldASmithEsq@aol.com
           1617 John F. Kennedy Boulevard, Suite 355
           Philadelphia, PA 19103
           (215) 567-1200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of June, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through CM/ECF.

BY:    /s/ Ronald A. Smith
           RONALD A. SMITH, ESQUIRE