IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,                   : | |
|     Plaintiff,                             : | |
|                                      : | |
|     vs.                                        : | NO.: 2:12-CV-02078-MMB |
|                                      : | |
| JOHN DOE 16,                              : | |
|     Defendant.                          : | |
|                                      : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THIRD PARTY LAWSUITS**

Defendant, John Doe 16, by and through the undersigned counsel, hereby responds in opposition to Plaintiff's Motion in Limine to Preclude Evidence of Third Party Lawsuits, stating as follows:

1.  Plaintiff contends this Court should exclude any evidence of or references to other lawsuits that Plaintiff has filed as inadmissible hearsay. First, Defendant is not going to offer the lawsuits in evidence to prove the truth of the matters asserted therein. Most of the allegations made by Plaintiff in this and other lawsuits are patently false. To the contrary, Defendant is going to offer the lawsuits as evidence of Plaintiff's motive and intent in perpetrating its nationwide scheme including on this Defendant.

2.  Second, Plaintiff cites *Century '21' Shows v. Owens*, 400 F.2d 603, 609-10 (8th Cir. 1968) for the misleading proposition that "[a]llegations in a complaint from another lawsuit 'are clearly hearsay and of no probative value.'" Plaintiff blatantly misrepresents the holding in *Century '21' Shows* because the 8th Circuit was referring to the use of divorce petitions filed by ex-wives not party to a pending lawsuit involving the ex-husband. *Id*. The Court expressly stated:

"Of course, any pleading may be used against the pleader as an admission of the facts stated therein." *Id.*[1]

3.  The correct rule has been stated by many courts: "As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met." *Continental Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971); *accord Kraft, Inc. v. U.S.*, 30 Fed.Cl. 739, 763 (Fed.Cl. 1994) ("Such prior pleadings represent either an exception to the hearsay rule or, alternatively, meet the requirements for admissible hearsay."); *Radiofone, Inc. v. PriCellular Corp.*, 1992 WL 395207, *7 (E.D.La. December 11, 1992) allegations of a third party contained in a pleading are clearly hearsay. The only manner in which such evidence would be admissible would be where it was contained in one of PriCellular's own pleadings filed in another action."); *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 745 (5th Cir. 1988) ("[T]here is a well-established rule that factual allegations in the trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party."); *Antilles Ins., Inc. v. James*, 1994 WL 371405, *5 (D.Virgin Islands July 6, 1994) (affirming the admission of a complaint into evidence, over a hearsay objection, "because it merely demonstrated the existence of the pending lawsuit. The judge also noted that the complaint was an admission by a party-opponent.").

4.  Plaintiff next contends this Court should exclude any evidence of or references to other lawsuits that Plaintiff has filed as irrelevant. Plaintiff is mistaken.  Demonstrating to the jury that Plaintiff is a "copyright troll" is material to the defenses in this case, and critical to the

---

[1] The Plaintiff also misrepresents the application of *T.I. Constr. Co., Inc. v. Kiewit E. Co.*, 1992 WL 382306, *4 (E.D.Pa. December 10, 1992) where the Court excluded two complaints filed by a non-party against other non-party defendants. Here, Defendant will introduce complaints filed by Plaintiff.

jury understanding what this case is truly about. *See Malibu Media, LLC v. Doe*, 2013 WL 525352, *6 (M.D.Fla. February 13, 2013) ("[A] number of courts have expressed concern that plaintiffs in this type of litigation have no interest in actually pursuing their legal claims, but instead are using the court system to obtain the identifying information and coerce settlement from putative defendants in lieu of being named in a lawsuit which alleges the illegal downloading of a pornographic film.").

5. The hundreds of other lawsuits filed by Plaintiff involve the same claims and the same general allegations as part of an elaborate and lucrative scheme solely intended to embarrass, intimidate and coerce scores of innocent defendants into settlement. Numerous courts, including this Court, have questioned and expressed doubt as to the propriety of Plaintiffs' overall conduct in these cases. Such conduct certainly bears upon Defendant's affirmative defenses including misuse of copyright and unclean hands. Plaintiff's conduct in deliberately "seeding" files to BitTorrent clients concerns all of the other lawsuits and the affirmative defenses of implied license and abandonment.

6. Admitting evidence of the hundreds of other lawsuits will not confuse the jury because the subject matter of the other lawsuits is substantially the same and the jury need not delve into the specifics of each case. The information material to this case is simply the sheer volume of lawsuits covering the same subject matter, the number of anonymous defendants, and the intimidation tactics employed by Plaintiff forcing numerous anonymous defendants into settlement. The Court should not allow Plaintiff to file hundreds of lawsuits with numerous defendants joined in each suit and then go to trial against this Defendant in a vacuum. As the Court has noted, bellwether trials are an effective means for resolving common issues or claims,

and the purpose of this trial is to test the viability of Plaintiff's claims, and Plaintiff's sincerity in pursuing them. Defendant will be unfairly prejudiced if this evidence is excluded.

WHEREFORE, Defendant, John Doe 16, respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion in Limine to Preclude Evidence of Third Party Lawsuits, and awarding such other relief deemed just and proper.

Respectfully submitted,

BY:  /s/ Ronald A. Smith
RONALD A. SMITH, ESQUIRE
RonaldASmithEsq@aol.com
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
(215) 567-1200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through CM/ECF.

BY:  /s/ Ronald A. Smith
RONALD A. SMITH, ESQUIRE