IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,         : | |
|     Plaintiff,          : | |
|                             : | |
|    vs.          : | NO.: 2:12-CV-02078-MMB |
|                             : | |
| JOHN DOE 16,          : | |
|     Defendant.          : | |
|                             : | |

**DEFENDANT'S OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING EXPERT TIMING ISSUES AND MOTION IN LIMINE TO EXCLUDE THE FIRST HARD DRIVE**

Defendant, John Doe 16, by and through the undersigned counsel, hereby responds in opposition to Plaintiff's Motion in Limine Regarding Expert Timing Issues and Motion in Limine to Exclude the First Hard Drive (the "Motions"), stating as follows:

1. In response to Plaintiff's factual recitation in the Motions, Defendant hereby adopts and incorporates the Response in Opposition to Plaintiff's Motion for Sanctions (ECF 153) and the statement of facts set forth in the Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF 155).

2. Plaintiff's explanations, excuses, expert opinions and overall timeline concerning the First Hard Drive continue to change as Plaintiff deems it expedient. Plaintiff's effort to make it appear as though the timing issue is somehow excusable or justified should not be countenanced by this Court. The fact remains that Plaintiff's counsel received the First Hard Drive on December 28, 2012 and Plaintiff's expert did not claim the First Hard Drive was "unreadable" until May 2013 when this case was set for trial.

3. Plaintiff's representations to this Court as to when the First Hard Drive was received (December 2012 or January 2013), when the experts were retained (December 2012 or

February 2013), when the experts received the First Hard Drive (March 2013 or April 2013), and how Defendant has allegedly spoiled evidence in this case are neither consistent nor credible. This timeline is certainly relevant because it bears upon Defendant's counterclaim for abuse of process, affirmative defenses of misuse of copyright and unclean hands, and general denial of the truth of Plaintiff's claims. This issue also bears upon the credibility of Plaintiff's expert and the reliability of his opinions. Defendant is certainly entitled to cross-examine Plaintiff's expert as to the evolving timeline concerning the First Hard Drive and his opinions.

4. Plaintiff's effort to exclude the First Hard Drive from the impending trial should also be rejected by this Court. Plaintiff was conveniently unable to read the First Hard Drive at the 11th hour, and then parlayed such inability into obtaining the Second Hard Drive and a motion for sanctions that was based on either willful or grossly negligent representations as to why the desktop computer would not boot up.

5. Now, Plaintiff seeks to complete the circle by excluding the First Hard Drive altogether. As if the inexcusable four-month period of failing to inspect the First Hard Drive and claiming it was "unreadable" at the 11th hour did not occur. This is eerily reminiscent of Plaintiff's use of the Peer Media Evidence to threaten Defendant with additional examples of infringement until Plaintiff realized such evidence actually exonerated Defendant. Solution: disingenuously move to exclude both the Peer Media Evidence and the First Hard Drive. Plaintiff's specific complaint about failing to "write-block" the hard drive is just another example of the expedient positions it has taken in this case.

WHEREFORE, Defendant, John Doe 16, respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion in Limine Regarding Expert Timing Issues, denying

Plaintiff's Motion in Limine to Exclude the First Hard Drive, and awarding such other relief deemed just and proper.

                                Respectfully submitted,

BY:   /s/ Ronald A. Smith
       RONALD A. SMITH, ESQUIRE
       RonaldASmithEsq@aol.com
       1617 John F. Kennedy Boulevard, Suite 355
       Philadelphia, PA 19103
       (215) 567-1200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through CM/ECF.

BY:   /s/ Ronald A. Smith
       RONALD A. SMITH, ESQUIRE